UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term
Grand Jury Sworn in on September 30, 2004

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | : | | |
| | : | Crim. No. | **(RMU)** |
| v. | : | | |
| | : | GJO | |
| JOHN E. BROWNELL, | : | | |
| | : | Charges: | |
| Defendant. | : | | |
| | : | 18 U.S.C. § 371 (Conspiracy) | |
| | : | | |
| | : | 26 U.S.C. § 7201 (Tax Evasion) | |
| | : | | |
| | : | 18 U.S.C. § 2 (Aiding and Abetting and Causing an Act to be Done) | |

**INDICTMENT**

**COUNT ONE**
(Conspiracy)

I.  INTRODUCTION

1.      Defendant JOHN E. BROWNELL was an employee of Douglas Development Corporation ("Douglas Development").  His position was generally described as that of "Chief Financial Officer" or Treasurer.  He had substantial responsibility directing and overseeing the financial matters of Douglas Development.

2.      Conspirator A was owner and President of Douglas Development.  Douglas Development had offices in Bethesda, Maryland and 702 H Street, NW, Washington, D.C.

3.      In or about May of 1996, defendant JOHN E. BROWNELL opened up a "Home Equity Line" at Potomac Valley Bank (PVB) (Brownell's PVB line of credit), with a credit limit

of $60,000.  In or about May of 1996, defendant JOHN E. BROWNELL prepared a check in the

amount of $50,000, payable to Douglas Development, drawn on his PVB line of credit.

4.      Douglas Develoment made payments on Brownell's PVB line of credit of various

amounts on a near-monthly basis in 1996 and 1997, and by mid-1998, Douglas Develoment had

made payments of amounts in excess of $50,000 principal to that account, as well as the

corresponding interest payments.

5.      Defendant JOHN E. BROWNELL failed to file federal income tax returns for

calendar years 1994, 1995, 1996 1997, and 1998 as required by law.

## II.  CONSPIRACY

6.      From in or about June 1998 through April 2005,  in the District of Columbia and

elsewhere, defendant JOHN E. BROWNELL did willfully, unlawfully and knowingly combine,

conspire, confederate and agree together with Conspirator A to commit the offense of Tax

Evasion, that is, to willfully attempt to evade and defeat the payment of a large part of the income

taxes due and owing by defendant JOHN E. BROWNELL to the United States of America for

the calendar years 1998 through 2003, in violation of Title 26, United States Code, Section 7201.

## III.  GOAL OF THE CONSPIRACY

7.      It was a goal of the conspiracy for Conspirator A to enrich, reward and obtain the

loyal services of defendant JOHN E. BROWNELL by: 1) compensating BROWNELL through

various means, such as secret payments to BROWNELL or payments by Douglas Development

to third parties for the benefit of BROWNELL, 2) not reporting said payments to the Internal

Revenue Service (IRS) as income to BROWNELL, and 3) not withholding or paying to the IRS

income taxes from said compensation, and, by so doing, enriching Conspirator A and

BROWNELL.

IV.  MANNERS AND MEANS

To further the objects and goals of the conspiracy, defendant, Conspirator A, and others known and unknown to the grand jury would and did use the following manners and means, among others:

8.     From in or about June 1998 through mid-2004, defendant JOHN E. BROWNELL and Conspirator A caused defendant JOHN E. BROWNELL to receive compensation in a variety of forms not reported to the IRS; said compensation was in some instances falsely recorded on the books of Douglas Development, and, in other instances, not recorded at all on the books of Douglas Development, so as to conceal these payments to BROWNELL and for his benefit as income.  Compensation in this manner included:

A.     From in or about June 1998 through mid-2004,  defendant JOHN E. BROWNELL caused to be prepared and Conspirator A signed checks in excess of over $200,000 in Douglas Development checks payable to PVB for payment on Brownell's PVB line of credit, as follows:

1.     July 1998 through December 1998 - $26,439.43

2.     1999  - $31,360.65

3.     2000 - $13,766.83

4.     2001 - $49,267.73

5.     2002 - $41,974.71

6.     2003 - $26,770.47

7.     January 2004 through July 2004 - $12,166.23

Defendant JOHN E. BROWNELL deposited these checks into his PVB line of credit account and used the funds in that account, to include the proceeds of the Douglas Development checks, for personal purposes;

B.      The above checks were falsely recorded in the books of Douglas Development, typically as "mortgage payable" or a "loan payable" of Douglas Development;

C.      In or about November 1999, Conspirator A caused defendant JOHN E. BROWNELL to receive $10,000 from loan proceeds related to a  loan secured by Conspirator A's properties; this check was written from the settlement attorney's escrow account and was not recorded in the books of Douglas Development or otherwise reported to the IRS as income to defendant BROWNELL;

D.      On dates in 2002, defendant JOHN E. BROWNELL and Conspirator A did cause to be prepared and signed over $17,000 in Douglas Development checks payable to contractors providing services to defendant JOHN E. BROWNELL personally; one of the these checks was falsely recorded in the books of Douglas Develoment as a "loan payable" of Douglas Development to one of the contractors, and the other check was recorded as a "loan receivable," with no other indication that the payment was made on behalf of defendant BROWNELL;

E.      On several dates from 1999 through mid-2004, defendant JOHN E. BROWNELL and Conspirator A did cause to be prepared and signed Douglas Development checks directly payable to JOHN E. BROWNELL apart from standard payroll checks; these checks were not truthfully recorded as income to defendant

-4-

BROWNELL in the books of Douglas Development and these payments to defendant BROWNELL were not reported to the IRS;

F.    On several dates from 1999 through mid-2004, Conspirator A signed checks directly from personal accounts payable to JOHN E. BROWNELL; these checks were used by BROWNELL for personal purposes.

9.    On an annual basis, defendant JOHN E. BROWNELL failed to cause Douglas Development to report to the IRS his true compensation, to include the above items, and on an annual basis, defendant JOHN E. BROWNELL failed to cause Douglas Development to withhold and pay to the IRS income tax due and owing on his entire compensation, including the items set forth in paragraph 8, above.

10.    As of April of 2005, Defendant JOHN E. BROWNELL had failed to file tax returns for 1999, 2000, 2001, 2002 and 2003, each of these returns being due on or before April 15 of the following year.

<u>OVERT ACTS</u>

In furtherance of the above-described conspiracy and to carry out the objectives thereof, in the District of Columbia and elsewhere, defendant JOHN E. BROWNELL and Conspirator A carried out the following acts, among others:

1.    On or about the following dates, defendant JOHN E. BROWNELL did cause to be prepared the following Douglas Development checks in the following amounts,  payable to Potomac Valley Bank:

| Date | Check No. | Amount |
|------|-----------|--------|
| a.    July 9, 1998 | 93013 | $10,416.39 |

| b. | September 22, 1998 | 93991 | $3,897.90 |
| c. | December 29, 1998 | 95754 | $10,392.18 |
| d. | May 7, 1999 | 98391 | $10,391.04 |
| e. | June 10, 1999 | 98946 | $3,846.67 |
| f. | September 7, 1999 | 2995 | $3,794.50 |
| g. | November 5, 1999 | 30325 | $3,590.05 |
| h. | July 11, 2000 | 85125 | $2,471.04 |
| i. | October 16, 2000 | 87046 | $2,434.13 |
| j. | March 7, 2001 | 89990 | $10,000.00 |
| k. | May 31, 2001 | 92024 | $6,938.94 |
| l. | August 1, 2001 | 93501 | $6,788.38 |
| m. | October 18, 2001 | 95225 | $8,500.40 |
| n. | December 19, 2001 | 96486 | $6,961.05 |
| o. | January 24, 2002 | 97171 | $7,861.06 |
| p. | February 22, 2002 | 97766 | $4,848.69 |
| q. | June 7, 2002 | 100201 | $6,981.25 |
| r. | September 13, 2002 | 102309 | $4,933.50 |
| s. | February 28, 2003 | 105980 | $3,698.77 |
| t. | July 3, 2003 | 109634 | $6,250.00 |
| u. | December 15, 2003 | 113461 | $6,338.76 |
| v | May 7, 2004 | 117429 | $4,470.62 |
| w. | June 30, 2004 | 179525 | $4,895.61 |

2(a) through 2(w).  On or about the dates set forth in the table above,

Conspirator A signed the above listed checks set forth in the table that is part of

Paragraph 1.

-6-

3.    On or about the following dates, defendant JOHN E. BROWNELL did cause the following Douglas Development checks to be prepared, payable to JOHN E. BROWNELL:

|  | Date | Check No./ Bank Account | Amount |
|---|---|---|---|
| a. | August 2, 1999 | 2241/Nations Bank | $3,800.00 |
| b. | September 24, 1999 | 2247/Nations Bank | $1,000.00 |
| c. | December 30, 1999 | 40709/Eagle Bank | $20,000.00 |
| d. | February 16, 2000 | 82554/Eagle Bank | $500.00 |
| e. | October 30, 2000 | 1016/Adams Bank | $20,000.00 |
| f. | June 5, 2001 | 92134/Eagle Bank | $800.00 |
| g. | August 20, 2002 | 101768/Eagle Bank | $2,000.00 |

4(a) through 4(g).  On or about the dates set forth in the table above, Conspirator A signed the above listed checks set forth in the table that is part of Paragraph 3.

5.    On or about the following dates, defendant JOHN E. BROWNELL caused to be prepared, and Conspirator A signed, the following checks drawn on the account of Douglas Development Corporation for contractors performing work for JOHN E. BROWNELL:

a.    March 1, 2002, check 97977  to "Construction by Design," for $9,000.00; and

b.    June 1, 2002, check 100535 to "Tex-Mex Construction" for $8,700.

-7-

6.      On or about the following dates, Conspirator A signed the following checks drawn on Conspirator A's personal account payable to defendant JOHN E. BROWNELL:

| | Date | Check No./ Bank Account | Amount |
|---|---|---|---|
| a. | February 22, 1999 | 5036/Nations Bank | $1,500.00 |
| b. | April 22, 1999 | 5169/Nations Bank | $1,000.00 |
| c. | May 17, 1999 | 5205/Nations Bank | $1,900.00 |
| d. | January 3, 2000 | 5531/Bank of America | $2,000.00 |

7.      On or about November 22, 1999, Conspirator A did cause an attorney to issue a check in the amount of $10,000.00 payable to defendant JOHN E. BROWNELL, said check drawn on the attorney's escrow account.

**(Conspiracy, in violation of Title 18,  United States Code, Section 371)**

COUNT TWO
(Tax Evasion 1999)

I.  Introduction

1.      Paragraphs One through Four of Count One of this Indictment are realleged and incorporated in this Count as if set forth in full.

II.  Tax Evasion

2.      During calendar year 1999, defendant JOHN E. BROWNELL had and received gross income in excess of $104,000 and taxable income in the amount in excess of $88,000; upon said taxable income there was owing to the United States of America an income tax of approximately in excess of $20,000, well-knowing and believing the foregoing facts, defendant

-8-

JOHN E. BROWNELL, personally and through Conspirator A, in the District of Columbia and

elsewhere, did willfully attempt to evade and defeat the said income tax due and owing by him to

the United States of America for said calendar year by failing to make an income tax return on or

before April 15, 2000, as required by law, to any proper officer of the Internal Revenue

Service (IRS), and by concealing and attempting to conceal from all proper offices of the United

States his true income by the following acts:

A.     causing the preparation of Douglas Development checks payable to PVB,

used to make payments on Brownell's line of credit account, in excess of

$31,360; said checks were prepared by Douglas Development personnel at

the direction of JOHN E. BROWNELL and signed by Conspirator A;

B.     causing a check in the amount of $10,000 to be prepared in the District of

Columbia by attorneys handling the settlement of a loan related to

properties owned in whole and in part by Conspirator A; said $10,000

check was payable and issued to JOHN E. BROWNELL drawn on the

settlement attorney's escrow account; this $10,000 payment to

BROWNELL was not reported to the IRS;

C.     on or about a date in 2000, causing to be submitted to the IRS a Form W-2

reporting JOHN E. BROWNELL's "wages and earnings" for 1999 as

$54,315.92, that is, solely the amount paid to BROWNELL through

Douglas Development's standard payroll process, when in truth, his wages

and earnings, consisting of his salary and the aforesaid  items of

compensation set forth in Paragraphs A and B above, was in excess of

approximately $104,000;

D.    in or about various dates in 1999, causing Douglas Development to

withhold and pay to the IRS taxes of $2,602.60,  from Defendant JOHN E.

BROWNELL's salary, that is, the amount withheld solely on the

$54,315.92 reported income.

**(Attempt to Evade and Defeat Taxes and Payment Thereof, in violation of Title 26,
United States Code, Section 7201,
and Aiding and Abetting and
Causing an Act to be Done, in violation of
Title 18, United States Code, Section 2) )**

<u>COUNT THREE</u>
(Tax Evasion 2000)

I.  Introduction

1.    Paragraphs One through Four of Count One of this Indictment are realleged and

incorporated in this Count as if set forth in full.

II.  Tax Evasion

2.    During calendar year 2000, defendant JOHN E. BROWNELL had and received a

gross income in excess of approximately $172,000 and taxable income in the amount in excess of

$142,723, upon said taxable income there was owing to the United States of America an income

tax in excess of $39,000; well-knowing and believing the foregoing facts, defendant JOHN E,

BROWNELL, in the District of Columbia and elsewhere, did willfully attempt to evade and

defeat the said income tax due and owing by him to the United States of America for said

calendar year by failing to make an income tax return on or before April 15, 2001, as required by

law, to any proper officer of the Internal Revenue Service (IRS), and by concealing and

attempting to conceal from all proper offices of the United States his true income by the

following acts:

A.     causing the preparation of Douglas Development checks payable to PVB, used to make payments on Brownell's line of credit account, in excess of $13,000; said checks were prepared by Douglas Development personnel at the direction of JOHN E. BROWNELL;

B.     causing said checks to be falsely reported in the books of Douglas Development as "mortgage payable," "loans payable," and interest;

C.     causing the preparation of a Douglas Development check in the amount of $20,000 payable to JOHN E. BROWNELL on or about October 30, 2000 and using the proceeds of this check for personal purposes;

D.     failing to record said $20,000 check in the books of Douglas Development until 2001 and causing said check at that time to be falsely recorded as a "loan receivable;"

E.     on or about a date in 2001, causing to be submitted to the IRS a Form W-2 reporting JOHN E. BROWNELL's "wages and earnings" for 2000 as $152,363.99, that is, solely the amount paid to BROWNELL through Douglas Development's standard payroll process, when in truth, his wages and earnings consisting of the amounts paid through the standard payroll process plus the unreported items of compensation set forth in Paragraphs A and C above, was approximately in excess of $172,000;

F.    in or about various dates in 2000, causing Douglas Development to

withhold and pay to the IRS taxes of $31,979 from Defendant JOHN E.

BROWNELL's salary, that is, the amount withheld solely on the reported

income paid through Douglas Development's payroll system.

**(Attempt to Evade and Defeat Taxes and Payment Thereof, in violation of Title 26,**
**United States Code, Section 7201,**
**and Aiding and Abetting and**
**Causing an Act to be Done, in violation of**
**Title 18, United States Code, Section 2) )**

COUNT FOUR
(Tax Evasion 2001)

I.  Introduction

1.    Paragraphs One through Four of Count One of this Indictment are realleged and

incorporated in this Count as if set forth in full.

II.  Tax Evasion

2.    During calendar year 2001, defendant JOHN E. BROWNELL had and received

gross income in excess of approximately $175,000 and taxable income in an amount in excess of

$122,986.00; upon said taxable income there was owing to the United States of America an

income tax of $32,632; well-knowing and believing the foregoing facts, defendant JOHN E.

BROWNELL, in the District of Columbia and elsewhere, did willfully attempt to evade and

defeat the said income tax due and owing by him to the United States of America for said

calendar year by failing to make an income tax return on or before April 15, 2002, as required by

law, to any proper officer of the IRS, and by concealing and attempting to conceal from all

proper offices of the United States his true income by the following acts:

A.  causing the preparation of Douglas Development checks payable to PVB, used to make payments on Brownell's line of credit account, in excess of $49,000; said checks were prepared by Douglas Development personnel at the direction of JOHN E. BROWNELL;

B.  causing said checks to be falsely reported in the books of Douglas Development as "mortgage payable," "loans payable" and interest;

C.  causing the preparation of a Douglas Development check in the amount of $2,948.83 payable to PVB as payment on a mortgage loan account of JOHN E. BROWNELL;

D.  causing said check to be falsely reported in the books of Douglas Development as a "mortgage payable"and interest;

E.  causing other amounts to be paid by Douglas Development to defendant JOHN E. BROWNELL apart from his payroll checks, and not be accounted for in the W-2 provided by Douglas Development to the IRS;

F.  on or about a date in 2002, causing to be submitted to the IRS a Form W-2 reporting JOHN E. BROWNELL's "wages and earnings" for 2001 as $124,875, that is, solely the amount paid to BROWNELL through Douglas Development's standard payroll process, when in truth, his wages and earnings, consisting of the amounts paid through the standard payroll process plus unreported items of compensation, including those set forth in Paragraphs A and C above, was approximately in excess of $175,000;

G.    in or about various dates in 2001, causing Douglas Development to

withhold and pay to the IRS taxes of $21,312 from Defendant JOHN E.

BROWNELL's salary, that is, the amount withheld solely on the $124,875

reported income.

**(Attempt to Evade and Defeat Taxes and Payment Thereof, in violation of Title 26,
United States Code, Section 7201,
and Aiding and Abetting and
Causing an Act to be Done, in violation of
Title 18, United States Code, Section 2) )**

COUNT FIVE
(Tax Evasion 2002)

I.  Introduction

1.    Paragraphs One through Four of Count One of this Indictment are realleged and

incorporated in this Count as if set forth in full.

II.  Tax Evasion

2.    During calendar year 2002, defendant JOHN E. BROWNELL had and received

gross income in excess of approximately $185,000 and taxable income in an amount in excess of

$137,035.00; upon said taxable income there was owing to the United States of America an

income tax of $36,320; well-knowing and believing the foregoing facts, defendant JOHN E.

BROWNELL, in the District of Columbia and elsewhere, did willfully attempt to evade and

defeat the said income tax due and owing by him to the United States of America for said

calendar year by failing to make an income tax return on or before April 15, 2003, as required by

law, to any proper officer of the Internal Revenue Service (IRS), and by concealing and

attempting to conceal from all proper offices of the United States his true income by the

following acts:

A.    causing the preparation of Douglas Development checks payable to PVB, used to make payments on Brownell's line of credit account, in excess of $41,000; said checks were prepared by Douglas Development personnel at the direction of JOHN E. BROWNELL;

B.    causing said checks to be falsely reported in the books of Douglas Development as "loans payable" and interest;

C.    causing the preparation of Douglas Development checks in the amount of $17,700 payable to contractors performing personal work for JOHN E. BROWNELL;

D.    causing one of the checks described in paragraph C., above, to be falsely recorded in the books of Douglas Development as a "loan payable" of Douglas Development to one of the contractors, and the other check to be falsely recorded as a "loan receivable," with no other indication that the payment was made on behalf of defendant BROWNELL;

E.    causing other amounts to be paid by Douglas Development to defendant JOHN E. BROWNELL apart from his payroll checks, and not be accounted for in the W-2 provided by Douglas Development to the IRS;

F.    on or about a date in 2003, causing to be submitted to the IRS a Form W-2 reporting JOHN E. BROWNELL's "wages and earnings" for 2002 as $124,875, that is, solely the amount paid to BROWNELL through Douglas Development's standard payroll process, when in truth, his wages and

-15-

earnings, consisting of the amounts paid through the standard payroll

process plus unreported items of compensation including those set forth in

Paragraphs A and C above, was approximately in excess of $185,000;

G.     in or about various dates in 2002, causing Douglas Development to

withhold and pay to the IRS taxes of $21,375 from Defendant JOHN E.

BROWNELL's salary, that is, the amount withheld solely on the $124,875

reported income.

**(Attempt to Evade and Defeat Taxes and Payment Thereof, in violation of Title 26,
United States Code, Section 7201,
and Aiding and Abetting and
Causing an Act to be Done, in violation of
Title 18, United States Code, Section 2) )**

COUNT SIX
(Tax Evasion 2003)

I.  Introduction

1.     Paragraphs One through Four of Count One of this Indictment are realleged and

incorporated in this Count as if set forth in full.

II.  Tax Evasion

2.     During calendar year 2003, defendant JOHN E. BROWNELL had and received

gross income in excess of approximately $150,000 and taxable income in the amount in excess of

$124,861; upon said taxable income there was owing to the United States of America an income

tax of $30,095; well-knowing and believing the foregoing facts, defendant JOHN E.

BROWNELL, in the District of Columbia and elsewhere, did willfully attempt to evade and

defeat the said income tax due and owing by him to the United States of America for said

calendar year by failing to make an income tax return on or before April 15, 2004, as required by

law, to any proper officer of the Internal Revenue Service (IRS), and by concealing and

attempting to conceal from all proper offices of the United States his true income by the

following acts:

      A.      causing the preparation of Douglas Development checks payable to PVB, used to make payments on Brownell's line of credit account, in excess of $26,770; said checks were prepared by Douglas Development personnel at the direction of JOHN E. BROWNELL;

      B.      causing said checks to be falsely reported in the books of Douglas Development as "loans payable" and interest;

      C.      on or about a date in 2004, causing to be submitted to the IRS a Form W-2 reporting JOHN E. BROWNELL's "wages and earnings" for 2003 as $124,875, that is, solely the amount paid to BROWNELL through Douglas Develoment's standard payroll process, when in truth, his wages and earnings, consisting of the amounts paid through the standard payroll process plus the unreported compensation set forth in Paragraph A, was approximately in excess of $150,000;

D.    in or about various dates in 2003, causing Douglas Development to

withhold and pay to the IRS taxes of $19,241 from Defendant JOHN E.

BROWNELL's salary, that is, the amount withheld solely on the $124,875

reported income.

**(Attempt to Evade and Defeat Taxes and Payment Thereof, in violation of Title 26,
United States Code, Section 7201,
and Aiding and Abetting and
Causing an Act to be Done, in violation of
Title 18, United States Code, Section 2) )**

A TRUE BILL:


FOREPERSON


ATTORNEY OF THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA