UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) ) ) | |
| v. | ) ) | Crim. No. 06-CR-0077 (RMU) |
| **JOHN E. BROWNELL,** | ) ) ) | |
| Defendant. | ) ) | |

### DEFENDANT BROWNELL'S MOTION TO
### CONSOLIDATE COUNTS WITH TAX COUNTS IN RELATED CASE

Defendant John Brownell, through counsel, respectfully moves this Court to consolidate this case with certain tax-related counts in a pending related case, United States v. Jemal, Criminal Number 05-359 (RMU).[1]  Further, Mr. Brownell joins in Defendant Douglas Jemal's Motion to Sever Counts for Consolidation With Related Case, which, we understand, is being contemporaneously filed in Mr. Jemal's case.  The relief sought is permitted by Federal Rule of Criminal Procedure 13, and would substantially conserve judicial and other resources by permitting a single trial on all tax evasion charges relating to the compensation of Douglas Development Corporation employees by Douglas Jemal.

Mr. Brownell respectfully requests oral argument on this motion.

---

[1] This request is, however, conditional on the Court's deciding to grant the defendant's request in the Jemal case to sever the bribery counts from the criminal tax counts in that case. Should the Court decline to do so, then we do not seek joinder with that case as it is presently constituted.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:


/s/   Barry Coburn
_____
Barry Coburn (D.C. Bar #358020)
Amy Jackson (D.C. Bar #288654)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W., Suite 300
Washington, D.C. 20036-1795
Phone: (202) 464-3300
Fax: (2020 464-3319


**Certificate of Service**

     I hereby certify that on this 1st day of May, 2006, I served a copy of the foregoing motion together with the accompanying memorandum and proposed order on the attorneys and parties who have supplied their EMail address to the Court and by first class mail, postage prepaid together with a copy of the Notice of Electronic Filing on those attorneys and parties who are not set up for electronic notification.


/s/   Barry Coburn
_____
Barry Coburn

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Crim. No. 06-CR-0077 (RMU) |
| | ) | |
| **JOHN E. BROWNELL,** | ) | |
| | ) | |
| Defendant. | ) | |

**POINTS AND AUTHORITIES
SUPPORTING DEFENDANT BROWNELL'S MOTION TO
<u>CONSOLIDATE COUNTS WITH TAX COUNTS IN RELATED CASE</u>**

**I.    INTRODUCTION**

The government plans to have this Court preside over at least two, and very possibly three, criminal tax trials relating to allegations of impropriety in the way Douglas Jemal compensated his key employees. It is the government's intention to try Douglas Jemal, Blake Esherick, and Norman Jemal in September 2006 on charges of tax evasion, which are joined in the same case with allegations of bribery. Then, in February 2007, the government's plan is to try John Brownell on tax charges that are virtually identical in substance to the tax charges in the Jemal case. And then, according to what the government has told us, there may be yet a third criminal case against Douglas Jemal and another key employee, the Douglas Development Corporation Construction Vice President, in which essentially the same tax allegations would be aired for a third time. Were this on its face not sufficient to demonstrate the waste of judicial and other resources inherent in proceeding in this manner, it is evident from the government's notice, submitted pursuant to F.R.E. 404(b) in the initial case against Messrs. Douglas Jemal, Esherick and Norman Jemal, that it *intends to seek to elicit evidence relating to all three of these cases,*

*and all five of these defendants, at each of these trials.* Thus, the government intends to try essentially the same case repeatedly.

We respectfully submit that it makes no prudential, economic, legal or other sense for the Court to proceed in the manner proposed by the government. Instead, the Court should exercise its discretion to order the relief sought herein, which would require the bribery allegations to be tried by themselves, and all of the criminal tax allegations to be tried together in one subsequent trial.

## II.     BACKGROUND

Defendant John Brownell is charged in this case with conspiring with Douglas Jemal, the lead defendant in United States v. Jemal, Criminal Number 05-359 (RMU) ("the Jemal case"), with conspiring to evade income taxes and with engaging in tax evasion. Similarly, in Counts Six through Eight of the Jemal case, the government charges Douglas Jemal with aiding and abetting the evasion of income taxes by Douglas Development Corporation ("DDC") employee and co-defendant Blake Esherick, and charges Esherick with tax evasion. Moreover, just prior to the arraignment of Mr. Brownell, the government informed undersigned counsel that it intended to seek a further indictment of Douglas Jemal, as well as another employee of Douglas Development Corporation, interposing similar allegations of aiding and abetting the evasion of income taxes of this additional DDC employee (the "Construction VP") and substantive tax evasion. More recently, however, the government has indicated that it is not certain how it will proceed with respect to the prospect of a third indictment.

The tax-related conduct alleged in the Brownell indictment and that may be alleged in the indictment of Douglas Jemal and the Construction VP is the same as the conduct described in the

government's Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b), filed in the Jemal case on December 22, 2005 ("the 404(b) Notice").

The <u>Jemal</u> case presently is set for trial on September 8, 2006. Mr. Brownell's trial is set for February 9, 2007.

### III.   ARGUMENT

We respectfully submit that the Court should consolidate the tax evasion counts in the Jemal case with the indictment of Mr. Brownell, and with any forthcoming tax-related indictment of Douglas Jemal and the Construction VP, so as to hold a single trial on all tax evasion charges relating to the compensation of DDC employees by Douglas Jemal.[2] Such a consolidation would avoid the waste of time and resources that otherwise would result from the Court having to hold two or even three separate trials based on the same core set of facts.

### A.   The Court Has Broad Discretion To Sever Counts And Consolidate Related Cases For A Single Trial

Under Rule 14, "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The decision to sever counts is committed to the Court's sound discretion and subject to

---

[2] However, should the Court decline to sever the bribery allegations from the tax evasion allegations in the pending Jemal case, then we do not seek to be joined as a defendant in that case.

review only for an abuse of discretion.  United States v. Applewhite, 72 F.3d 140, 144 (D.C. Cir. 1995) (per curiam).

The Court also has significant discretion to consolidate related cases for a single trial.  Federal Rule of Criminal Procedure 13 provides that "[t]he court may order that separate cases be tried together as though brought in a single indictment or information if all offenses and all defendants could have been joined in a single indictment or information."  As the D.C. Circuit has stated, "Rule 13 permits consolidation of two indictments if the counts could properly be joined in one indictment under Rule 8(b)."  United States v. McDaniel, 538 F.2d 408, 411 (D.C. Cir. 1976).  Under Rule 13, "district courts have wide discretion in determining when separately filed charges are appropriately consolidated into one action."  United States v. Eiland, Crim. No. 03-379 (RCL), 2005 WL 3211808, at *3 (D.D.C. Oct. 26, 2005).  Consolidation is particularly appropriate where it would "prevent duplication of evidence, thereby conserving the resources of the Court."  United States v. Briscoe, 798 F. Supp. 28, 33 (D.D.C. 1992); see also Turner v. United States, 222 F.2d 926, 932 (4th Cir. 1955) (in affirming decision to consolidate, court stated:  "One might also say it would have been an abuse of discretion to require separate trials as to the two defendants since it would have required unnecessary repetition of substantially the same evidence.").

    **B.**    **The Court Should Consolidate All Tax Evasion Counts Involving DDC Employees For A Single Trial**

The Court should exercise its broad discretion to consolidate the tax evasion counts in the Jemal case with the instant indictment of John Brownell, as well as any forthcoming indictment of Douglas Jemal and the Construction VP, in the interest of judicial

economy. All of these tax evasion allegations are predicated upon the contention that Douglas Jemal compensated his employees in ways that were not reported to the IRS, including through certain payments that were recorded as loans on DDC's books, in order to willfully assist his employees in evading income taxes. Absent a consolidation, the Court will be required to conduct two or even three separate trials at which the government will attempt to prove the same operative set of facts as applied to the individual employees at issue. By granting this motion, the Court would prevent the repetition of evidence in separate proceedings, thereby conserving judicial resources. Further, consolidation would simplify evidentiary issues in all of these cases, since the government already has manifested its intention to seek, via F.R.E. 404(b), to introduce evidence in these cases that allegedly demonstrates tax evasion by DDC employees other than those charged in each particular case.

The charges in the tax evasion counts in the <u>Jemal</u> case, and the substantially similar allegations in this case, could have been joined in a single indictment by the government, which could have also included the contemplated tax evasion charges against Douglas Jemal and the Construction VP. The government acknowledged as much in its Rule 404(b) Notice in the <u>Jemal</u> case, in which the government sought to admit evidence of tax evasion by the Construction VP and Mr. Brownell (identified as the "CFO") as relevant to proving Douglas Jemal's intent on the Tax Evasion Counts and establishing a "common scheme or plan." Among others, the government made the following representations about the tax evasion allegations against Messrs. Jemal, Esherick, Brownell and the Construction VP:

- "The tax fraud involving Esherick is part of a broader common scheme or plan executed by Douglas Jemal to reward his critical employees and provide them an incentive to commit dishonest acts on his behalf by compensating them in ways which were not reported to the IRS." 404(b) Notice at 22;

- "Although there were some differences among the tax schemes, common features predominate . . . ." Id.;

- "As an accounting matter, these numerous and various payments to these three men were accounted for in the books of DDC by distributing the DDC checks and payments on their behalves among many different accounts in the company books, including 'loan,' 'loan repayment,' and 'miscellaneous G&A' accounts." Id.;

- "These events all occurred in the same time period . . . ." Id. at 23;

- "[T]he scope of the tax evasion activities in which Douglas Jemal participated, and the fact that these activities encompassed several employees and persisted over several years, demonstrates that Douglas Jemal's charged conduct vis-à-vis Esherick was simply part of a broader 'common scheme or plan' and reflects his modus operandi." Id.

The presentation of all of the evidence relating to the tax evasion allegations at a single trial would obviate the need for the relevant witnesses to testify in two or three separate proceedings. As one court has stated in granting a defendant's request to consolidate related indictments for a single trial, "[t]o require substantially the same evidence to be presented twice in lengthy trials is contrary to important public goals." United States v. Gilmore, 284 F. Supp. 2d 393, 395 (W.D. Va. 2003); see also United States v. Richards, 94 F. Supp. 2d 304, 310 (E.D.N.Y. 2000) ("considerations of efficiency and judicial economy weigh heavily in favor of joinder" to consolidate two cases where "much of the evidence will come from the same sources."). Here, the government has stated that "the evidence related to the CFO [Brownell] and the Construction VP will be presented nearly entirely by the same witnesses who would testify [against Jemal and Esherick] in this case." 404(b) Notice at 26. In the interest of judicial economy, the Court should consolidate these proceedings to permit this evidence to be presented in a comprehensive fashion in a single trial.

- 7 -

The government would suffer no prejudice if the Court grants this motion. In fact, granting it would conserve the government's resources as well as those of the Court.

For the foregoing reasons, we respectfully submit that the instant motion should be granted.

>Respectfully submitted,

>JOHN E. BROWNELL

>By Counsel:


>/s/   Barry Coburn
>_____
>Barry Coburn (D.C. Bar #358020)
>Amy Jackson (D.C. Bar #288654)
>TROUT CACHERIS, PLLC
>1350 Connecticut Avenue, N.W., Suite 300
>Washington, D.C. 20036-1795
>Phone: (202) 464-3300
>Fax: (2020 464-3319