UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                               )
UNITED STATES                  )
                               )
     v.                        )   Crim. No. 06-CR-0077 (RMU)
                               )
JOHN E. BROWNELL,              )
                               )
          Defendant.           )
_____)
```

**DEFENDANT BROWNELL'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY ON ULTIMATE ISSUE OF STATUS OF PAYMENTS AS LOANS**

Defendant John E. Brownell, through counsel, respectfully moves this Court *in limine*, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and Rule 704(b) of the Federal Rules of Evidence, to preclude the government from offering expert testimony expressing an opinion on the question of whether any of the payments to or on behalf of Brownell at issue in this case are properly classified as loans, and on the question of Brownell's intent with respect to those payments. The grounds for this motion, as set forth more fully in the accompanying memorandum of points and authorities, are that whether a payment is a loan turns on the defendant's intent, an ultimate issue on which Fed.R.Ev. 704(b) prohibits expert testimony in a criminal case.

Defendant Brownell respectfully requests oral argument on this motion at the motions hearing scheduled in this matter for January 4, 2007. A proposed Order is attached.

    Respectfully submitted,

    JOHN E. BROWNELL
    By Counsel:


    __/s/ Barry Coburn_____
    Barry Coburn (D.C. Bar #358020)
    Gloria B. Solomon (D.C. Bar # 358880)
    Jeffrey C. Coffman (D.C. Bar #493826)
    TROUT CACHERIS, PLLC
    1350 Connecticut Avenue, N.W.
    Suite 300
    Washington, D.C.  20036
    Phone: (202)464-3300
    Fax: (202) 464-3319


**CERTIFICATE OF SERVICE**

I hereby certify that on this 6th day of November, 2006, I served a copy of the foregoing motion, together with the accompanying memorandum and proposed order, by ECF.


    __/s/ Barry Coburn_____

2

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|                      |   |                           |
|----------------------|---|---------------------------|
| UNITED STATES        | ) |                           |
|                      | ) |                           |
|    v.                | ) | Crim. No. 06-CR-0077 (RMU)|
|                      | ) |                           |
| JOHN E. BROWNELL,    | ) |                           |
|                      | ) |                           |
|        Defendant.    | ) |                           |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT BROWNELL'S MOTION *IN LIMINE* TO PRECLUDE EXPERT TESTIMONY ON ULTIMATE ISSUE OF STATUS OF PAYMENTS AS LOANS**

Defendant John E. Brownell, through counsel, respectfully submits this memorandum in support of his motion *in limine* to preclude the government from offering expert opinion testimony on the ultimate issue of whether the payments made to or on behalf of to Brownell, on which the charges in this case are based, are loans.

## FACTUAL BACKGROUND

John Brownell is the chief financial officer of Douglas Development Corp., a real estate development firm. In this case, he is charged with tax evasion and conspiracy to commit tax evasion. The government bases its tax evasion claims on certain payments made to or on behalf of Brownell by Douglas Development Corporation that Brownell did not report as taxable income. Brownell intends to defend against these claims on the grounds,

among others, that the payments at issue were loans to him from Douglas Development Corp. and, therefore, did not constitute taxable income.

Brownell expects that the government will seek at trial to introduce expert testimony, from an Internal Revenue Service agent or other expert, on the issue of whether the payments were loans. Brownell brings this motion to preclude such testimony.

**ARGUMENT**

**Rule 704(b) Prohibits Expert Testimony on the Ultimate Issue of Whether a Payment is a Loan.**

The issue raised by this motion is governed by Rule 704(b) of the Federal Rules of Evidence, which provides as follows:

> No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

Fed.R.Ev. 704(b).

As the D.C. Circuit has stated, "Rule 704(b) applies in fact to all instances in which expert testimony is offered as to a mental state or condition constituting an element of the crime charged or defense thereto." *United States v. Boyd*, 55 F.3d 667, 671 (D.C. Cir. 1995). The rule prohibits the government from eliciting expert testimony about the intent of the defendant. 55 F.3d at 672. It serves the important purpose of ensuring that

the jury decides the ultimate issues of fact without undue influence from a purported expert. *Id.* Demonstrating the importance of the protections offered by Rule 704(b), the court in *Boyd* reversed a conviction for possession with intent to distribute because the prosecution had improperly asked its expert witness for an opinion as to whether the facts of the case, presented as a "hypothetical," were consistent with an intent to distribute. 55 F.3d at 672.

Here, the question of whether the payments to Brownell were loans is central to his defense. The law is clear that the test for the existence of a loan turns on intent:

> [T]he sina qua non of a bona fide non-reportable loan is the taxpayer's own intention to repay.

*United States v. Pomponio*, 563 F.2d 659, 662 (4th Cir. 1977). *See also Estate of Taschler v. United States*, 440 F.2d 72, 75 (3d Cir. 1971); *Livernois Trust v. Commissioner of Internal Revenue*, 433 F.3d 879, 882 (6th Cir. 1970); *Commissioner of Internal Revenue v. Maransky*, 321 F.2d 598, 600 (3d Cir. 1963).

Because the question of whether a payment is a loan turns on the defendant's intent, it is an issue that must be determined by the jury. *See Pomponio*, 563 F.2d at 662 ("[t]he nature of [the taxpayer's] intent was a question of fact for the jury's resolution"). Therefore, this issue falls squarely within Rule 704(b) and *Boyd*. The government may not elicit expert

3

testimony as to whether Brownell had the intent to repay the payments he received, nor, because the issue turns on intent, may the government elicit expert testimony on the issue of whether those payments were loans. "Such ultimate issues are matters for the trier of fact alone." Fed.R.Ev. 704(b).

## CONCLUSION

For the reasons set forth above, Defendant Brownell respectfully submits that his motion should be granted, and that the government should be precluded from offering expert testimony on the issue of Brownell's intent to repay any payments he received and on the issue of whether those payments were loans.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:

\_\_/s/ Barry Coburn_____
Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar #358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036
Phone: (202)464-3300
Fax: (202) 464-3319

4