UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**UNITED STATES**                   )
                                    )
    v.                             )     Crim. No. 06-CR-0077 (RMU)
                                    )
**JOHN E. BROWNELL,**               )
                                    )
    **Defendant.**                 )
_____)


**DEFENDANT BROWNELL'S MOTION TO STRIKE SURPLUSAGE**

Pursuant to Federal Rule of Criminal Procedure 7(d), Defendant John E. Brownell, through counsel, respectfully moves this Court to strike as prejudicial surplusage the following terms in Count I of the Indictment:

1. "and others known and unknown to the grand jury" (Page 3, Manners and Means);

2. "among others" (Page 3, Manners and Means);

3. "included" (Page 3 (¶ 8));

4. "among others" (Page 5, Overt Acts).

Defendant Brownell respectfully requests oral argument on this motion at the motions hearing scheduled in this matter for January 4, 2007. A proposed Order is attached.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:


__/s/ Barry Coburn_____
Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar # 358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036
Phone: (202)464-3300
Fax: (202) 464-3319



**CERTIFICATE OF SERVICE**

    I hereby certify that on this 6th day of November, 2006, I served a copy of the foregoing motion, together with the accompanying memorandum and proposed order, by ECF.


__/s/ Barry Coburn_____

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | Crim. No. 06-CR-0077 (RMU) |
| | ) | |
| **JOHN E. BROWNELL,** | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT BROWNELL'S MOTION TO STRIKE SURPLUSAGE**

Defendant John E. Brownell, through counsel, respectfully submits this memorandum in support of his Motion to Strike Surplusage.  Mr. Brownell respectfully requests that this Court, pursuant to Federal Rule of Criminal Procedure 7(d), strike terms suggesting uncharged misconduct from the Indictment, because these terms are prejudicial surplusage.

**INTRODUCTION**

On March 22, 2006, Mr. Brownell was indicted by a federal grand jury in the District of Columbia.  The Indictment charges Mr. Brownell with one count of conspiracy to commit tax evasion, in violation of 18 U.S.C. § 371, five counts of tax evasion (one count for each of the years 1999 through 2003), in violation of 26 U.S.C. § 7201, and aiding and abetting/causing an act to be done, in violation of 18 U.S.C. § 2.

**ARGUMENT**

I.  **The Court Has Broad Discretion to Strike Surplusage**

Federal Rule of Criminal Procedure 7(d) provides that "[t]he court on motion of the defendant may strike surplusage from the indictment." The Rule is "a means of protecting the defendant against immaterial or irrelevant allegations in an indictment or information, which may, however, be prejudicial." Fed. R. Crim. P. 7 advisory committee's note to subdivision (d). A court has "wide discretion" to strike surplusage that is prejudicial and inflammatory, irrelevant or immaterial to the charges in the indictment. *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989); *see also United States v. Espy*, 989 F. Supp. 17, 35 (D.D.C. 1997)("Fed. R. Crim. P. 7 (d) provides the court with wide discretion to strike terms of language that are immaterial or irrelevant to the indictment at issue."), *aff'd in part and rev'd in part on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998).

The terms that Mr. Brownell moves to strike are irrelevant to the substantive counts charged in the indictment, and serve only to prejudice Mr. Brownell by inflaming the jury's sympathies and creating an illusion that he is charged with violations beyond those expressly articulated in the Indictment. Accordingly, this Court should exercise its discretion under Rule 7(d) to strike the offending terms from the Indictment.

2

## II.  The Terms Suggest Uncharged Misconduct

Terms that "could improperly indicate to a jury that the defendant[] [was] charged with offenses and conduct in addition to those actually listed in the indictment" should be stricken from an indictment as irrelevant and prejudicial. *Poindexter*, 725 F. Supp. at 35.  On several occasions, courts in this District have struck from indictments words indicative of additional uncharged misconduct, such as "'among other things,' 'among others,' 'among,' 'at least,' 'including,' 'included but not limited to,' 'in part,' and 'various.'"  *Id.; see also United States v. Whitehorn*, 710 F. Supp. 803, 819 (D.D.C.), *rev'd on other grounds*, 888 F.2d 1406 (D.C. Cir. 1989); *United States v. Hubbard*, 474 F. Supp. 64, 82 (D.D.C. 1979).  Such terms have been stricken as "both prejudicial to [the defendant] and unnecessary to the indictment." *Whitehorn*, 710 F. Supp. at 819.  Indeed, as the Court has held, "striking these terms from the indictment … crystallize[s] the charges and … better inform[s] the jury of the essential substance of the indictment." *Espy*, 989 F. Supp. at 35.

The Indictment alleges that the conspirators carried out certain specified overt acts, "among others" using certain manners and means "among others."  Similarly, the Indictment alleges that Mr. Brownell received compensation in a variety of forms not reported to the IRS and that this compensation

3

"included" certain specified forms.  Indictment at 3 (¶ 8). Indictment at 3 (¶ IV), 5.  The government's use of open-ended allegations gives the misleading and prejudicial impression that Mr. Brownell engaged in uncharged criminal conduct.

Equally prejudicial and irrelevant is the allegation that "others known and unknown to the grand jury" participated in the conspiracy charged in Count One.  Indictment at 3 (¶ IV). This allegation prejudicially insinuates that the Indictment charges a broader scheme against an array of alleged conspirators rather than the more narrow charge against Mr. Brownell.

Mr. Brownell is greatly prejudiced by the suggestion that he engaged in uncharged criminal acts in addition to those explicitly alleged in the substantive counts of the Indictment. Moreover, the use of such terms and phrases deprives Mr. Brownell of the proper notice required in an Indictment and hampers his ability to prepare a defense.  Accordingly, the Court should strike all allegations in the indictment suggesting uncharged conduct.

## **CONCLUSION**

For the reasons set forth above, the Court should strike as surplusage the terms in the Indictment set forth in the attached Motion.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:

__/s/ Barry Coburn_____
Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar #358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036
Phone: (202)464-3300
Fax: (202) 464-3319