**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
UNITED STATES                    )
                                )
        v.                       )        Crim. No. 06-CR-0077 (RMU)
                                )
JOHN E. BROWNELL,                )
                                )
        Defendant.              )
_____)

**DEFENDANT BROWNELL'S MOTION TO SUPPRESS EVIDENCE**
**OBTAINED BY ILLEGAL SEARCHES OF RESIDENCE AND OFFICE**

Pursuant to Rules 12(b)(3)(C) and 41(h) of the Federal Rules of Criminal Procedure, Defendant John E. Brownell, through counsel, respectfully moves this Court to suppress evidence obtained by (1) an illegal search of his residence at 6151 Tuckerman Lane, Rockville, Maryland, and (2) an illegal search of the offices of his employer, Douglas Development Corporation, at 702 H Street, N.W., Washington, D.C. As set forth more fully in the accompanying memorandum of points and authorities, the searches were illegal because, _inter alia_, there was no probable cause for the broad scope of the search warrants and because the search warrants did not describe the items to be seized with particularity, as required by the Fourth Amendment to the Constitution of the United States.

Defendant Brownell respectfully requests oral argument on this motion at the motions hearing scheduled in this matter for January 4, 2007. A proposed Order is attached.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:

___/s/ Barry Coburn_____
Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar #358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036
Phone: (202)464-3300
Fax: (202) 464-3319

### CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of November, 2006, I served a copy of the foregoing motion, together with the accompanying memorandum and proposed order, by ECF.

___/s/ Barry Coburn_____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____ )
                                  )
UNITED STATES                     )
                                  )
        v.                        )    Crim. No. 06-CR-0077 (RMU)
                                  )
JOHN E. BROWNELL,                 )
                                  )
        Defendant.                )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**
**OF DEFENDANT BROWNELL'S MOTION TO SUPPRESS EVIDENCE**
**OBTAINED BY ILLEGAL SEARCHES OF RESIDENCE AND OFFICE**

Defendant John E. Brownell, through counsel, respectfully submits this memorandum in support of his motion to suppress evidence obtained by illegal searches of his residence and the offices of his employer, Douglas Development Corporation ("Douglas Development Corp.").

**INTRODUCTION**

John Brownell is the chief financial officer of Douglas Development Corp., a real estate development firm. On February 23, 2005, federal agents searched both Brownell's house in Maryland and the offices of Douglas Development Corp. in Washington, D.C. Warrants for these searches were issued pursuant to affidavits alleging that certain payments made by Douglas Development Corp. to Brownell's credit line at Potomac Valley Bank were unreported taxable income and, therefore,

constituted evidence of tax evasion in violation of 26 U.S.C. § 7201.

Defendant Brownell brings this motion to suppress because, as will be demonstrated below, the allegations in the supporting affidavits fall far short of establishing probable cause, thereby invalidating the searches. Moreover, even if the affidavits established sufficient probable cause for issuance of the warrants, which defendant disputes, they do not establish probable cause for the broad command provisions of the warrants, which authorized the seizure from Mr. Brownell's home of every document related in any way to his finances, assets or spending habits, and the seizure from Douglas Development Corp. of every document dealing with Mr. Brownell's financial affairs, regardless of whether they related to his employer or not. Further, the warrants failed to describe the items to be seized with particularity, as required by the Fourth Amendment.

For these reasons and the additional reasons set forth below, Defendant Brownell respectfully submits that the evidence obtained pursuant to these searches must be suppressed.

## FACTUAL BACKGROUND

### A.    Search of Mr. Brownell's Home

The warrant for the search of Mr. Brownell's residence at 6151 Tuckerman Lane, Rockville, Maryland was issued pursuant to an application and affidavit from FBI Special Agent Andrew

Sekela (copy attached as Exhibit 1). The affidavit asserts that there was probable cause to believe that evidence of conspiracy to commit wire fraud and tax evasion, in violation of 18 U.S.C. § 371, and evidence of tax evasion, in violation of 26 U.S.C. § 7201, would be found at Mr. Brownell's home.

With respect to tax evasion, the affidavit focuses on allegations that Mr. Brownell received substantial income from Douglas Development Corp. that was not reported for tax purposes (¶ 11). The affidavit states that Mr. Brownell had a credit line account at Potomac Valley Bank ("PVB") (¶ 12). It alleges that on a number of occasions, a Douglas Development Corp. check was written to PVB as a payment on Brownell's credit line, following which Brownell would make a draw on his credit line for the same amount (¶¶ 13-14). The affidavit notes that the Douglas Development checks were recorded in the company's books in an account for "loan repayments" (¶ 17), and further that Brownell had made two loans to Douglas Development Corp. (¶ 18).

Based solely on these allegations, the affidavit concludes that all of the payments to PVB could not have been loan repayments and, therefore, must have constituted unreported income. Three purported justifications for this conclusion are offered: (1) in addition to payments to PVB, checks were written from the Douglas Development Corp. "loan repayment" account to pay certain of Brownell's personal expenses (¶ 20); (2) payments

from Douglas Development Corp. to PVB exceeded the balance of Brownell's credit line account (¶ 21); and (3) two Douglas Development Corp. checks written to Brownell in 1999 and 2000 were recorded in the corporate general ledger as loans *to* Brownell (¶ 22).

In addition to the allegations relating to alleged tax evasion, the affidavit further describes Brownell's duties at Douglas Development Corp. and his alleged involvement in a transaction involving a payment to MTD Real Estate Services (¶ 25-39).

Based on this affidavit, on February 18, 2005, Magistrate Judge Day of the United States District Court for the District of Maryland (at Greenbelt) issued a warrant for the search of Mr. Brownell's home (copy attached as Exhibit 2). The warrant permitted the seizure of every record Brownell had relating in any way to his finances, spending, or assets, describing the items to be seized as follows:

> 1) **All records and documents relating to all financial affairs of John "Jack" E. Brownell, including all financial statements, canceled checks, receipts for purchases of goods and services**, copies of money orders and money order stubs, correspondence with banks and financial institutions, credit card and other purchase records, loan applications, notes, memoranda and correspondence relating to financial matters, ledgers and check registers, personal financial statements, retained copies of tax returns, accounting work papers, correspondence to and from the Internal Revenue Service, contracts, **and all other documents related to the receipts and expenditures of**

> **monies, the accumulation and disposition of assets, and the disposition of other assets by John Brownell from 1996 to the present.**
>
> 2) All records and documents related to Douglas Jemal, Norman Jemal, and Douglas Development and its agents and officers.

Exhibit 2, at 3 (emphasis added).

The warrant permitted the agents to photograph the premises and record serial numbers and identifying information from any items. Ex. 2, at 3. In addition, it provided that "If the above said documents and records are found in a file/folder with other documents, the entire folder may be seized." *Id.* The warrant further allowed the seizure of any computer hardware, software or documentation found on the premises. The warrant did not contain any reference to criminal offenses or specifically identify any criminal statutes. Moreover, it neither incorporated the affidavit by reference nor indicated that the affidavit was attached.

On February 23, 2005, federal agents executed a search of Defendant Brownell's home. The agents seized numerous documents, including bank records, bills, and other financial records. No computer-related items were seized from Mr. Brownell's residence.

**B.    Search of Douglas Development Corp. Offices**

The warrant for the office search was also supported by an application and affidavit from Special Agent Sekela (copy

5

attached as Exhibit 3). Much of the material in this affidavit is irrelevant to Defendant Brownell. The allegations that do relate to Brownell are virtually identical to those set forth in the affidavit submitted in support of the search warrant directed at Brownell's home.

Based on the affidavit of Agent Sekela, on February 22, 2005, Magistrate Judge Kay of this court issued a warrant for the search of Douglas Development Corp.'s offices (copy attached as Exhibit 4). With respect to Mr. Brownell, this warrant authorized the seizure of all documents dealing in any way with his financial affairs, whether or not they were related to Douglas Development:

> All documents and records related to all financial affairs of John E. Brownell, including but not limited to all records relating to his financial relationship with Douglas Development . . . .

Ex. 4, Attachment B, ¶ 3.

The office search warrant contained the same provisions relating to seizures of entire folders and computer equipment that appeared in the home search warrant, and similarly failed to incorporate the affidavit or make any reference to specific criminal offenses or statutes.

The search of Douglas Development Corp.'s offices was also carried out on February 23, 2005. Agents seized documents, records and files from Mr. Brownell's personal office and from

elsewhere in Douglas Development Corp.'s offices. They also seized or imaged the hard drives from numerous computers, including the computer in Mr. Brownell's personal office and the Douglas Development Corp. server.

### C.    **The Indictment**

On March 22, 2006, Mr. Brownell was indicted by a federal grand jury in the District of Columbia. The indictment charges Mr. Brownell with one count of conspiracy to commit tax evasion in violation of 18 U.S.C. § 371, and five counts of tax evasion – one count for each of the years 1999 through 2003 – in violation of 26 U.S.C. § 7201. The tax evasion counts also charge Mr. Brownell with aiding and abetting and causing an act to be done in violation of 18 U.S.C. §2.

### ARGUMENT

### I.    **The Warrants Are Not Supported by Probable Cause.**

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation . . . ." Thus, "[a] search by Government agents is presumptively unreasonable under the Fourth Amendment unless conducted pursuant to a warrant issued by a judicial officer upon a finding of probable cause." *United States v. Warren*, 42 F.3d 647, 652 (D.C. Cir. 1994)(citing *Katz v. United States*, 389 U.S. 347, 357 (1967)). "To demonstrate probable cause, an affidavit must set forth facts sufficient to induce a reasonable prudent

person to believe that a search thereof will uncover evidence of a crime." *United States v. Huggins*, 733 F. Supp. 445, 447 (D.D.C. 1990).

The probable cause analysis is a "practical, commonsense" inquiry based on the totality of the circumstances contained in the affidavit. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983). A search, however, may not be based on a hunch or unparticularized suspicion. *Brinegar v. United States*, 338 U.S. 160, 175 (1949). Indeed, "common rumor or report, suspicion, conclusory allegations or even strong reasons to suspect" have failed to satisfy the Fourth Amendment's probable cause standard. *See Henry v. United States,* 361 U.S. 98, 101 (1959); *Gates*, 462 U.S. at 238. A reviewing court must examine the affidavit submitted with the warrant application to determine whether the magistrate had a substantial factual basis for issuing the warrant. *See United States v. Warren*, 42 F.3d 647, 652 (D.C. Cir. 1994).

In this case, the affidavits submitted in support of the warrants for the searches of Mr. Brownell's home and the offices of Douglas Development Corp. fail to satisfy the Fourth

Amendment's probable cause requirement.[1] They simply do not set forth sufficient facts to cause a reasonable prudent person to believe that a search of Mr. Brownell's home or office would produce evidence of tax evasion.

The facts set forth in the affidavits merely show that Douglas Development Corp. made payments to Brownell's line of credit account at PVB, and that these payments exceeded the amount of loans previously made by Brownell to Douglas Development Corp. The affidavits then leap to the conclusion that these payments constitute unreported taxable income, and that "Douglas Development and Brownell have used the existence of loans as a pretext to conceal and obscure the payment of funds to Brownell well in excess of any loans he may have made" (Exhibit 1, ¶ 23; Exhibit 3, ¶ 61).

But the allegations in the affidavits belie their own conclusions. Far from being concealed and obscure, the payments on which the affidavits rely are, as detailed in the affidavits, fully documented in the records of Douglas Development Corp. and PVB. Moreover, the affidavits do not establish that the payments to PVB, even if not loan repayments, were taxable income, rather

_____

[1]    Mr. Brownell is entitled to challenge the search of his personal office at Douglas Development Corp. and all locations in the corporate offices as to which he had a legitimate expectation of privacy. *See Mancusi v. DeForte*, 392 U.S. 364, 369 (1968); *United States v. Hubbard*, 493 F. Supp. 209, 213 (D.D.C. 1979).

than some other form of non-taxable payment. Indeed, the affidavits expressly acknowledge that some of the payments were loans *to* Brownell (Exhibit 1, ¶ 22; Exhibit 3, ¶ 56), which plainly would not constitute taxable income.

To show tax evasion in violation of 26 U.S.C. § 7201, the government must demonstrate "willfulness; the existence of a tax deficiency.. . .; and an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351 (1965) (citations omitted). The conclusory allegations in the affidavits do not provide probable cause to believe that these elements can be established or that any tax evasion occurred. In the absence of such probable cause, the warrants and the searches of both Mr. Brownell's home and his office were invalid.

## II.  **The Information in the Affidavits Was Stale.**

An affidavit cannot establish probable cause to believe a search will produce evidence of a crime if the information in the affidavit relates only to events that occurred well in the past — that is, if the information is stale. "While there is no bright line for staleness, the facts in an affidavit supporting a search warrant must be sufficiently close in time to the issuance of the warrant and the subsequent search so that probable cause can be said to exist at the time of the search and not simply as of some time in the past." *United States v.*

*Wagner*, 989 F.2d 69, 75 (2d Cir. 1993); *see also Schoeneman v. United States*, 317 F.2d 173, 177 (D.C. Cir. 1963). "If the information is too old, it is considered stale and probably no longer exists." *United States v. Huggins*, 733 F. Supp. 445, 447 (D.D.C. 1990) (citation omitted).

In this case, the alleged criminal activity described in the affidavits occurred from 1999 through 2003. The government, however, waited until February 2005 to seek the search warrants at issue here, more than a year after the last allegedly wrongful act identified in the affidavits. By this point, any probable cause that had arguably existed in the past could no longer be relied on, thereby invalidating the searches.

## III. The Warrants Are Facially Overbroad Because Their Command Sections Exceed Any Probable Cause Contained in the Underlying Affidavits.

"The Fourth Amendment requires . . . that the scope of the warrant be limited to the specific areas and things for which there is probable cause to search." *United States v. Leary*, 846 F.2d 592, 605 (10th Cir. 1988). By restricting searches "to the specific areas and things for which there is probable cause to search, the requirement ensures that the search will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit." *Maryland v. Garrison*, 480 U.S. 79, 84 (1987). The warrant must "be limited to the probable

cause on which the warrant is based." *United States v. Maali*, 346 F. Supp.2d 1226, 1239 (M.D. Fla. 2004)(citations omitted). "[T]he command to search can never include more than is covered by the showing of probable cause to search." *United States v. Whitney*, 633 F.2d 902, 907 (9th Cir. 1980)(citation omitted).

Thus, even if an affidavit establishes probable cause justifying the issuance of a search warrant, the command sections of that warrant can never, as a matter of law, exceed the probable cause identified in the affidavit.

Here, however, the affidavits focus on allegations of tax evasion by Mr. Brownell arising out of payments by Douglas Development Corp. to Brownell's line of credit at PVB which Brownell did not report as income. Even if the affidavits established probable cause with regard to this tax evasion scheme, the scope of the items that may be seized pursuant to the search warrants is far broader, encompassing every document relating to Mr. Brownell's finances, spending and assets, regardless of whether they relate to Douglas Development Corp., PVB, or any alleged underreporting of income. Thus, the command provisions in the warrants at issue here permitted the government to conduct a fishing expedition through all records relating to Mr. Brownell's financial dealings with anyone, and to seize evidence relating to every penny he spent and any asset he bought or sold. This goes far beyond the alleged tax evasion

scheme described in the affidavits, and is utterly without justification.[2]

Moreover, the provisions in the warrants allowing the seizure of entire folders or files if they contained one responsive document, and the seizure of all computer hardware, software and documentation, also exceed any probable cause established by the affidavits. They essentially allowed the government to rummage through Mr. Brownell's affairs and seize any documents it wanted. Indeed, these two facially-overbroad provisions are particularly problematic in combination with the broad scope of the office search warrant, because they allowed the agents to review and seize a variety of attorney-client privileged materials. Privileged material implicating the attorney-client relationship between Mr. Brownell and his then-counsel, as well as Douglas Development Corp. and its counsel, was reviewed and seized during the search of Douglas Development's offices. Privileged material was also contained in the computer hard drives imaged by the agents. In addition, privileged materials were reviewed on Mr. Brownell's desk during

---

[2]    The allegations relating to Brownell's duties at Douglas Development Corp. and the MTD transaction similarly fail to provide probable cause for a search of all of Mr. Brownell's records relating to his finances, spending, and assets. If anything, they would only justify a search for financial records relating to Douglas Development Corp. or MTD.

the execution of the search warrant, although it was left behind by the agents.

While the seized privileged materials were returned by the government, it is clear that the warrant did not constrain the agents from reviewing and taking such materials, nor did the affidavit set forth a procedure for handling potentially privileged documents or files. Because the government knew that its search would encompass privileged materials, its conduct can only be described as an intentional invasion of the privilege. The appropriate remedy for such conduct, as well as for the excessive scope of the command provision of the warrants, is suppression of all materials seized during the search.

**IV.  The Warrants Are Facially Overbroad Because They Do Not Satisfy the Fourth Amendment's Particularity Requirement.**

The Fourth Amendment provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation, and *particularly describing the place to be searched, and the persons or things to be seized*" (emphasis added). The particularity requirement is intended to prevent the issuance of general warrants allowing officials to engage in wide-ranging exploratory searches. *See Maryland v. Garrison*, 480 U.S. 79, 84 (1987). In addition, as the Supreme Court has recently stated, the particularity requirement also "assures the individual whose property is searched or seized of the lawful

authority of the executing officer, his need to search, and the limits of his power to search." *Groh v. Ramirez*, 540 U.S. 551, 561 (2004) (citations omitted).

"The uniformly applied rule is that a search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional." *Groh v. Ramirez*, 540 U.S. at 559 (citations omitted). *See also United States v. Fuccillo*, 808 F.2d 173, 176 (1st Cir. 1987) ("warrants are conclusively invalidated by their substantial failure to specify as nearly as possible the distinguishing characteristics of the goods to be seized").

A sufficiently particular warrant "allows the searcher to reasonably ascertain and identify the things authorized to be seized," leaving "nothing to the officer's discretion as to what is to be seized, so that the officer is prevented from generally rummaging through a person's belongings." *United States v. Guidry*, 199 F.3d 1150, 1154 (10th Cir. 1999)(citation omitted). An insufficiently specific warrant is not saved by specificity in the warrant application or supporting affidavit: "The Fourth Amendment by its terms requires particularity in the warrant, not in the supporting documents." *Groh v. Ramirez*, 540 U.S. at 557.

Somewhat more general warrants are acceptable "when applicants for warrants can either show probable cause to

believe that more detailed descriptions are not possible, or by showing probable cause to believe that the entire business is permeated with fraud." *United States v. Singh*, 973 F. Supp. 7, 12 (D.D.C. 1997). If the government claims that this relaxation of the particularity requirement is applicable, the claim must be supported by evidence. Thus, in *Singh*, the court held that the warrant was invalid because the officer's affidavit did not allege that the company was permeated with fraud or that he was unable to describe the papers to be seized more particularly, and did not provide sufficient information to permit the magistrate judge to assess these factors on his own. 973 F. Supp. at 12.[3]

Moreover, this relaxation of the particularity requirement is generally applicable only to businesses:

> [I]t would require extraordinary proof to demonstrate that an individual's entire life is consumed by fraud and that all records found in the home were subject to seizure. Without such unusual proof, the broad categories of items that may be seized pursuant to an 'all records' search of a home must be sufficiently linked to the alleged criminal activity so as to distinguish them from innocent, personal materials.

*United States v. Falon*, 959 F.2d 1143, 1148 (1st Cir. 1992).

---

[3]    Although the court in *Singh* found the warrant invalid, it denied the motion to suppress under the good faith exception created by *United States v. Leon*, 468 U.S. 897, 920 (1984). As will be demonstrated below, this exception is not applicable in this case.

Neither warrant at issue here satisfies the Fourth Amendment's particularity requirement. The warrant for Mr. Brownell's home permitted the seizure of "all records and documents relating to all financial affairs" of Mr. Brownell, including a long list of general categories of documents, "and all other documents related to the receipts and expenditures of monies, the accumulation and disposition of assets, and the disposition of other assets by John Brownell from 1996 to the present" (Ex. 2, at ¶ 3). Although it is limited as to time, this broad description covers not only records potentially related to tax evasion, but also includes documents relating to every penny spent by Mr. Brownell, and every gift he ever gave to or received from a family member. The warrant's failure to refer to any criminal offenses or criminal statutes further compounds its lack of particularity. The broad and non-specific language of the warrant gave wide latitude to the agents to rummage through Mr. Brownell's documents and possessions, and to exercise their own discretion as to what to seize.

The office warrant permits the seizure of "all documents and records relating to all financial affairs of John E. Brownell, including but not limited to all records relating to his financial relationship with Douglas Development" (Ex. 4). This broad description is not even limited by a time frame, nor is it limited by reference to specific criminal offenses or

17

statutes. Like the language in the home search warrant, it gives the agents discretion and latitude as to what documents are to be seized.

Warrants similar to those at issue here have been held invalid. For example, *United States v. Dale*, 991 F.2d 819 (D.C. Cir. 1993), involved a prosecution for tax fraud and conspiracy to commit tax fraud. The court held that the warrant was not sufficiently specific because it identified the items to be seized as "including, but not limited to," certain specified records, and therefore was open-ended. *See* 991 F.2d at 846.[4]

In *United States v. Cardwell*, 680 F.2d 75 (9th Cir. 1982), a tax fraud case against several individuals, the warrant authorized the seizure of "corporate books and records, including but not limited to cancelled and duplicate checks, check stubs, journals, ledgers, weekly summaries, driver trip envelopes, and daily schedules . . . ." 680 F.2d at 76. The [affidavit] limited the search to documents that were "the instrumentality or evidence of violation of the general tax evasion statute, 26 U.S.C. § 7201." *Id.* at 77. In holding that the warrant was invalid, the court stated that:

---

[4]     The *Dale* court, however, denied the motion to suppress on the ground that the officer who led the search had also executed the affidavit and, therefore, his knowledge provided sufficient specificity. *See* 991 F.2d at 848. Defendant Brownell submits that *Groh v. Ramirez* effectively forecloses this analysis.

> In this case even the most specific descriptions
> (checks, journals, ledgers, etc.) are fairly general.
> No time or subject matter limitations existed as to
> these items. Nor does the affidavit, even if properly
> relied upon to limit the scope of the warrant, provide
> the information needed to limit the general nature of
> the warrant.

680 F.2d at 78-79.

Because the warrants at issue here similarly suffered a lack of the required particularity, the searches conducted pursuant to these warrants were unconstitutional.

## V.    There is No Substantial Basis to Support a Finding of Probable Cause with Regard to Either Warrant.

In reviewing a magistrate's decision finding probable cause, "the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . concluding' that probable cause existed." *Illinois v. Gates*, 462 U.S. 213, 238-39 (citations omitted); *see also United States v. Warren*, 42 F.3d 647, 652 (D.C. Cir. 1994). However, "[t]his does not mean that reviewing courts should rubber stamp a magistrate's conclusions; it does require the application of a common sense standard." *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir. 1983); *see also United States v. Zimmerman*, 277 F.3d 426, 432 (3d Cir. 2002). Indeed, "a court is not relieved from making its own judgment as to whether the affidavits provide a 'substantial basis . . . to conclude that [the evidence was] probably present . . . .'" *Schoeneman v. United States*, 317 F.2d 173, 176 (D.C.

Cir. 1963), quoting *Jones v. United States*, 362 U.S. 257, 271 (1960).

For all of the reasons set forth above, no substantial basis exists for a finding of probable cause with respect to either warrant at issue here. Despite the deference accorded to a magistrate's decision, defendant respectfully submits that this court should, in the exercise of it own judgment, invalidate the warrants.

## VI.  The Good Faith Exception is Not Applicable Here.

In *United States v. Leon*, 468 U.S. 897 (1984), the Supreme Court held that the exclusionary rule should not be applied when the officer conducting the search acted in "objectively reasonable reliance" on a warrant issued by an impartial and detached magistrate that subsequently is determined to be invalid. 468 U.S. at 922. *See United States v. Nader*, 621 F. Supp. 1076, 1082 (D.D.C. 1985). The *Leon* court proceeded, however, to identify four situations where the "good faith exception" should not apply: (1) where the magistrate issued the warrant based on a deliberately or recklessly false affidavit; (2) where the magistrate failed to act in a neutral and detached manner; (3) where the warrant is based on an affidavit "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable;" and (4) "where a warrant is so facially deficient – i.e., in failing to

particularize the place to be searched or the things to be seized – that the executing officers cannot reasonably presume it to be valid." *Leon*, 468 U.S. at 923. *See also United States v. Johnson*, 332 F. Supp.2d 35, 39-40 (D.D.C. 2004).

In this case, exceptions three and four prevent the application of the "good faith" exception to either the Brownell residence warrant or the Douglas Development Corp. warrant. Neither affidavit contains sufficient indicia of probable cause to allow a reasonable official to believe that probable cause existed. As shown above, the affidavits simply recite a series of payments from Douglas Development Corp. to Brownell's PVB account and then, on the basis of nothing more than pure conjecture, assert that these payments constituted concealed unreported income. These allegations fall so far short of establishing probable cause for the offense of tax evasion that no reasonable agent could have relied on them. Moreover, no reasonable agent could have concluded that the broad scope of the command sections of the warrants was supported by the allegations in the affidavits.

Further, the facial overbreadth and lack of particularity of the warrants is such that no reasonable officer could presume them to be valid. The warrants permitted the seizure of all computers on the premises, regardless of their contents, and permitted the seizure of entire files as long as one document in

the file fell within the warrant. These two provisions alone gave government agents free rein to seize virtually any of Mr. Brownell's records or documents.

In addition, the descriptions of the records to be seized under each of the warrants was so broad and general that agents were free to exercise their discretion. For example, the home search warrant included all documents relating to "the accumulation and disposition of assets." This language would have permitted the agents to seize Mr. Brownell's receipts from every store he had been to in the last ten years, his grocery lists, and thank you notes for birthday gifts. The officer's discretion in this regard was unbounded by any specific identification of documents, by reference to criminal offenses or statutes, or by the incorporation by reference of the affidavit. The similarly general language in the rest of the home search warrant and in the office search warrant, which no reasonable officer could presume to be valid, negates the applicability of the "good faith" exception here.

## CONCLUSION

For the reasons set forth above, all evidence obtained pursuant to the searches of Mr. Brownell's residence and the offices of Douglas Development Corp. should be suppressed.


Respectfully submitted,

JOHN E. BROWNELL

By Counsel:


__/s/ Barry Coburn_____
Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar #358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036
Phone: (202)464-3300
Fax: (202) 464-3319