UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.  : | Crim. No. 06-077 (RMU) |
| : | |
| JOHN E. BROWNELL, : | |
| : | |
| DEFENDANT. : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANT BROWNELL'S MOTION TO STRIKE SURPLUSAGE

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendant Brownell's Motion to Strike Surplusage. In support of this opposition, the Government respectfully submits:

I. INTRODUCTION

The Indictment in this case contains an abundance of factual detail. Although an Indictment would be sufficient if it were to allege little more than the statutory definition of the offense, such an Indictment would provide little notice to the defendant of the charges.

Defendant Brownell complains that four phrases contained in the Indictment – "included," "among others" (twice), "and others known and unknown." – as being "surplusage" of the sort which should be stricken. For the reasons set forth below, the defendant's motion should be denied.

B. LEGAL PRINCIPLES

"[A] motion to strike surplusage [from the indictment] should be granted only if it is clear that the allegations are not relevant to the charge and are inflammatory and prejudicial." United States v. Rezaq, 134 F.3d 1121, 1134 (D.C. Cir.1998) (citation omitted). "[T]he standard under Rule 7(d) has been strictly construed against striking surplusage." United States v. Jordan, 626

F.2d 928, 930 n.1 (D.C.Cir. 1980). See also, United States v. Oakar, 111 F.3d 146, 157 (D.C. Cir. 1997) ("The scope of a district court's discretion to strike material from an indictment is narrow[.]" (citing to United States v. Jordan, supra.)). By way of illustration, district courts have struck as surplusage the mention of an unnecessary alias, see, e .g., United States v. Hsia, 24 F. Supp.2d 14, 24-25 (D.D.C. 1998), rev'd on other grounds, 176 F.3d 517 (D.C. Cir. 1999), or the references to Iran's support for terrorism in a prosecution of criminal export violations. United States v. Quinn, 401 F. Supp.2d 80, 98-100 (D.D.C. 2005).

### III.  THE PHRASES "INCLUDED," "AMONG OTHERS" AND SIMILAR TERMS SHOULD NOT BE STRUCK AS SURPLUSAGE.

The defendant seeks to strike as surplusage terms such as "including," "among others," and similar phrases. These terms are properly included in the Indictment. They are not inflammatory or prejudicial and, contrary to the defendant's claims, do not imply the existence of uncharged misconduct. In light of the narrow grounds upon which this Court may properly strike poRtions of the Indictment as surplusage, the defendant's motion should be denied.

We note that the district judges in this District have not been consistent in deciding this issue. Compare United States v. Hsia, 24 F. Supp. 2d at 27 (Friedman, J.) (not striking); United States v. Cisneros, 26 F. Supp..2d 24, 54-55 (D.D.C. 1998) (Sporkin, J.) (not striking); United States v. Watt, 911 F. Supp. 538, 554 (D.D.C. 1995) (Lamberth, J.) (not striking); United States v. North, Crim. No. 88-00880-02, 1988 WL 148493, at *1 (D.D.C. November 8, 1988) (Gesell, J.) (not striking), with United States v. Espy, 989 F. Supp.. 17, 34-35 (D.D.C. 1997) (Urbina, J.) (striking); United States v. Poindexter, 725 F. Supp. 13 (D.D.C. 1989) (Harold Greene, J.) (striking); United States v. Hubbard, 464 F. Supp. 64, 82 (D.D.C. 1979 (Richey, J.) (striking).

The government submits that the better practice is not to strike such language absent a showing of the sort of specific and concrete prejudice that is not found in this Indictment. The Court of Appeals in <u>Rezaq</u> and <u>Oakar</u> stressed that a district judge should exercise restraint in striking language from an indictment and that striking surplusage is disfavored. In addition, the analysis of Judge Friedman in <u>Hsia</u> is compelling. In <u>Hsia</u>, Judge Friedman rejected the motion to strike the phrase "among others" and "and elsewhere" from the introductory statement listing the overt acts:

> Ms. Hsia argues that these phrases accuse her "of criminal acts in addition to those explicitly charged in the substantive counts." ... The Court disagrees. These phrases do not accuse Ms. Hsia of additional criminal acts; at most, they suggest that there were additional overt acts some of which, in and of themselves, may have been innocent. *** The government need not identify all overt acts in furtherance of a conspiracy in the indictment, and these phrases ensure that the government can, if necessary, prove additional overt acts at trial. *** In addition, since it is sufficient if at least one overt act has been committed in the District of Columbia and only eight in fact were committed here, *** there is no conceivable prejudice in indicating that others may have occurred elsewhere. Accordingly, these phrases will not be stricken.

<u>United States v. Hsia</u>, 14 F. Supp. 2d at 27-28. See also, <u>United States v. Watt</u>, 911 F.Supp at 555 (accepting Government's characterization that the complained of terms "set[] forth relevant and material evidence illustrative of the means by which the defendant committed the offenses charged" and finding no showing of either prejudice or immateriality); <u>United States v. North</u>, <u>supra</u> ("Words such as 'among other things," 'in part,' or 'including' are not prejudicial or inflammatory but merely designed to provide some reasonable leeway as the proof develops."). Although every indictment is different, we submit that the above analyses are generally

applicable to the factual issues raised by the defendants in seeking to strike the specified language from this Indictment.

Finally, terms such as "including" or "among others" are innocuous and not inflammatory. The notion that such terms would actually be understood by a juror as insinuating the defendants committed other uncharged criminal acts is – we submit – not a fair reading of the Indictment. As discussed below, such language in some instances <u>properly</u> allows for additional unspecified acts in furtherance of the <u>charged</u> crimes without implying the existence of other uncharged crimes; in other instances the language suggests that persons other than the defendants committed acts; and, in other instances the language is truly innocuous and simply not capable of supporting the claims of prejudice. We address the specific claims of surplusage advanced by the defendant in turn, as so specified in his motion.

1. "and other known and unknown to the grand jury." (page 3, Manners and Means).

    This phrase properly provides notice there may have been other conspirators. It does not suggest uncharged misconduct <u>by the named defendant</u>.

2. "among others" (page 3, Manners and Means).

    This phrase properly indicates that the Indictment is setting forth the essence of the conspiratorial scheme but is not attempting to provide every detail. This does not suggest uncharged misconduct.

3. "included" (page 5, ¶8).

    The word "included, in this context, does not suggest uncharged misconduct. Nonetheless, the government is willing to substitute the phrase "consisted of" for "included" if this substitution is sought.

4.  "among others" (page 5, Overt Acts)

  As noted by Judge Friedman: "This phrase ["among others"] simply makes clear that the Indictment sets forth some, but not all, of the overt acts. In addition, since it is sufficient if at least one overt act has been committed in the District of Columbia and only eight in fact were committed here, *** there is no conceivable prejudice in indicating that others may have occurred elsewhere." United States v. Hsia, 14 F. Supp. 2d at 27-28.

WHEREFORE, we request the defendant's motion to strike surplusage be DENIED.

        RESPECTFULLY SUBMITTED,

        JEFFREY A. TAYLOR
        UNITED STATES ATTORNEY

By: _____
   MARK H. DUBESTER
   ASSISTANT UNITED STATES ATTORNEY
   DC Bar No. 339655
   555 Fourth Street, N.W., Room 5917
   Washington, D.C. 20530
   Ph. (202) 514-7986