UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**UNITED STATES**                   )
                                    )
    v.                           )   Crim. No. 06-CR-0077 (RMU)
                                    )
**JOHN E. BROWNELL,**               )
                                    )
    **Defendant.**               )
_____)


**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT BROWNELL'S MOTION *IN LIMINE* TO PRECLUDE EXPERT
TESTIMONY ON ULTIMATE ISSUE OF STATUS OF PAYMENTS AS LOANS**

    Defendant John E. Brownell, through counsel, respectfully submits this reply to the government's response to Brownell's motion *in limine* seeking to preclude the government from offering expert testimony on the ultimate issue of whether payments to Brownell, which the government seeks to treat as unreported taxable income, were loans.

    In its response, the government indicates that it does not object to the court's granting the relief sought by Brownell. This concession appears to resolve the issue raised in the motion.

    Although not necessary for purposes of its response, the government's memorandum goes on to list other testimony and evidence which it intends to introduce at trial in this case. Brownell is filing this reply to make it clear that he does not

concede the relevance or admissibility of the items identified by the government.

Brownell specifically objects to the government's intent to introduce evidence "that Brownell submitted loan and credit applications in the mid-1990's in which he reported his income at amounts far greater than the income that was reported by DDC (in the W-2's it submitted for Brownell) to the IRS." (Government's Response, at 3.) The allegations in the indictment relate to activities that took place from 1998 to 2004. Any applications that Brownell submitted in the "mid-1990's" are irrelevant to the matters at issue in this case and should be excluded on that ground.

The government may contend that these applications are relevant as "evidence of other crimes, wrongs, or acts" that is admissible under Rule 404(b) of the Federal Rules of Evidence. However, Rule 404(b) provides that

> *upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial*, or during trial if the court excuses pretrial notice on good cause shown, *of the general nature of any such evidence it intends to introduce at trial*.

Fed.R.Ev. 404(b)(emphasis added).

By letter dated August 8, 2006, Brownell specifically requested notice of any 404(b) evidence the government intended to use. *See* Exhibit A hereto, at page 2, ¶ 8. The prosecution

2

never responded to this letter. It is now approximately three weeks prior to the due date for our pretrial statement, and less than two months before trial. Pretrial motions – at least one of which would have related to Rule 404(b) evidence had notice been duly given –- were due and filed on November 6, 2006. Brownell reasonably understood the government's lack of an answer to mean that the government did not intend to introduce any Rule 404(b) evidence in this case, particularly since the government *did* file a Rule 404(b) notice in the case recently tried before this Court, *United States v. Jemal et al.*[1] We relied upon this proposition in our trial preparation. It appears that the government is now – long after the motions deadline in the Scheduling Order has passed – attempting to use its response to Brownell's motion *in limine* as a vehicle to attempt to rectify its election not to provide timely 404(b) notice in answer to Brownell's letter. The government should not be permitted to sidestep its obligations in this manner. Even if the mid-1990's applications were relevant and otherwise

---

[1] The fact that documents relating to the evidence in question were been provided to defense counsel in discovery is not a substitute for the notice required by Rule 404(b). *See U.S. v. Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998)("providing such evidence to the defense in discovery is not enough to satisfy the notice requirements of Rule 404(b), which requires the government specifically to disclose 'the general nature of any such evidence it intends to introduce at trial.'"). That is particularly so here, where the government disclosed many thousands of pages of banking records and other documents, many of them completely irrelevant to the charges in the indictment.

3

admissible, which they are not, the government's decision not to give notice of this evidence in response to the defense's request should preclude it from using the evidence at trial. *See, e.g., United States v. Vega*, 188 F.3d 1150, 1154–55 (9th Cir. 1999) (reversing conviction and ordering new trial because trial court erred in admitting Rule 404(b) evidence when adequate pretrial notice had not been given); *United States v. Spinner*, 152 F.3d 950, 961 (D.C. Cir. 1998)(finding that trial court erred in permitting government to use 404(b) evidence without reasonable notice).

Further, even if the notice problem did not exist, the evidence of Brownell's mid-1990's loan and credit applications does not qualify for admission under any Rule 404(b) exception, and should be excluded under Rule 403 on the ground that any probative value it has is substantially outweighed by the danger of unfair prejudice. *See generally U.S. v. Bowie*, 232 F.3d 923, 930 (D.C. Cir. 2000)(evidence that would otherwise be admissible under Rule 404(b) may be excluded as unfairly prejudicial under Rule 403). A jury's consideration of whether Brownell willfully evaded taxes by mischaracterizing his income is likely to be unduly swayed by this evidence, which relates only to a time period well before any of the charged conduct occurred and is irrelevant to whether Brownell is guilty of the charges in the indictment.

Prior to the Pretrial Conference, Mr. Brownell will file a separate motion *in limine* to exclude the evidence of the mid-1990's loan and credit applications under Rules 402, 403 and 404(b). We reference the issue here only because the government alluded to it in its Opposition.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:

\_\_/s/ Barry Coburn_____
Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar #358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS, PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C.  20036
Phone: (202)464-3300
Fax: (202) 464-3319

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 18th day of December, 2006, I served a copy of the foregoing Reply Memorandum by ECF.


                        __/s/ Barry Coburn_____