UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : Crim. No. 06-077 (RMU) |
| JOHN E. BROWNELL | : |

### GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE
### SELF-AUTHENTICATING DOCUMENTS PURSUANT TO RULE 902(11)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11) ("Notice of Intent").

### BACKGROUND

The Federal Rules of Evidence allow for certain, qualifying business records to be admitted in evidence at trial without a custodian of records testifying about their authenticity or laying a foundation as to the documents' status as business records. The Rules do this through the interaction of Federal Rule of Evidence 806(3), which provides hearsay exception for business records, and Federal Rule of Evidence 902(11), which admits such business records into evidence as self-authenticating without foundation testimony at trial so long as a records custodian completes a declaration that complies with the Rule. Thus, the Rule provides:

"**Rule 902.    Self-Authentication**

"Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

"**(11)   Certified Domestic Records of Regularly Conducted Activity.**— The original or a duplicate of a domestic record of a regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—

       (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

       (B) was kept in the course of the regularly conducted activity; and

       (C) was made by the regularly conducted activity as a regular practice.

"A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them."

Fed. R. Evid. 902(11); id. Advisory Comm. Note to 2000 Amendments ("The amendment adds two new paragraphs to the rule on self-authentication. It sets forth a procedure by which parties can authenticate certain records of regularly conducted activities, other than through the testimony of a foundational witness."). Thus, the drafters to the 2000 amendment to Federal Rule 803(b) noted:

> "The amendment provides that the foundation requirements of Rule 803(6) can be satisfied under certain circumstances without the expense of producing time-consuming foundation witnesses. Protections are provided by the authentication requirements of Rule 902(11) for domestic records * * *."

Fed. R. 803(6), Advisory Comm. Note to 2000 Amendments (citation omitted).

## NOTICE

Pursuant to Rule 902(11), the government hereby gives written notice of its intent to introduce evidence consisting of business records from the following entities through the declarations referenced in the following chart:[1]

---

[1] Attached to this filing as "Exhibit 1" are the various declarations and supporting materials received by the government related to the described records.

| Name of Entity | Description of Records | Exhibit No(s). | Affidavit Exhibit Nos. |
|---|---|---|---|
| Nationsbank | Brownell Checking Account Records | 20 | 20(a) |
| Adams National Bank | Brownell Checking Account Records | 22 | 22(a) |
| Eagle Bank | Brownell Checking Account Records | 23 | 23(a) |
|  | Brownell Overdraft Records | 54, 55 | 23(a) |
| BB&T Bank | Brownell Checking Account Records | 24 | 24(a) |
| F&M Bank | Douglas Development Records | 25 | 25(a) |
| Fleet/Bank of America | Brownell Credit Card Account Records | 30 | 30(a) |
| National City Bank | Brownell Credit Card Account Records | 31 | 31(a) |
| MBNA | Brownell Credit Card Account Records | 32 | 32(a) |
| Bank One | Brownell Credit Card Account Records | 33 | 33(a) |
| Hechts | Brownell Credit Card Account Records | 34 | 34(a) |
| Household Credit | Brownell Credit Card Account Records | 35 | 35(a) |
| Lord & Taylor | Brownell Credit Card Account Records | 36 | 36(a) |
| Citistreet | Douglas Development 401(k) plan records for Brownell | 38 | 38(a) |
| Adams National Bank | Brownell Overdraft Application | 53 | 53(a) |
| Washington Mutual | Brownell Loan Application Materials - 6151 Tuckerman Lane, Rockville, MD | 56 | 56(a) |

| Name of Entity | Description of Records | Exhibit No(s). | Affidavit Exhibit Nos. |
|---|---|---|---|
| Suntrust | Brownell Checking and Line of Credit Records | 57 | 57(c) |
| Wells Fargo | Brownell Loan Application Materials - 7989 Pleasant Court, Frederick, MD | 58 | 58(a) |
| Prime-Pay Mid Atlantic | Certain W-2s of Douglas Development and John E. Brownell | 100 | 100(d) |
| ADP | Douglas Development W-2s for 2002 and 2003 | not yet marked[2] | not yet marked |

As to the following marked bank records, the government does not yet have in possession an affidavit, but, for some, has attached documents in the nature of correspondence from the financial institution that accompanied the transmittal of the documents to the prosecutor.[3] The government shall seek to determine whether defense counsel objects to the described documents as authentic business records.[4]

| Name of Entity | Description of Records | Exhibit No(s). | Correspondence Exhibit No. |
|---|---|---|---|
| Potomac Valley Bank | Brownell checking account records | 21 | 21(a) |
| Eagle Bank | Specific DDC Records | 26, 27 | (not located) |

---

[2] These were marked as an exhibit in the Jemal case.

[3] Attached to this filing as "Exhibit 2" are various items of correspondence related to this table. The government shall seek to determine whether defense counsel objects to the described documents as authentic business records.

[4] The government shall also address with the defendant whether he will stipulate to the authenticity of documents obtained from Douglas Development Corporation pursuant to Grand Jury subpoenas.

| Name of Entity | Description of Records | Exhibit No(s). | Correspondence Exhibit No. |
|---|---|---|---|
| Nationsbank | Douglas Development and Douglas Jemal checking account records | 28 | 28(a) |
| Potomac Valley Bank | Brownell line of credit account records | 50 | 50(a) |
| BB&T | Brownell line of credit records | 51 | 51 |
| Potomac Valley Bank | Residential mortgage loan records - 6155 Tuckerman Lane, Rockville, MD | 52 | 52(b) |

There may be additional financial records that are identified as trial approaches.

Nearly all the documents described above consists of either defendant Brownell's own financial records, copies of checks paid to Brownell, or copies of checks prepared by DDC personnel under Brownell's direct supervision, and thus he is in a uniquely well qualified position to know that the documents produced by the government are in fact authentic. WHEREFORE, the Government has provided notice of its intent to introduce the above-described records pursuant to Fed. R. Evid. 902(11).

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Assistant United States Attorneys
555 4th Street, NW
Room 5917
Washington, D.C. 20530
(202) 514-7986