UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA    :
                            :
       v.                   :    Criminal Action No.: 06-0077 (RMU)
                            :
JOHN E. BROWNELL,           :
                            :
       Defendant.           :

**FILED**
JAN - 4 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**ORDER**

GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO STRIKE
SURPLUSAGE; DENYING THE DEFENDANT'S MOTION TO PRECLUDE EXPERT TESTIMONY; AND
DENYING THE DEFENDANT'S MOTION TO SUPPRESS EVIDENCE

On November 6, 2006, the defendant filed a motion to strike surplusage, a motion to preclude the government from offering testimony about his intent, and a motion to suppress evidence obtained by allegedly illegal searches. After consideration of the issues raised in the motions, oppositions, and replies, it is this 4th day of January, 2006, hereby

**ORDERED** that the defendant's motion to strike surplusage is **GRANTED in part** and **DENIED in part**. Specifically, the court denies the defendant's request to strike the terms "and others known and unknown to the grand jury" and "among others" on page 3 of the Indictment's Manners & Means section. The court also denies the request to strike the phrase "among others" on page 5 of the Indictment's Overt Acts section. The court, however, grants the defendant's motion to strike the word "included" from page 3, paragraph 8 of the Indictment. The court substitutes the word "included" with the phrase "consisted of;" and it is

**FURTHER ORDERED** that the motion *in limine* to preclude expert testimony on whether any of the payments to or on behalf of the defendant are properly classified as loans and to preclude expert testimony that expresses an opinion about the defendant's intent with respect

to the payments is **DENIED** as moot. The court's ruling is based on the government's representation that it "does not intend on using an expert to opine whether the payments at issue were in fact loans, or whether Brownell perceived them to be loans." Govt's' Opp'n at 4. The court notes that although the government cannot introduce expert testimony on the issue of the defendant's intent, it can introduce factual evidence to demonstrate the true nature of the payments. It is

**ORDERED** that the defendant's motion to suppress evidence obtained by the allegedly illegal searches of his residence and office is **DENIED**. "Probable cause to search exists where in view of the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gilliam*, 167 F.3d at 633 (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983) and *United States v. Turner*, 119 F.3d 18, 20 (D.C. Cir. 1997)). In this case, Magistrate Judge Kay in this court and Magistrate Judge Day in Maryland concluded that probable cause to search existed. The appropriate standard of review of a Magistrate Judge's decision that probable cause exists is whether "the evidence viewed as a whole provided a 'substantial basis' for the Magistrate's finding of probable cause." *Mass. v. Upton*, 466 U.S. 727, 732-33 (1984).

Having examined the warrants and the affidavits supporting the warrants, the court rules that the Magistrate Judges had a substantial basis for concluding that probable cause existed. The affidavits are rich in factual detail and describe three separate sets of offenses, including the offense of tax evasion. The affidavits also set forth sufficient detail for Magistrate Judges Kay and Day to conclude that evidence of tax evasion would be found at the defendant's home and workplace. In addition to establishing probable cause, the affidavits submitted in support of the

warrants are not based on stale information. The court also determines that the command section of the warrants is not overbroad and that the seizing language is sufficiently particular, given the nature of the charges and the necessity to acquire evidence relevant to the allegations. Last, the court concludes that the defendant's arguments contesting the applicability of the good faith exception are without merit.

**SO ORDERED**.

_____
Ricardo M. Urbina
United States District Judge