# TROUT CACHERIS PLLC

ATTORNEYS AT LAW

PLATO CACHERIS
ROBERT P. TROUT
JOHN THORPE RICHARDS, JR.
BARRY COBURN
AMY BERMAN JACKSON
JOHN F. HUNDLEY
PATRICIA E. CONNELLY*
GLORIA B. SOLOMON*
JEFFREY C. COFFMAN

1350 CONNECTICUT AVENUE, N.W.
SUITE 300
WASHINGTON, D.C. 20036
(202) 464-3300

FAX (202) 464-3319

WWW.TROUTCACHERIS.COM

111 ORONOCO STREET
ALEXANDRIA, VIRGINIA 22314
(703) 519-8840

*NOT ADMITTED IN VA
WRITER'S DIRECT DIAL/EMAIL
(202) 464-3305
BCOBURN@TROUTCACHERIS.COM

August 8, 2006

Mark H. Dubester, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Re: **United States v. John E. Brownell**
    **Crim. No. 06-CR-0077 (RMU)**

Dear Mr. Dubester: [handwritten: Mark]

Pursuant to Federal Rule of Criminal Procedure 16 and other applicable statutory and case authority, I write to request all discovery allowed by law in the above-referenced case. In particular, I request:

## 1. Documents

At this time I am requesting copies of the reports of any and all tests conducted in connection with the above captioned case, as well as any police reports, witness statements or other documents which I have not yet received.

## 2. Defendant's prior record

I am requesting John Brownell's prior record.

## 3. Radio Communications

I am requesting that I be allowed to listen to any existing recorded communications relating to the above-captioned case in advance of the trial and to make a taped copy of the requested

# TROUT CACHERIS PLLC

Mark H. Dubester, Esq.
August 8, 2006
Page 2

communications. Until I have had the chance to listen to and make a taped copy of any such communications, I ask that they be preserved.

**4. Defendant's statements**

I am requesting all discoverable statements of John Brownell, including any oral, written, or recorded statements made by John Brownell, any written recordings containing the substance of any relevant oral statement made by John Brownell or any recorded testimony of John Brownell before a grand jury relating to the offense(s) charged.

**5. Tangible Evidence**

I am requesting the opportunity to inspect and photograph all tangible evidence in this case.

**6. Reports of Examinations and Tests**

I am requesting the opportunity to inspect and copy the results or reports of any and all tests conducted in connection to the above-captioned case. I am further requesting the opportunity to inspect and copy the results of any scientific tests, or copies thereof, conducted in relation to this offense.

**7. Experts**

Should the government decide to use an expert, I am requesting that I be provided with a written summary of expert testimony that the government intends to use during its case in chief at trial. I am requesting that any such summary describe the expert witness's opinions, the bases and the reasons therefore, and the witness's qualifications.

**8. Evidence of Uncharged Misconduct**

I am requesting notification of any evidence of uncharged misconduct that the government may seek to introduce in the above-captioned case relating to Mr. Brownell. Please notify me so that I may file any necessary pre-trial motions.

# TROUT CACHERIS PLLC

Mark H. Dubester, Esq.
August 8, 2006
Page 3

**9. Brady Request**

Under the doctrine of Brady v. Maryland, 373 U.S. 83 (1963), I am making a general request for all exculpatory information. This includes all information known to the government (or which may become known by the government through the exercise of due diligence) which is favorable to the defense, whether or not technically admissible in court, and which is material to the issues of guilt and/or punishment. This includes all information indicating, in whole or in part, that Mr. Brownell was not involved in the alleged offenses and/or that any of the requisite elements required to prove any of the charged offenses cannot be met.

I also make the following specific Brady requests:

A. All prior convictions and juvenile adjudications of all government witnesses.

B. All information in the possession of the government indicating that (a) any government witness has had a pending juvenile or criminal case on or since the offense in this case; (b) any government witness was arrested, pled guilty, had a trial or was sentenced on or since the date of the offense in the present case; (c) any government witness was on juvenile or criminal parole or probation on or since the date of the offense; and (d) any government witness now has or has had any other liberty interest that the witness could believe or could have believed might be favorably affected by government action. With respect to this information, I request docket numbers, dates and jurisdictions for all such cases.

C. Any prior inconsistent, non-corroborative, or other witness statements which the witness's trial testimony will not reflect. See United States v. Enright, 579 F.2d 980, 989 (6th Cir. 1978).

D. All deals, benefits, or promise of benefit, threats, or statements that benefit would not be provided without cooperation that were made to any government witness in connection with this case. See Giglio v. United States, 405 U.S. 150 (1972); Springer v. United States,

# TROUT CACHERIS PLLC

Mark H. Dubester, Esq.
August 8, 2006
Page 4

        388 A.2d 846 (D.C. 1978). "Benefit" refers to any monetary compensation, assistance of the prosecution or the court concerning pending charges against the witness, or any other sort of consideration.

E.    Any perjury by any government witness at any time, whether or not adjudicated and whether or not in connection with this case. See Mooney v. Holohan, 294 U.S. 103 (1935).

F.    Any information regarding any prior "bad act" of a government witness which may bear upon the veracity of the witness with respect to the issues involved in the trial.

G.    The names and addresses of all persons who would contradict or impeach any government testimony or other evidence.

H.    Any failures by any witness to provide the police or the government with information testified to at trial.

    In addition to the above listed requests, pursuant to the ABA Standards for Criminal Justice, 11-2.2 (Discovery and Procedure Before Trial), I request early disclosure of all Jencks material, so that any issues involving disclosure may be resolved in advance, counsel will have adequate time to review the material, and there will no delay in court proceedings while counsel reviews the material, considers any discovery or Brady ramifications, and prepares to use the material in cross-examination. I also request that you diligently preserve all Jencks material.

    For purposes of this letter and any related litigation, "information" refers to all documentary, tangible or oral material, including, but not limited to, statements by witnesses, whether recorded or otherwise memorialized or not, grand jury testimony, and reports of investigation or personal notes of investigators. Such information is "known" to the government if known to you personally or known to any other prosecutor or law enforcement agent, which you could acquire actual knowledge of through the exercise of due diligence in responding to these inquiries. If such information is disclosed to you, please disclose all supporting documents or objects as well as the names

# TROUT CACHERIS PLLC

Mark H. Dubester, Esq.
August 8, 2006
Page 5

and addresses of all witnesses having knowledge of the information disclosed. If you elect not to disclose exculpatory information concerning the requests made herein until the day of trial, then please secure the presence of witnesses having such knowledge by subpoena so that delay will not be necessitated between the time of your disclosure and the time I seek to use or explore the ramifications of that information. Finally, as you know, the duty to disclose is a continuing one, stretching until the final disposition of this case.

It is my belief that the requested material is discoverable under the Federal Rules of Criminal Procedure and/or under pertinent case law. In the event that you are unable or unwilling to provide the requested information, or if you disagree with any of the forgoing representations, please advise me, so that I might respond appropriately.

Sincerely,

Barry Coburn