# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal No.: 06-077 (RMU)** |
| | **:** | |
| **JOHN E. BROWNELL,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

## JOINT PRETRIAL STATEMENT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, and defendant John E. Brownell, through his counsel, hereby submit this Joint Pretrial Statement, in accordance with the Court's Standing Order for Criminal Cases.

## A.  STATEMENT OF THE CASE

This is a criminal case in which the defendant is named in a grand jury indictment that charges six separate criminal offenses.  Count One of the Indictment charges that, in or about 1998 through 2005, defendant John E. Brownell engaged in a Conspiracy to Commit Tax Evasion.  Counts Two through Six charge defendant Brownell with the offense of Tax Evasion in connection with his personal income tax obligations for calendar years 1999 through 2003 respectively.  The defendant denies all charges.

**B.**     **PROPOSED *VOIR DIRE* QUESTIONS**

The parties have adopted an approach to their proposed *voir dire* and jury instructions that reflects the fact that a closely related case, United States v. Jemal, et al., Criminal Number 05-0359 (RMU), was tried very recently before this Court.  Accordingly, we have utilized the Court's actual *voir dire* and jury instructions in the Jemal case as our starting point.  These are reprinted below, along with the parties' very minimal proposed changes and objections.  Of course, the parties respectfully seek to reserve their right to propose supplemental or modified instructions at the conclusion of the evidentiary phase of trial.

**JURY VOIR DIRE FROM JEMAL TRIAL,**
**VERBATIM EXCEPT AS INDICATED**

Introductory Sections

Ladies and gentlemen, thank you very much for being here.  I guess I'm speaking to the -- preaching to the choir in this instance, because actually the courts in the District of Columbia have been stressed in recent years as a result of jurors who receive summonses to appear for jury service not showing up.

And this has created quite a strain on the administration of justice, especially since there are two complete court systems that depend upon the largess and generosity and time and effort of its community to proceed with matters of importance.  And just like voting, being a juror is an absolutely crucial part of participation in our democratic system.  So I want to thank you for being here, for responding and for rendering yourself eligible to participate in this process which we're about to begin.

My name is Ricardo Urbina, and I am the judge that will preside over the matter that is

-2-

before the Court today.  The case before the Court is a criminal matter, and I'll give you just a

brief glimpse of what this case is about, because what it's about has much to do with the

questions that I will ask you.  And this is the procedure that we'll follow:

I'll talk to you a little bit about the case, I'll recite a joint statement that the parties have

agreed upon, then I will ask you questions.  And you have an index card, I believe.  And Mr.

Dales is looking at me so I won't forget to swear you in.

But you have an index card and a pen or a pencil.  And after I ask you a question and

remind you what the number of that question is, if you have an affirmative response to any

question that I ask, all you'll need to do is to write down the number of the question.  And so

we'll proceed through the questions until we get to the end, and you will have reflected on your

index card the numbers of those questions that you are prepared to respond to in the affirmative.

When we're done with that part of the process, counsel and I will convene along with each one of

you one at a time.  Usually, the part of the process that invites the juror to the bench -- and then

I'll remind you each what the numbers correspond to as far as questions are concerned, and then

you respond to those questions, and then the lawyers get a brief opportunity to do some follow-up

-- that part of the process usually happens right here at the bench.

But because we have many participants in this trial, I have decided it would be more

convenient for everyone to actually conduct that second part, where you're responding to the

questions and the lawyers are getting to ask a couple of questions as well, in the jury room.

So, because the process is likely to take a little while, what I'm going to do is I'm going to excuse

this side of the room to return to the courtroom at a given hour, and then when you get back and

you sit exactly where you're sitting now,because where you are seated in relation to one another

here in the courtroom corresponds exactly to where you are listed on the lists that counsel, the parties and I have. So when this side comes back, you'll go right back to the same spot, and then we'll evaluate where we are, and whether or not we're prepared now to begin the process, the interview process with this side of the room, or whether there's still a need to work further with jurors being interviewed on this side of the room, and perhaps excuse you for another period of time.

One thing I will be repeating over and over and over again, because it is important, is that you are not to discuss this case. You are not to discuss any impressions that you have, you're not to discuss anything about the lawyers or about the charges. You're to discuss nothing about this case. Absolutely nothing. The reason being that once you start discussing things, it's the normal human tendency to start developing opinions about what you're discussing. And it is absolutely critical that each and every one of you maintain an open mind, free of any opinion that might obstruct your ability to judge this case fairly and impartially. In the final tally, what will happen is the jurors who hear this case will be required to decide whether or not the government has proved the allegations in this case beyond a reasonable doubt.

And that's it in a nutshell. There will be more information coming your way, of course, as matters proceed, and of course as the jurors are ultimately selected. But for the present, just keep those admonitions in mind. Do not talk about the case, and if you're out in the hall and you see one of the lawyers or you see one of the parties or you see anyone else associated with this case, or even if you think they might be, don't talk to them. If they see you, they'll turn away and they will not talk to you. They're not being rude. They're making sure it doesn't even look like they're trying to talk to you.

<u>Panel Sworn</u>

All right.  Mr. Dales, will you swear in the panel.

(The jury panel is sworn.)

THE COURT:  Ladies and gentlemen, this is a criminal case brought against John Brownell. [Substitute description of this case from the Joint Pretrial Statement.] The defendant denies all charges and has pled not guilty.

<u>Voir Dire Questions</u>

I'll now begin, ladies and gentlemen, by asking you these questions, and these are questions that I've compiled with the assistance of counsel that bear some relevance to matters in the case and to matters that counsel are entitled to know about in order to be able to exercise their challenges to the presence of jurors to hear this case in an informed fashion.

As I have stated, the indictment alleges [insert description of this case].

As noted, the defendant denies these charges.

1.      Is there anyone here who has firsthand knowledge of any of the facts and circumstances of this case?  If the answer is yes, please write down No. 1 on your index card. Again, ladies and gentlemen, my name is Ricardo Urbina, and assisting me in this case is Mr. James Dales, who is sitting directly here to my front right. [Insert information about court reporter(s).]  Also two of my law clerks, Macrui Dostourian and Amanda Luck, will be in and out of the courtroom and are here present.

2.      Is there anyone here who thinks you recognize any of the persons I've just identified?  If the answer is yes, please write down No. 2 on your index card.

3.      I'm going to identify the attorneys who will be operating on behalf of their

respective clients in this case, and then after I identify them, they will have an opportunity to address you directly by introducing themselves and letting you know what witnesses those attorneys may call as witnesses in this case. And then when -- and of course the defense counsel will introduce their clients as well. And then when they are done doing that, I'm going to ask you if you recognize any of the persons in the courtroom, any of the names that those persons have referenced as possible witnesses in the case.

[Substitute attorneys, witnesses and parties in this case.]

THE COURT: Thank you. So the question that corresponds to all that which you've just heard is this: Is there anyone here who recognizes any of the names; that is, . . . [deleting reference to Councilman Graham] what we're really looking for here is whether you know or recognize any of these people, such that you have an impression or you know about these people in some fashion that you feel it is important to reveal here at the outset of the trial. So the question is do you recognize any of these people. If the answer is yes, please write down No. 3 on your index card.

      4.     Ladies and gentlemen, I'd ask you to look around the room a little bit at one another, because the next question is do you recognize any other member of this jury panel as someone you recognize from work or from school or socially or from prior jury service, someone that you've met prior to your coming here for jury service during this tenure. If the answer is yes, I do recognize someone from outside the courthouse, would you write down No. 4 on your index card.

      5.     Some things are so important that it is critical that we speak about them even from the very beginning before the jury is seated. There are a couple of principles that are absolutely indispensable to the function that the jury will perform in this case.

In a criminal trial, a defendant does not need to testify.  A person accused does not need to call any witnesses or to produce any evidence whatsoever.  A person accused does not have to prove anything, and certainly does not have to prove his innocence, because there is a presumption of innocence in every instance when a person is accused of a crime.

Moreover, in our system of justice, when a person is accused of a crime, that person is not only presumed innocent,but the burden of establishing that person's guilt lies exclusively with the government, with the prosecutor.  And a conviction can only develop when and only when a juror and the jury is convinced beyond a reasonable doubt that the person accused committed the crime that is charged.  Is there anyone here who would not be able to follow those principles in adjudicating this case?  If the answer is yes, I couldn't do that, I couldn't follow those principles, even ifyou, the judge, tell me to follow those principles, then write down No. 5 on your index card.

6.     Also a question that counsel wanted me to ask and perhaps to clarify the points contained in the question is this:  Some of you perhaps have previously served on a grand jury. And as you know, a grand jury is a body of citizens who hear a presentation of evidence put on by a prosecutor, by the government, and then determine whether or not, based exclusively on that evidence, there's probable cause to believe that an indictment should issue, that a person's committed a crime.  However, that's not the function that the jury in this case will perform.  The jury in this case will hear evidence presented with the benefit of both sides of the issue presenting its, their position, and ultimately what the jury in this case will decide is whether or not the government has proved its case as to each charge, each offense alleged, beyond a reasonable doubt.  Is there anyone here who does not understand the distinction between the function that I

just described that the grand jury performs and the one that the jury in this case will perform?  If

the answer is yes, I do not fathom that distinction, please write down No. 6 on your index card.

7.     Ladies and gentlemen of the jury, [substituting language here:  John, known

usually as Jack, Brownell works at] a company called Douglas Development Corporation, with

offices locate[d] at 702 H Street, NW.  Do any of you know Douglas Development Corporation,

other than perhaps seeing the name or the sign or the building, and have any of you engaged in

any business with Douglas Development Corporation?  If the answer is yes to either part of that

question, please write down No. 7 on your index card.  No. 7.

[OMITTING QUESTIONS HERE RELATING TO LEASES AND THE PARTICULAR REAL

ESTATE AT ISSUE IN JEMAL CASE.  ACCORDINGLY, QUESTIONS BELOW ARE RE-

NUMBERED.]

8.     Have any of you ever worked for or been involved in commercial real estate,

generally described as the buying, selling, or leasing of commercial properties, such as office

buildings or other properties used for business?  Is there anything about your experience that

would affect your ability to be a fair and impartial juror?  If the answer to either one of those

prongs of that question is yes, write down No. 8 on your index card.

9.     Have any of you ever worked for a real estate construction company?  Is there

anything about your experience, in other words, that would affect your ability to be a fair and

impartial juror in this case?  If the answer is yes to either part of that question, please write down

No. 9 on your index card.

10.     Have any of you run your own business?  And I'll stop the inquiry there.  Is there

anyone here who has run his or her own business?  If the answer is yes, write down No. 10 on

your index card.

11.     Is there anyone here who's been involved in government contracting, either by working for the federal government, District of Columbia, or by working for a company doing business with the government?  If the answer is yes, please write down No. 11 on your index card.  That's either the federal government or the District of Columbia.

12.     Do any of you have particular accounting experience or have any of you worked in an accounting position,such as accounts payable, accounts receivable, or some similar accounting job?  If the answer is yes, please write down No. 12 on your index card.

13.     Do any of you have particular experience in preparing personal or corporate tax returns?  If the answer is yes, write down No. 13 on your index card.  Personal experience.

14.     Do any of you have any particular computer or information technology training or expertise other than routine use of a personal computer?  If the answer is yes, write down No. 14 on your index card.  Do you have any computer expertise?

15.     Have any of you ever worked for a financial institution in a capacity in which you have been involved in handling loans?  If the answer is yes, write down No. 15 on your index card.

16.     Is there anyone here who has ever been subject of a tax investigation such as an audit, or otherwise had encounters with the Internal Revenue Service or any state or local taxing authority concerning payment of taxes?  If the answer is yes, write down No. 16 on your index card.

17.     Ladies and gentlemen, the Court will give a number of instructions at the conclusion of the case and some brief instructions at the beginning of the case before counsel

deliver their opening statements.  But some matters the parties in this case believe are so important that even before that instruction is given, the Court should advise the veneer of the point, and the point is this:  There are several witnesses in this case that are law enforcement agents, either in the Federal Bureau of Investigation or the Internal Revenue Service.  I will be giving you an instruction at the end of the trial that requires that you not automatically give more or less credence to the testimony of a witness just because that witness happens to be a law enforcement officer.  In other words, every witness, whether a law enforcement officer or not, must be individually scrutinized by the jury in ultimately determining whether that witness is believable.  Is there anyone here who will not be able to follow that instruction?  If the answer is yes, write down No. 17 on your index card.

[OMITTING QUESTION REGARDING LOCAL DC GOVERNMENT INVOLVEMENT]

18.    Ladies and gentlemen, have you or any of your household members or close friends or relatives ever worked in any capacity for any type of a law enforcement agency.  This would include the FBI, the Drug Enforcement Administration, the Metropolitan Police Department, the U.S. Marshals Service, the Secret Service, the U.S. Park Police, postal inspectors, military police, the IRS, reference here is the CIA, although I don't think it says it's a law enforcement agency, or any other law enforcement agency.  If the answer is yes, I have or some household member or close friend or relative has, then please write down No. 18 on your index card.

19.    Have you or any household member, close friend or relative ever studied the law or had any legal training, which would include law school, paralegal training, or postgraduate training?  If the answer is yes, please write down No. 19 on your index card.

20.     Have you or a member of your household, close friends or relatives ever worked in any capacity for a criminal defense lawyer, the Federal Public Defender Service, the District of Columbia public defender service, or similar organization, or been involved in any way in the defense of a criminal case? If the answer is yes to any part of that question, please write down No. 20 on your index card.

21.     Have you, a household member, close friend or relative ever worked in any capacity for a prosecutor's office? That would include the Department of Justice, the U.S. Attorney's Office, the office -- what used to be the Office of Corporation Council, which is now the Office of the Attorney General for the District of Columbia, or any state, county, or district attorney's office. If the answer is yes, please write down No. 21 on your index card.

22.     Ladies and gentlemen, the prosecution and the defense in this case are entitled to have this case heard by a fair and impartial jury that will decide this case solely according to the evidence admitted in this courtroom and according to the Court's instructions on the law. The law provides that the jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, I ask is there any reason why anyone here would be unable to give either the government or the defense a fair trial based solely on the evidence submitted at trial and the instructions given by the Court? If the answer is yes, I could not, write down No. 22 on your index card.

[OMITTING BRIBERY-RELATED QUESTION]

23.     Some of you may have read or heard accounts of matters related to this trial. Of course, ladies and gentlemen, the jury hearing this case will be responsible for rendering a verdict based on the evidence actually adduced during this trial in this courtroom. Have any of you at

this time before the trial, and before any evidence has been presented, formed an opinion as to

the guilt or the innocence of John Brownell?  If the answer is yes, I have formed an opinion,

write down No. 23 on your index card.

24.     Is there anyone here who has any reservations about the administration of justice

in the courts, that reservation being so strong as to prevent you from being able to function fairly

and render an impartial verdict in this case?  If the answer is yes, I have such a reservation, then

write down No. 24 on your index card.

25.     You're in the home stretch, ladies and gentlemen.  Hang in there.  Have you, any

member of your household, close friend or relative been accused of, the victim of, or the witness

to a crime, or been the subject of a criminal investigation in the last 10 years?  You or any

member of your household, close friend or relative been accused of, the victim of, or witness to a

crime, or been the subject of a criminal investigation in the last 10 years?  If the answer is yes,

please write down No. 25 on your index card.

26.     Have you or any member of your family, either as an individual or in the course of

business, ever been a party to any legal action or dispute with the United States or with any of the

officers, departments, agencies, or employees of the United States, including the Federal Bureau

of Investigation or any other law enforcement agency, other than a routine traffic case?

 Same question, only asking it with respect to the District of Columbia or any other local

government agency.  That's part A.

Part B.  Have you or has any member of your family either as an individual or in the

course of business ever had any legal, financial, or other interest in any such legal action or

dispute or its outcome?  If the answer to part A or part B is yes, or both parts, then write down

No. 26 on your index card.

27.    All right.  Ladies and gentlemen, before I ask this next question, I want to tell you

first what I am not asking, and that'll make it clear what I am asking.  I am not asking you by this

next question whether or not it's inconvenient for you to be here.  I assume it is inconvenient for

every single one of you.  This is not your life's work, you've all been recruited as members of the

community to come to court and to perform a civic duty, and it's always inconvenient, and it

always comes at an inconvenient time and so forth.  So that's not the question.  This, despite the

roster of witnesses you've heard announced, counsel assure me this trial will take no more than

[substituting two] weeks.  Of course, then there's deliberations, and that's controlled by the jury

and not by counsel.  So having said that, this trial is expected to last approximately two weeks.

The length of deliberation is influenced by the jury itself.  Is there anyone here who has urgent or

extremely important matters to attend to such that you would be facing an extreme hardship if

you were selected to serve in this case?

That's No. 27.  And I know nobody's going to come up here or back there and start making up

excuses to get out of jury service.  I know you're not going to do that, but if there is an extreme

hardship involved, we want to know about it.

28.    All right.  I have a few more questions.  Ladies and gentlemen, do any of you have

moral, religious, or philosophical beliefs that would render you unable to judge this case based

solely upon the evidence presented during trial?  If the answer is yes, then that's No. 28.

If I failed to mention the hardship question number, that was 27.  And the question just now,

moral, religious or philosophical beliefs that would impair your ability to serve as a juror in this

case or prevent you from being able to render a verdict based solely on the evidence, that's No.

-13-

28.

29.    The law requires that jurors weigh the evidence in a case and reach a verdict based

solely upon the admitted evidence and instructions of law, without any regard whatsoever for

what might be the punishment in the case, should there be a conviction.  This is absolutely

critical.  Jurors are not to be influenced in any way by what might be the potential punishment in

the case in the event of conviction.  Jurors must be able to operate independently of that thought,

that concern, or that aspect of what comes after the conclusion of the trial.  Is there anyone here

who would not be able to follow that directive?  If the answer is yes, I would not be able to

follow that directive, then write down No. 29 on your index card.

30.    All right.  For this next question, let me explain procedures as they occur in my

courtroom so that you can keep those procedures in mind as you think through the substance of

the question.  And the procedures I'm talking about are these:

Any juror at any time during the trial can call a recess.  All the juror has to do is raise her hand,

his hand, and say, Judge, can we take a break?  We stop.  You don't have to explain why.  We

just stop.  And that accommodates, of course, any juror's need to have matters stopped.  Maybe

the juror is getting drowsy, maybe the juror needs to take medication, maybe the juror needs to

drink a glass of water, whatever it may be, we stop the trial and we come back when everyone's

ready.  So with keeping that thought in mind, is there anyone here who suffers an impairment

such as a vision or hearing problem, are you sitting next to someone who you believe may have a

hearing problem or trouble understanding the English language, is there anyone here who suffers

from any illness that would make it difficult for you to sit as a juror, or are any of you presently

taking medication that causes drowsiness, confusion,discomfort, or disorientation?  If the answer

to any of those questions is yes, any part of that question, please respond by writing down No. 30 on your index card.

31.    Two more questions.  Ladies and gentlemen, we usually begin the trial day at 10 a.m. sharp.  We break for lunch at approximately 12:30.  And the lunch break is from 12:30 to 1:45.  Then we adjourn at the end of the day at approximately 4:30, more or less.  The question is, is there anyone here whose family obligations could not be adjusted to accommodate this schedule?  If the answer is yes, then write down No. 31 on your index card.

32.    Last question.  Or last question I believe we have for you.  Is there any reason or any issue not already discussed or touched upon that you think might interfere with your ability to treat either or both sides fairly?  That is, anything, anything at all that's come to mind that you think would impair your ability to be a fair and impartial juror in adjudicating this case?  Anything that would cause you to feel that you could not sit as a juror in this case?  If the answer is yes, please write down No. 32 on your index card.

I.    Objections to the Jemal Voir Dire

*Prosecution:*

   None.

*Defense:*

   None.

II.    Additional *Voir Dire* Questions on which the Parties Agree

*Defendant's Proposals:*

1.    Have any of you ever been a witness in a civil or criminal case?

2.    The charge at issue is tax evasion.  Is there any juror who believes that such a

charge should not be prosecuted or that it should be prosecuted with particular vigor?

3.      Do any of you have a particular emotional reaction to a charge of tax evasion, or do you harbor any personal view about it, that might make it difficult to be a fair and impartial juror in a case like this?

4.      As I told you at the outset, the government's allegations and the indictment in this case are not evidence and merely describe the charges made against the Defendant.  The indictment may not be considered by you as any evidence of the guilt of the Defendant.  Is there any juror that will have difficulty in following this rule of law?

5.      I have previously mentioned that Mr. Brownell works for a company called Douglas Development Corporation.  Douglas Development Corporation is owned by an individual by the name of Douglas Jemal.  Do any of you know Mr. Jemal or have knowledge of any recent press accounts relating to Mr. Jemal or Douglas Development?

6.      Many exhibits will be presented on the monitors in the courtroom.  Do any of you have difficulty with evidence presented in this fashion?

7.      There may be documents presented as evidence.  I know this is a sensitive question, but are there any of you who would find it difficult to read English or have any other reading or comprehension difficulties that would make it difficult to understand evidence in this form?

III.      Additional *Voir Dire* Questions on which the Parties Disagree

None.  However, as the trial approaches, the parties will continue to explore whether additional voir dire questions are appropriate.

-16-

C.    **PROPOSED JURY INSTRUCTIONS**

**JURY INSTRUCTIONS FROM JEMAL TRIAL,
VERBATIM EXCEPT AS INDICATED**[1]

FINAL JURY INSTRUCTIONS:
UNITED STATES V. [JOHN BROWNELL]

**Introductory Sections/General Instructions**

LADIES AND GENTLEMEN, IT IS NOW MY RESPONSIBILITY TO
INSTRUCT YOU ON THE LAW THAT SHOULD CONTROL YOUR
DELIBERATIONS IN THIS CASE. AFTER THESE INSTRUCTIONS,
COUNSEL WILL DELIVER THEIR CLOSING ARGUMENTS. LET ME
BEGIN BY DEFINING THE FUNCTIONS OF THE VARIOUS PARTICIPANTS
IN THE TRIAL.

[2.02] YOU, AS JURORS, ARE THE JUDGES OF THE FACTS. BUT IN
DETERMINING WHAT ACTUALLY HAPPENED – THAT IS, IN REACHING
YOUR DECISION AS TO THE FACTS – IT IS YOUR SWORN DUTY TO
FOLLOW ALL OF THE RULES OF LAW AS I EXPLAIN THEM TO YOU.
YOU HAVE NO RIGHT TO DISREGARD OR GIVE SPECIAL
ATTENTION TO ANY ONE INSTRUCTION, OR TO QUESTION THE
WISDOM OR CORRECTNESS OF ANY RULE I MAY STATE TO YOU. YOU
MUST NOT SUBSTITUTE OR FOLLOW YOUR OWN NOTION OR OPINION
AS TO WHAT THE LAW IS OR OUGHT TO BE. IT IS YOUR DUTY TO
APPLY THE LAW AS I EXPLAIN IT TO YOU, REGARDLESS OF THE
CONSEQUENCES.

IT IS ALSO YOUR DUTY TO BASE YOUR VERDICT SOLELY UPON
THE EVIDENCE, WITHOUT PREJUDICE, BIAS OR SYMPATHY. THAT WAS THE
PROMISE YOU MADE AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY
THE PARTIES AS JURORS, AND THEY HAVE THE RIGHT TO EXPECT NOTHING
LESS. THUS, UNDER YOUR OATH AS JURORS YOU ARE NOT TO BE SWAYED BY
PREJUDICE, BIAS OR SYMPATHY. YOU ARE TO BE GUIDED SOLELY BY THE
EVIDENCE.

---

[1]These instructions are, verbatim except where indicated, the final set of instructions that the
Court handed out to the parties in the Jemal case immediately prior to instructing the jury.  The
parties would of course be happy to alter the formatting of this section or otherwise modify it to
make it more easily useable by the Court.  Our sense, though, given the similarity of the Jemal trial
to this one, is that it substantially shortens this process to use the actual Jemal instructions as the
starting point.

IT IS FOR YOU ALONE TO DECIDE WHETHER THE GOVERNMENT
HAS PROVEN THAT THE DEFENDANTS ARE GUILTY OF THE CRIMES
CHARGED SOLELY ON THE BASIS OF THE EVIDENCE AND SUBJECT TO
THE LAW AS I CHARGE YOU. IT MUST BE CLEAR TO YOU THAT ONCE
YOU LET PREJUDICE, BIAS OR SYMPATHY INTERFERE WITH YOUR
THINKING, THERE IS A RISK THAT YOU WILL NOT ARRIVE AT A TRUE
AND JUST VERDICT.

[2.08] NOW, LET US TALK ABOUT THE PARTIES TO THE LAWSUIT.
THE PARTIES IN A CRIMINAL CASE ARE THE GOVERNMENT AND THE
DEFENDANTS. EVERY DEFENDANT IN A CRIMINAL CASE IS
PRESUMED TO BE INNOCENT. THIS PRESUMPTION OF INNOCENCE
REMAINS WITH A DEFENDANT THROUGHOUT THE TRIAL UNLESS
AND UNTIL A DEFENDANT IS PROVEN GUILTY BEYOND A
REASONABLE DOUBT.  THE BURDEN IS ON THE GOVERNMENT TO PROVE A
DEFENDANT GUILTY BEYOND A REASONABLE DOUBT. THIS BURDEN OF PROOF
NEVER SHIFTS THROUGHOUT THE TRIAL. THE LAW DOES NOT
REQUIRE A DEFENDANT TO PROVE HIS INNOCENCE OR TO PRODUCE
ANY EVIDENCE. IF YOU FIND THAT THE GOVERNMENT HAS PROVEN
BEYOND A REASONABLE DOUBT EVERY ELEMENT OF AN OFFENSE
WITH WHICH A DEFENDANT IS CHARGED, IT IS YOUR DUTY TO FIND
HIM GUILTY ON THAT OFFENSE. ON THE OTHER HAND, IF YOU FIND
THE GOVERNMENT HAS FAILED TO PROVE ANY ELEMENT OF AN
OFFENSE BEYOND A REASONABLE DOUBT, YOU MUST FIND THAT
DEFENDANT NOT GUILTY ON THAT OFFENSE.

SOME OF YOU MAY HAVE SERVED AS JURORS IN CIVIL CASES,
WHERE YOU WERE TOLD THAT IT IS ONLY NECESSARY TO PROVE
THAT A FACT IS MORE LIKELY TRUE THAN NOT TRUE. IN CRIMINAL
CASES, THE GOVERNMENT'S PROOF MUST BE MORE POWERFUL
THAN THAT. IT MUST BE BEYOND A REASONABLE DOUBT.

PROOF BEYOND A REASONABLE DOUBT IS PROOF THAT LEAVES
YOU FIRMLY CONVINCED OF A DEFENDANT'S GUILT. THERE ARE
VERY FEW THINGS IN THIS WORLD THAT WE KNOW WITH ABSOLUTE
CERTAINTY, AND IN CRIMINAL CASES THE LAW DOES NOT REQUIRE
PROOF THAT OVERCOMES EVERY POSSIBLE DOUBT.

IF, BASED ON YOUR CONSIDERATION OF THE EVIDENCE, YOU
ARE FIRMLY CONVINCED THAT A DEFENDANT IS GUILTY OF A CRIME
CHARGED, YOU MUST FIND HIM GUILTY. IF, ON THE OTHER HAND,
YOU THINK THERE IS A REAL POSSIBILITY THAT HE IS NOT GUILTY,
YOU MUST GIVE HIM THE BENEFIT OF THE DOUBT AND FIND HIM NOT

-18-

GUILTY.

THE PARTIES – THE GOVERNMENT AND THE DEFENDANTS – ARE
REPRESENTED BY LAWYERS. THE FUNCTION OF THE LAWYER IS TO
SHAPE THE PRESENTATION OF EVIDENCE FOR THEIR RESPECTIVE
CLIENTS AND TO MONITOR THE EVIDENCE AS IT IS COMING IN SO
THAT THEY CAN PROTECT THE LEGAL RIGHTS OF THEIR RESPECTIVE
PARTIES.

YOU ARE TO PERFORM THE DUTY OF FINDING THE FACTS
WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY. YOU ARE TO
PERFORM YOUR FINAL DUTY IN AN ATTITUDE OF COMPLETE
FAIRNESS AND IMPARTIALITY.

THE CASE IS IMPORTANT TO THE DEFENDANT[], WHO [IS]
CHARGED WITH SERIOUS CRIMES. EQUALLY, IT IS IMPORTANT TO
THE GOVERNMENT, FOR THE ENFORCEMENT OF CRIMINAL LAWS IS A
MATTER OF PRIME CONCERN TO THE COMMUNITY.

THE FACT THAT THE PROSECUTION IS BEING BROUGHT IN THE
NAME OF THE UNITED STATES OF AMERICA ENTITLES THE
GOVERNMENT TO NO GREATER CONSIDERATION THAN THAT
ACCORDED TO ANY OTHER PARTY TO A LITIGATION. BY THE SAME
TOKEN, IT IS ENTITLED TO NO LESS CONSIDERATION. ALL PARTIES,
WHETHER GOVERNMENT OR INDIVIDUALS, STAND AS EQUALS AT
THE BAR OF JUSTICE.

[2.05] THE STATEMENTS AND ARGUMENTS OF LAWYERS ARE
NOT EVIDENCE. THEY ARE ONLY INTENDED TO ASSIST YOU IN
UNDERSTANDING THE EVIDENCE. [1.07] LIKEWISE, THE QUESTIONS
OF THE LAWYERS ARE NOT EVIDENCE. SOMETIMES A LAWYER'S
QUESTION SUGGESTS THAT SOMETHING IS A FACT. BUT WHETHER
OR NOT SOMETHING IS A FACT DEPENDS ON THE WITNESS' ANSWER
– NOT ON THE LAWYER'S QUESTION.
[2.07] NOW IN THE COURSE OF MONITORING THE EVIDENCE, THE
LAWYERS IN THIS CASE SOMETIMES OBJECTED WHEN THE OTHER
SIDE ASKED A QUESTION, MADE AN ARGUMENT, OR OFFERED
EVIDENCE WHICH THE OBJECTING LAWYER BELIEVED WAS NOT
PROPER. YOU MUST NOT BE PREJUDICED AGAINST A LAWYER WHO
MADE THE OBJECTIONS. IT IS THE LAWYERS' RESPONSIBILITY TO
OBJECT TO EVIDENCE THAT THEY BELIEVE IS NOT ADMISSIBLE.
IF, DURING THE COURSE OF THE TRIAL, I SUSTAINED AN
OBJECTION TO A LAWYER'S QUESTION, YOU SHOULD DISREGARD

THE QUESTION AND YOU MUST NOT SPECULATE AS TO WHAT THE
ANSWER MAY HAVE BEEN. IF, AFTER A WITNESS ANSWERS A
LAWYER'S QUESTION I RULED THAT THE ANSWER SHOULD BE
STRICKEN, YOU SHOULD DISREGARD BOTH THE QUESTION AND THE
ANSWER IN YOUR DELIBERATIONS.

[2.01] NOW THE FUNCTION OF THE COURT IS TO CONDUCT THIS
TRIAL IN AN ORDERLY, FAIR AND EFFICIENT MANNER, TO RULE ON
QUESTIONS OF LAW AND TO INSTRUCT YOU AS TO THE LAW THAT
APPLIES TO THIS CASE.
THE ACTIONS THAT I HAVE TAKEN DURING THE TRIAL IN
RULING ON MOTIONS OR OBJECTIONS BY THE LAWYERS, IN
COMMENTS TO THE LAWYERS, IN QUESTIONS OR COMMENTS TO
WITNESSES OR IN SETTING FORTH THE LAW IN THESE INSTRUCTIONS,
ARE NOT TO BE TAKEN BY YOU AS ANY INDICATION OF MY OPINION
AS TO THE CREDIBILITY OF A WITNESS OR HOW YOU SHOULD
DECIDE THE FACTS. AS I TOLD YOU AT THE BEGINNING OF THE
TRIAL, YOU MAY NOT TAKE ANYTHING I MIGHT HAVE SAID OR DONE
AS INDICATING HOW I THINK YOU SHOULD DECIDE THIS CASE. IF
YOU BELIEVE THAT I HAVE EXPRESSED OR INDICATED ANY OPINION
OF THE FACTS, YOU SHOULD IGNORE IT. IT IS YOUR SOLE AND
EXCLUSIVE DUTY TO DECIDE THE VERDICT IN THIS CASE.

[2.02] YOUR FUNCTION, AS THE JURY, WHEN EXAMINING EACH
CHARGE, IS TO DETERMINE WHETHER THE GOVERNMENT HAS
PROVEN THAT CHARGE AGAINST A DEFENDANT BEYOND A
REASONABLE DOUBT. TO DO THIS, YOU MUST DETERMINE THE
FACTS BASED ON THE EVIDENCE PRESENTED AT THIS TRIAL. YOU
ARE THE SOLE JUDGES OF THE FACTS. YOU ALONE DECIDE WHAT
WEIGHT TO GIVE TO THE EVIDENCE PRESENTED DURING THE TRIAL.
YOU DECIDE THE VALUE OF THE EVIDENCE AND THE BELIEVABILITY
OF THE WITNESSES.

YOU SHOULD DETERMINE THE FACTS WITHOUT PREJUDICE,
FEAR, SYMPATHY OR FAVORITISM. YOU SHOULD NOT BE
IMPROPERLY INFLUENCED BY ANYONE'S RACE, ETHNIC ORIGIN, OR
GENDER. DECIDE THE CASE SOLELY FROM A FAIR CONSIDERATION
OF THE EVIDENCE.

IN THE COURSE OF YOUR DELIBERATIONS ON THE FACTS, IT IS
YOUR DUTY TO ACCEPT THE LAW AS I STATE IT TO YOU. YOU
SHOULD CONSIDER ALL THE INSTRUCTIONS AS A WHOLE. YOU MAY
NOT IGNORE ANY INSTRUCTION OR QUESTION THE WISDOM OF ANY

RULE OF LAW.

[2.03] IF ANY REFERENCE BY THE COURT OR THE ATTORNEYS
TO EVIDENCE DOES NOT COINCIDE WITH YOUR OWN RECOLLECTION
OF THE EVIDENCE, IT IS YOUR RECOLLECTION THAT SHOULD
CONTROL DURING YOUR DELIBERATIONS.

[2.04] NOW THE REASON THE PARTIES, THEIR LAWYERS, THE
JUDGE AND THE JURY ARE BROUGHT TOGETHER IN A TRIAL IS TO
CONSIDER EVIDENCE IN MAKING A DECISION. DURING YOUR
DELIBERATIONS YOU MAY CONSIDER ONLY THE EVIDENCE
PROPERLY ADMITTED IN THIS TRIAL. THE EVIDENCE IN THIS CASE
CONSISTS OF THE SWORN TESTIMONY OF THE WITNESSES, THE
EXHIBITS WHICH WERE ADMITTED INTO EVIDENCE, AND ALSO
STIPULATIONS COUNSEL ENTERED INTO AND READ TO YOU.
WHEN YOU CONSIDER THE EVIDENCE, YOU ARE PERMITTED TO
DRAW FROM THE FACTS THAT YOU FIND HAVE BEEN PROVEN SUCH
REASONABLE INFERENCES AS YOU FEEL ARE JUSTIFIED IN THE
LIGHT OF YOUR EXPERIENCE.

[2.10] THERE ARE TWO TYPES OF EVIDENCE FROM WHICH YOU
MAY FIND THE TRUTH AS TO THE FACTS OF THE CASE – DIRECT
EVIDENCE AND CIRCUMSTANTIAL EVIDENCE. WHEN A WITNESS
ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN
EYEWITNESS, THAT WITNESS'S TESTIMONY IS DIRECT EVIDENCE. A
CHAIN OF FACTS AND CIRCUMSTANCES INDICATING THE GUILT OR
INNOCENCE OF A DEFENDANT IS CIRCUMSTANTIAL EVIDENCE.
THERE IS NO DISTINCTION BETWEEN THE WEIGHT YOU SHOULD GIVE
TO EITHER KIND OF EVIDENCE, NOR DOES CIRCUMSTANTIAL
EVIDENCE REQUIRE A GREATER DEGREE OF CERTAINTY THAN
DIRECT EVIDENCE. IN REACHING A VERDICT IN THIS CASE, YOU
SHOULD WEIGH ALL OF THE EVIDENCE PRESENTED, BOTH DIRECT
AND CIRCUMSTANTIAL.

CERTAIN EVIDENCE WAS ADMITTED ONLY WITH RESPECT TO A
PARTICULAR DEFENDANT, AND NOT AGAINST ANY OTHER
DEFENDANT. YOU MAY CONSIDER SUCH EVIDENCE ONLY WITH
RESPECT TO THE DEFENDANT AGAINST WHOM IT WAS OFFERED.
YOU MUST NOT CONSIDER IT IN ANY WAY IN YOUR DELIBERATIONS
WITH RESPECT TO ANY OTHER DEFENDANT.

YOU MAY NOTICE THAT SOME DOCUMENTS HAVE BEEN
REDACTED, THAT IS, THE DOCUMENTS HAVE PAGES REMOVED OR

PORTIONS ARE COVERED BY WHITEOUT. THESE REDACTIONS WERE
UNDERTAKEN AFTER CONSULTATION WITH COUNSEL AND BASED
UPON THE RULES OF EVIDENCE. YOU SHOULD CONSIDER THE
EVIDENCE IN THE FORM IT HAS BEEN SUBMITTED TO YOU. YOU
SHOULD NOT SPECULATE ON THE PORTIONS THAT HAVE BEEN
REDACTED OR THE REASONS THAT THE PORTIONS HAVE BEEN
REDACTED.

[2.11] IN DETERMINING WHETHER THE GOVERNMENT HAS
ESTABLISHED ANY OF THE CHARGES AGAINST A DEFENDANT
BEYOND A REASONABLE DOUBT, YOU MUST CONSIDER AND WEIGH
THE TESTIMONY OF ALL THE WITNESSES WHO HAVE APPEARED
BEFORE YOU. YOU ARE THE SOLE JUDGE OF THE CREDIBILITY OF
THE WITNESSES. IN OTHER WORDS, YOU ALONE ARE TO DETERMINE
WHETHER TO BELIEVE ANY WITNESS AND THE EXTENT TO WHICH
ANY WITNESS SHOULD BE BELIEVED.

IN REACHING A CONCLUSION AS TO THE CREDIBILITY OF ANY
WITNESS, YOU MAY CONSIDER ANY MATTER THAT MAY HAVE A
BEARING ON THE SUBJECT. YOU MAY CONSIDER THE DEMEANOR
AND THE BEHAVIOR OF THE WITNESS ON THE WITNESS STAND; THE
WITNESS'S MANNER OF TESTIFYING; WHETHER THE WITNESS
IMPRESSES YOU AS A TRUTHFUL PERSON; WHETHER THE WITNESS
IMPRESSES YOU AS HAVING AN ACCURATE MEMORY AND
RECOLLECTION; WHETHER THE WITNESS HAS ANY MOTIVE FOR NOT
TELLING THE TRUTH; WHETHER THE WITNESS HAD A FULL
OPPORTUNITY TO OBSERVE THE MATTERS ABOUT WHICH HE HAS
TESTIFIED; WHETHER THE WITNESS HAS ANY INTEREST IN THE
OUTCOME OF THIS CASE OR FRIENDSHIP OR HOSTILITY TOWARD
OTHER PEOPLE CONCERNED WITH THIS CASE.

YOU HAVE HEARD TESTIMONY ABOUT WITNESSES MEETING
WITH ATTORNEYS OR INVESTIGATORS BEFORE THEY TESTIFIED. IT IS
PERFECTLY PROPER FOR A LAWYER OR INVESTIGATOR TO
INTERVIEW A WITNESS IN PREPARATION FOR TRIAL.

INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF A
WITNESS, OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES,
MAY OR MAY NOT CAUSE YOU TO DISCREDIT SUCH TESTIMONY.
TWO OR MORE PERSONS WITNESSING AN INCIDENT OR
TRANSACTION MAY SEE OR HEAR IT DIFFERENTLY; AN INNOCENT
MISRECOLLECTION, LIKE A FAILURE OF RECOLLECTION, IS NOT AN
UNCOMMON EXPERIENCE. IN WEIGHING THE EFFECT OF THE

INCONSISTENCY OR DISCREPANCY, ALWAYS CONSIDER WHETHER IT
PERTAINS TO A MATTER OF IMPORTANT OR UNIMPORTANT DETAIL,
AND WHETHER THE INCONSISTENCY OR DISCREPANCY RESULTS
FROM INNOCENT ERROR OR INTENTIONAL FALSEHOOD.

YOU MAY CONSIDER THE REASONABLENESS OR
UNREASONABLENESS, THE PROBABILITY OR IMPROBABILITY, OF
THE TESTIMONY OF A WITNESS IN DETERMINING WHETHER TO
ACCEPT IT AS TRUE AND ACCURATE. YOU MAY CONSIDER WHETHER
THE WITNESS HAS BEEN CONTRADICTED OR CORROBORATED BY
OTHER CREDIBLE EVIDENCE.

ORDINARILY, THE RULES OF EVIDENCE DO NOT PERMIT
WITNESSES TO TESTIFY AS TO OPINIONS OR CONCLUSIONS. BUT
THERE IS AN EXCEPTION TO THIS RULE FOR EXPERT WITNESSES.
EXPERTS ARE ALLOWED TO GIVE OPINIONS OR CONCLUSIONS
BECAUSE THEY HAVE BECOME EXPERT IN SOME ART, SCIENCE,
PROFESSION OR CALLING. THEY MAY GIVE THEIR OPINIONS OR
CONCLUSIONS, AND REASONS FOR THEIR OPINIONS.

IN THIS CASE, THE COURT HAS PERMITTED _____.  IF YOU FIND THAT
THE OPINION IS NOT BASED ON SUFFICIENT EDUCATION OR
EXPERIENCE, THAT THE REASONS SUPPORTING THE OPINION ARE
NOT SOUND, OR THAT THE OPINION IS OUTWEIGHED BY OTHER
EVIDENCE, YOU MAY COMPLETELY OR PARTIALLY DISREGARD THE
OPINION. IN OTHER WORDS, GIVE THE OPINION THE WEIGHT YOU
THINK IT DESERVES AFTER YOU CONSIDER IT ALONG WITH ALL THE
OTHER EVIDENCE.

IF YOU BELIEVE THAT ANY WITNESS HAS SHOWN HIM OR
HERSELF TO BE BIASED OR PREJUDICED, FOR OR AGAINST EITHER
SIDE IN THIS TRIAL, YOU MAY CONSIDER AND DETERMINE WHETHER
SUCH BIAS OR PREJUDICE HAS COLORED THE TESTIMONY OF THE
WITNESS SO AS TO AFFECT THE DESIRE AND CAPABILITY OF THAT
WITNESS TO TELL THE TRUTH.

[OMITTED LANGUAGE RE COOPERATING WITNESSES WHO HAVE PLEADED
GUILTY.]

THE TESTIMONY OF _____WHICH
SUMMARIZES CERTAIN RECORDS, HAS BEEN RECEIVED FOR THE
SOLE PURPOSE OF EXPLAINING FACTS DISCLOSED BY RECORDS,
OTHER DOCUMENTS, AND TESTIMONY ADMITTED AS EVIDENCE IN

THE CASE. THEIR SUMMARY TESTIMONY IS NOT, IN AND OF ITSELF, PROOF OF ANY FACTS. THEIR SUMMARY TESTIMONY IS PROVIDED ONLY AS A MATTER OF CONVENIENCE. YOU SHOULD GIVE THIS SUMMARY TESTIMONY THE WEIGHT YOU BELIEVE IT DESERVES.

[2.13] THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING FOR EACH SIDE. RATHER, YOU SHOULD CONSIDER ALL THE FACTS AND CIRCUMSTANCES IN EVIDENCE TO DETERMINE WHICH OF THE WITNESSES YOU BELIEVE. YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER OF WITNESSES ON ONE SIDE IS MORE BELIEVABLE THAN THE TESTIMONY OF A GREATER NUMBER OF WITNESSES ON THE OTHER SIDE, OR YOU MAY FIND TO THE CONTRARY.
[1.10] YOU HAVE HEARD EVIDENCE THAT A WITNESS MADE A STATEMENT ON AN EARLIER OCCASION AND THAT THIS STATEMENT MAY BE INCONSISTENT WITH HIS OR HER TESTIMONY HERE AT TRIAL. THIS EARLIER STATEMENT WAS BROUGHT TO YOUR ATTENTION TO HELP YOU IN EVALUATING THE WITNESS' BELIEVABILITY HERE IN COURT. IN OTHER WORDS, IF ON AN EARLIER OCCASION A WITNESS MADE A STATEMENT THAT IS INCONSISTENT WITH HIS OR HER TESTIMONY IN COURT, YOU MAY CONSIDER THE INCONSISTENCY IN JUDGING THE CREDIBILITY OF THE WITNESS. YOU MAY NOT CONSIDER THIS EARLIER STATEMENT AS PROOF THAT WHAT WAS SAID IN THE EARLIER STATEMENT WAS TRUE.

[2.27] EVERY DEFENDANT IN A CRIMINAL CASE HAS AN ABSOLUTE RIGHT NOT TO TESTIFY. [JOHN BROWNELL HAS]CHOSEN TO EXERCISE [HIS] RIGHT TO REMAIN SILENT. YOU MUST NOT HOLD THIS DECISION AGAINST [HIM], AND IT WOULD BE IMPROPER FOR YOU TO SPECULATE AS TO THE REASON OR REASONS FOR [HIS] DECISION, AND I, THEREFORE, INSTRUCT YOU NOT TO DO SO. MOST IMPORTANTLY, YOU MUST NOT DRAW ANY INFERENCE OF GUILT FROM THE DEFENDANT['] S DECISION[] NOT TO TESTIFY.

### The Charges In This Case

[2.06] TURNING NOW TO THE CHARGES IN THIS CASE, A FEW GENERAL REMARKS. FIRST, THE INDICTMENT IS MERELY THE FORMAL WAY OF ACCUSING A PERSON OF A CRIME TO BRING HIM TO TRIAL. YOU MUST NOT CONSIDER THE INDICTMENT AS EVIDENCE OF ANY KIND – YOU MAY NOT CONSIDER IT AS ANY EVIDENCE OF A

DEFENDANT'S GUILT OR DRAW ANY INFERENCE OF GUILT FROM IT.
[2.14] SECOND, YOU MUST NOT ALLOW THE NATURE OF THE
CHARGES THEMSELVES TO AFFECT YOUR VERDICT. YOU MUST
CONSIDER ONLY THE EVIDENCE THAT HAS BEEN PRESENTED IN THIS
CASE IN RENDERING A FAIR AND IMPARTIAL VERDICT.
THIRD, THERE ARE FOUR BASES OF CRIMINAL RESPONSIBILITY
THAT YOU SHOULD CONSIDER TO DETERMINE WHETHER THE
GOVERNMENT HAS PROVED A DEFENDANT GUILTY OF THE OFFENSE
CHARGED. IN COUNT 1, THE DEFENDANT[ IS CHARGED AS [A] COCONSPIRATOR[];
IN COUNT 2, THE DEFENDANT [IS CHARGED AS A PRINCIPAL.]

A DEFENDANT MAYBE FOUND GUILTY AS A PRINCIPAL IF THAT
THE DEFENDANT PERSONALLY COMMITTED THE ELEMENTS OF THE
OFFENSE AS I WILL INSTRUCT YOU SHORTLY.

WITH RESPECT TO AIDING AND ABETTING, YOU MAY FIND A
DEFENDANT GUILTY OF THE CRIME CHARGED IN THE INDICTMENT
WITHOUT FINDING THAT HE PERSONALLY COMMITTED EACH OF THE
ACTS THAT MAKE UP THE CRIME OR THAT HE WAS PRESENT WHILE
THE CRIME WAS BEING COMMITTED. ANY PERSON WHO IN SOME
WAY INTENTIONALLY PARTICIPATES IN THE COMMISSION OF A
CRIME CAN BE FOUND GUILTY EITHER AS AN AIDER AND ABETTOR
OR AS A PRINCIPAL OFFENDER. IT MAKES NO DIFFERENCE WHICH
LABEL YOU ATTACH. THE PERSON IS AS GUILTY OF THE CRIME AS HE
WOULD BE IF HE HAD PERSONALLY COMMITTED EACH OF THE ACTS
THAT MAKE UP THE CRIME.
TO FIND THAT A DEFENDANT AIDED AND ABETTED IN COMMITTING
A CRIME, YOU MUST FIND THAT THE DEFENDANT KNOWINGLY
ASSOCIATED HIMSELF WITH THE COMMISSION OF THE CRIME, THAT
HE PARTICIPATED IN THE CRIME AS SOMETHING HE WISHED TO
BRING ABOUT, AND THAT HE INTENDED BY HIS ACTIONS TO MAKE IT
SUCCEED.

SOME AFFIRMATIVE CONDUCT BY THE DEFENDANT IN
PLANNING OR CARRYING OUT THE CRIME IS NECESSARY. MERE
PHYSICAL PRESENCE BY THE DEFENDANT AT THE PLACE AND TIME
THE CRIME IS COMMITTED IS NOT BY ITSELF SUFFICIENT TO
ESTABLISH HIS GUILT. HOWEVER, MERE PHYSICAL PRESENCE IS
ENOUGH IF IT IS INTENDED TO HELP IN THE COMMISSION OF THE
CRIME. IT IS NOT NECESSARY THAT YOU FIND THAT THE
DEFENDANT WAS ACTUALLY PRESENT WHILE THE CRIME WAS
COMMITTED.

I SHALL NEXT INSTRUCT YOU ON WHAT IS MEANT BY "CAUSING
AN ACT TO BE DONE." YOU MAY FIND THE DEFENDANT GUILTY OF A
CRIME CHARGED IN THE INDICTMENT WITHOUT FINDING THAT HE
PERSONALLY COMMITTED EACH OF THE ACTS CONSTITUTING THE
OFFENSE OR WAS PERSONALLY PRESENT AT THE COMMISSION OF
THE OFFENSE. A DEFENDANT IS RESPONSIBLE FOR AN ACT THAT HE
WILLFULLY CAUSES TO BE DONE IF THE ACT WOULD BE CRIMINAL IF
PERFORMED BY HIM DIRECTLY OR BY ANOTHER. TO "CAUSE" AN ACT
TO BE DONE MEANS TO BRING IT ABOUT.

[OMITTING BRIBERY-SPECIFIC LANGUAGE HERE]

UNLESS I TELL YOU OTHERWISE, YOU SHOULD GIVE SEPARATE
CONSIDERATION AND RETURN SEPARATE VERDICTS WITH RESPECT
TO . . . EACH COUNT. THE FACT THAT YOU MAY FIND [THE] DEFENDANT GUILTY
OR NOT GUILTY ON ANY ONE COUNT OF THE INDICTMENT SHOULD NOT
CONTROL OR INFLUENCE YOUR VERDICT WITH RESPECT TO ANY OTHER COUNT
OR COUNTS OF THE INDICTMENT. . . ..

[OMITTING MULTI-DEFENDANT LANGUAGE]

[OMITTING LANGUAGE RELATING TO DISMISSED COUNTS]

[OMITTING LANGUAGE RELATING TO ALL BUT TAX AND CONSPIRACY COUNTS]

### Summarizing Counts

THE DEFENDANT [IS] CHARGED IN AN INDICTMENT WHICH
CONTAINS THE FOLLOWING [6] COUNTS:

[SUMMARIZE COUNTS]

1. CONSPIRACY TO [EVADE TAXES] IN VIOLATION OF 18
U.S.C. § 371

[ATTEMPT TO EVADE TAXES IN VIOLATION OF 26 U.S.C. § 7201
AND 18 U.S.C. § 2 IN TAX YEARS 1999 THROUGH 2003]

I WILL NOW PROVIDE YOU WITH THE ELEMENTS OF THE
OFFENSES WITH WHICH THE DEFENDANT [IS] CHARGED. AS TO
EACH CHARGED OFFENSE, THE GOVERNMENT MUST PROVE EACH
ELEMENT BEYOND A REASONABLE DOUBT.

## Conspiracy

[NEED TO INSERT LANGUAGE RELATING TO NEW CHARGE OF CONSPIRACY TO
EVADE TAXES.  APPLICABLE LANGUAGE FROM JEMAL BRIBERY CONSPIRACY
INSTRUCTIONS APPEARS BELOW:]

COUNT 1 CHARGES [THE DEFENDANT ]WITH THE OFFENSE OF
CONSPIRACY TO COMMIT [TAX EVASION]. I AM GOING TO INSTRUCT YOU
ON THIS CHARGE. . . .

THE GOVERNMENT IS NOT REQUIRED TO PROVE THAT THE
OBJECTIVE WAS ACHIEVED. TO FIND [THE] DEFENDANT
GUILTY OF THE CRIME OF CONSPIRACY, YOU MUST BE CONVINCED
THAT THE GOVERNMENT HAS PROVED EACH OF THE FOLLOWING
THREE ELEMENTS, BEYOND A REASONABLE DOUBT:

[SUMMARIZE ALLEGATIONS IN THIS CASE]

SECOND, THE GOVERNMENT MUST PROVE THAT THE SPECIFIC
DEFENDANT INTENTIONALLY JOINED IN THAT AGREEMENT. IT
IS NOT NECESSARY TO FIND HE AGREED TO ALL THE DETAILS
OF THE CRIME, OR THAT HE KNEW THE IDENTITY OF [THE OTHER PERSON]THE
GOVERNMENT HAS CLAIMED W[AS]
PARTICIPATING IN THE AGREEMENT. A PERSON MAY BECOME A
MEMBER OF A CONSPIRACY EVEN IF THAT PERSON AGREES TO
PLAY ONLY A MINOR PART, AS LONG AS THAT PERSON
UNDERSTANDS THE UNLAWFUL NATURE OF THE PLAN AND
VOLUNTARILY AND INTENTIONALLY JOINS IN IT WITH THE
INTENT TO ADVANCE OR FURTHER THE UNLAWFUL OBJECT OF
THE CONSPIRACY. EVEN IF A DEFENDANT WAS NOT PART OF
THE AGREEMENT AT THE VERY START, HE CAN BECOME A
MEMBER OF A CONSPIRACY LATER IF THE GOVERNMENT
PROVES THAT HE INTENTIONALLY JOINED THE AGREEMENT.
DIFFERENT PEOPLE MAY BECOME PART OF THE CONSPIRACY
AT DIFFERENT TIMES.
BUT MERE PRESENCE AT THE SCENE OF THE AGREEMENT

OR OF THE CRIME, OR MERELY BEING WITH THE OTHER

PARTICIPANTS, DOES NOT SHOW THAT THE DEFENDANT

KNOWINGLY JOINED IN THE AGREEMENT. ALSO,

UNKNOWINGLY ACTING IN A WAY THAT HELPS THE

PARTICIPANTS, OR MERELY KNOWING ABOUT THE AGREEMENT

ITSELF, WITHOUT MORE, DOES NOT MAKE A DEFENDANT PART

OF THE CONSPIRACY. SO THE SECOND THING THAT MUST BE

SHOWN IS THAT A DEFENDANT WAS PART OF THE CONSPIRACY.

3. THIRD, THE GOVERNMENT MUST SHOW THAT ONE OF THE
PEOPLE INVOLVED IN THE CONSPIRACY DID SOMETHING FOR
THE PURPOSE OF CARRYING OUT THE CONSPIRACY. THIS
SOMETHING IS REFERRED TO AS AN OVERT ACT. THE
GOVERNMENT MUST SHOW THAT ONE OF THE PEOPLE
INVOLVED IN THE CONSPIRACY DID ONE OF THE OVERT ACTS
IN ORDER TO CARRY OUT THE CONSPIRACY. THE CHARGED
OVERT ACTS ARE AS FOLLOWS:

[ADAPT FROM INDICTMENT]

A CONSPIRACY CAN BE PROVED INDIRECTLY, BY FACTS AND
CIRCUMSTANCES THAT LEAD TO A CONCLUSION THAT A
CONSPIRACY EXISTED. BUT IT IS UP TO THE GOVERNMENT TO PROVE
THAT SUCH FACTS AND CIRCUMSTANCES EXISTED AND LEAD TO
THAT CONCLUSION IN THIS PARTICULAR CASE.

IN DECIDING WHETHER AN AGREEMENT EXISTED, YOU MAY
CONSIDER THE ACTS AND STATEMENTS OF ALL THE ALLEGED
PARTICIPANTS. IN DECIDING WHETHER [THE] DEFENDANT BECAME A
MEMBER OF THAT CONSPIRACY, YOU MAY CONSIDER ONLY THE
ACTS AND STATEMENTS OF [THE] DEFENDANT.

IN SUMMARY, A CONSPIRACY IS A KIND OF PARTNERSHIP IN
CRIME. FOR ANY DEFENDANT TO BE CONVICTED OF THE CRIME OF
CONSPIRACY, THE GOVERNMENT MUST PROVE THREE THINGS
BEYOND A REASONABLE DOUBT: FIRST, THAT DURING [APPLICABLE TIME
PERIOD] THERE WAS AN AGREEMENT TO COMMIT THE CRIME
OF [TAX EVASION]; SECOND, THAT THE DEFENDANT INTENTIONALLY

-28-

JOINED IN THAT AGREEMENT; AND THIRD, THAT ONE OF THE PEOPLE
INVOLVED IN THE CONSPIRACY DID ONE OF THE OVERT ACTS
CHARGED.

SOME OF THE PEOPLE WHO MAY HAVE BEEN INVOLVED IN
THESE EVENTS ARE NOT ON TRIAL. THIS DOES NOT MATTER. THERE
IS NO REQUIREMENT THAT ALL MEMBERS OF A CONSPIRACY BE
CHARGED AND PROSECUTED OR TRIED TOGETHER IN ONE
PROCEEDING.

NOR IS THERE ANY REQUIREMENT THAT THE NAMES OF THE
ALL OTHER CONSPIRATORS BE LISTED IN THE INDICTMENT. AN
INDICTMENT CAN CHARGE A DEFENDANT WITH A CONSPIRACY
INVOLVING PEOPLE WHOSE NAMES ARE NOT GIVEN, AS LONG AS
THE GOVERNMENT CAN PROVE THAT A DEFENDANT CONSPIRED
WITH ONE OR MORE OF THEM. WHETHER THEY ARE NAMED OR NOT
DOES NOT MATTER.

SOME OF THE EVENTS THAT YOU HAVE HEARD ABOUT
HAPPENED IN OTHER PLACES. THERE IS NO REQUIREMENT THAT THE
ENTIRE CONSPIRACY TAKE PLACE HERE IN WASHINGTON, D.C. BUT
FOR YOU TO RETURN A GUILTY VERDICT IN THE CONSPIRACY
CHARGE, THE GOVERNMENT MUST CONVINCE YOU THAT ONE OF
THE OVERT ACTS TOOK PLACE HERE IN THE DISTRICT OF COLUMBIA.

UNLIKE ALL THE OTHER ELEMENTS THAT I HAVE DESCRIBED,
THIS IS A FACT THE GOVERNMENT ONLY HAS TO PROVE BY A
PREPONDERANCE OF THE EVIDENCE. THIS MEANS THE
GOVERNMENT ONLY HAS TO CONVINCE YOU THAT IT IS MORE
LIKELY THAN NOT THAT PART OF THE CONSPIRACY TOOK PLACE
HERE.

REMEMBER THAT ALL THE OTHER ELEMENTS I HAVE
DESCRIBED MUST BE PROVED BEYOND A REASONABLE DOUBT.

YOU MUST UNANIMOUSLY AGREE ON A SPECIFIC CHARGED
OVERT ACT IN FURTHERANCE OF THE CONSPIRACY THAT OCCURRED
HERE IN THE DISTRICT; IT IS NOT SUFFICIENT IF SOME OF YOU FIND
THAT ONE CHARGED OVERT ACT OCCURRED HERE, WHILE OTHERS
OF YOU FIND THAT A DIFFERENT CHARGED OVERT ACT OCCURRED
HERE.

IF YOU FIND THAT THE GOVERNMENT HAS PROVEN BEYOND A

REASONABLE DOUBT EACH OF THE THREE ELEMENTS OF
CONSPIRACY TO COMMIT [TAX EVASION] AS I HAVE JUST DESCRIBED THEM
TO YOU, YOU SHOULD PROCEED NO FURTHER AND REPORT YOUR
GUILTY VERDICT.

HOWEVER, IF YOU FIND THAT THE GOVERNMENT HAS NOT
PROVEN BEYOND A REASONABLE DOUBT THAT [THE] DEFENDANT HAS
COMMITTED THE CRIME OF CONSPIRACY TO COMMIT [TAX EVASION] AS I
JUST DEFINED THAT OFFENSE TO YOU, THEN YOU MUST [FIND THE DEFENDANT
NOT GUILTY]. [OMITTING LESSER-INCLUDED OFFENSE INSTRUCTION RELATING
TO GRATUITIES.]

### Tax Evasion

[SUMMARIZE COUNTS TWO THROUGH SIX]

SECTION 7201 OF TITLE 26 OF THE UNITED STATE CODE
PROVIDES, IN PART THAT: "ANY PERSON WHO WILLFULLY
ATTEMPTS IN ANY MANNER TO EVADE OR DEFEAT ANY TAX
IMPOSED BY THIS TITLE OF THE PAYMENT THEREOF SHALL . . ." BE
GUILTY OF A CRIME.

TO SUSTAIN ITS BURDEN OF PROOF FOR THE CRIME OF
WILLFULLY ATTEMPTING "TO EVADE OR DEFEAT ANY TAX OR THE
PAYMENT THEREOF," THE GOVERNMENT MUST PROVE THE
FOLLOWING THREE (3) ESSENTIAL ELEMENTS BEYOND A
REASONABLE DOUBT:

1. FIRST, FOR THE SPECIFIC CALENDAR YEAR, THERE EXISTED A
TAX DEFICIENCY RELATED TO INCOME TAXES DUE AND OWING
FROM [JOHN BROWNELL];
2. SECOND, THE DEFENDANT COMMITTED AN AFFIRMATIVE ACT
OR ACTS CONSTITUTING AN EVASION OR ATTEMPTED EVASION
OF THIS TAX, AS DETAILED AS IN THE INDICTMENT,
3. THIRD, IN ATTEMPTING TO EVADE SUCH TAX, THE DEFENDANT
ACTED WILLFULLY.

[OMITTING PINKERTON LANGUAGE]

IN CONSIDERING THE FIRST ELEMENT, THAT IS, THE EXISTENCE
OF A TAX DEFICIENCY, THE GOVERNMENT MUST PROVE BEYOND A
REASONABLE DOUBT THAT THE DEFENDANT WILLFULLY
ATTEMPTED TO EVADE OR DEFEAT A SUBSTANTIAL PORTION OF THE

TAX ALLEGEDLY OWED. THE TERM "SUBSTANTIAL" IS A RELATIVE
TERM NOT MEASURED IN TERMS OF GROSS OR NET INCOME NOR BY
THE TAX SHOWN TO BE DUE AND PAYABLE. ALL THE ATTENDANT
CIRCUMSTANCES MUST BE TAKEN INTO CONSIDERATION.
ALTHOUGH THE GOVERNMENT MUST PROVE A WILLFUL ATTEMPT
TO EVADE A SUBSTANTIAL PORTION OF TAX, THE GOVERNMENT IS
NOT REQUIRED TO PROVE THE PRECISE AMOUNT OF ADDITIONAL
TAX ALLEGED IN THE INDICTMENT OR THE PRECISE AMOUNT OF
ADDITIONAL TAX OWED.

IN CONSIDERING THE SECOND ELEMENT, THE PHRASE
"ATTEMPT[S] TO EVADE THIS TAX OR DEFEAT PAYMENT OF THIS
TAX" INVOLVES TWO THINGS: FIRST, THE FORMATION OF AN INTENT
TO EVADE A TAX, AND SECOND, WILLFULLY PERFORMING SOME ACT
TO EVADE PAYMENT OF THAT TAX.

THE PHRASE "ATTEMPTS IN ANY MANNER TO EVADE OR
DEFEAT ANY TAX" CONTEMPLATES AND CHARGES THAT [JOHN BROWNELL]
KNEW AND UNDERSTOOD THAT [FOR]
THE CALENDAR YEAR[S 1999 THROUGH 2003, JOHN BROWNELL] OWED
SUBSTANTIALLY MORE FEDERAL INCOME
TAX THAN HAD BEEN PAID FOR THAT YEAR AND THEN TRIED IN
SOME WAY TO AVOID THAT ADDITIONAL TAX.

TO SHOW AN "ATTEMPT IN ANY MANNER TO EVADE,"
THEREFORE, THE GOVERNMENT MUST PROVE BEYOND A
REASONABLE DOUBT THAT DEFENDANT[] [JOHN BROWNELL] INTENDED TO
EVADE THE INCOME TAX DUE BY [JOHN BROWNELL] AND THAT [HE]
COMMITTED, PERSONALLY, AS AN
AIDER AND ABETTOR, OR BY CAUSING ACTS TO BE DONE, SOME
AFFIRMATIVE ACT TO ACCOMPLISH THIS INTENT TO EVADE THAT
TAX.

THE INDICTMENT CHARGES NUMEROUS ACTS BY THE
DEFENDANT[] AND CAUSED BY THE DEFENDANT[]; YOU MUST BE
UNANIMOUS AS TO AT LEAST ONE ACT OF EVASION.

AS I HAVE ALREADY INSTRUCTED YOU, IN ORDER TO SUSTAIN
ITS BURDEN OF PROOF FOR THE CRIME OF TAX EVASION AS
CHARGED IN COUNTS [TWO THROUGH SIX]OF THE INDICTMENT,
THE GOVERNMENT MUST PROVE BEYOND A REASONABLE DOUBT
THAT THE DEFENDANT ACTED "WILLFULLY." TO ACT WILLFULLY
MEANS TO ACT VOLUNTARILY AND DELIBERATELY, INTENDING TO

VIOLATE A KNOWN LEGAL DUTY WITH SOME ELEMENT OF BAD
FAITH OR WRONGFUL INTENT. THE GOVERNMENT MUST PROVE
THAT THE LAW IMPOSED A DUTY ON THE DEFENDANT, THAT THE
DEFENDANT KNEW OF THIS DUTY, AND THAT HE VOLUNTARILY AND
INTENTIONALLY VIOLATED THAT DUTY. IF A DEFENDANT HAS A
GOOD FAITH BELIEF THAT HE IS NOT LIABLE FOR A TAX, HE DOES
NOT ACT WILLFULLY, EVEN IF HIS BELIEF IS OBJECTIVELY
UNREASONABLE.

NEGLIGENT CONDUCT IS NOT SUFFICIENT TO CONSTITUTE
WILLFULNESS.

[OMITTING LANGUAGE RE. ESHERICK RETURNS]

THE INDICTMENT IN THIS CASE ALLEGES, AMONG OTHER ACTS
OF CRIMINAL TAX EVASION, THAT DEFENDANT [JOHN BROWNELL] RECEIVED
FROM DOUGLAS DEVELOPMENT CORPORATION AND
DOUGLAS JEMAL [SEVERAL] TYPES OF INCOME THAT SHOULD HAVE BEEN
REPORTED TO BUT WERE WILLFULLY CONCEALED FROM THE
INTERNAL REVENUE SERVICE. AS A GENERAL MATTER, THE
INDICTMENT CHARGES THAT THIS UNREPORTED INCOME CONSISTS
OF PAYMENTS FROM DOUGLAS DEVELOPMENT CORPORATION TO
[JOHN BROWNELL] OR FOR HIS BENEFIT.  [OMITTING SPECIFIC ESHERICK
LANGUAGE HERE – NEED TO SUMMARIZE OTHER ALLEGED PAYMENTS TO
BROWNELL ALLEGED IN THE INDICTMENT.]

IT IS FOR YOU TO DETERMINE WHETHER THERE WAS
UNREPORTED INCOME THAT RESULTED IN A SUBSTANTIAL TAX
LIABILITY TO [JOHN BROWNELL], WHICH INCOME [JOHN BROWNELL]
WILLFULLY CONCEALED FROM THE INTERNAL
REVENUE SERVICE IN ORDER TO EVADE OR DEFEAT THE TAX THAT
[JOHN BROWNELL] OWED.

IN ADDITION TO DETERMINING WHETHER THE GOVERNMENT
HAS PROVED THAT SUCH TRANSACTIONS WERE INCOME TO
DEFENDANT [JOHN BROWNELL], YOU MUST ALSO DETERMINE
WHETHER THE GOVERNMENT HAS PROVED THAT DEFENDANT
[BROWNELL] KNEW THAT THESE TRANSACTIONS SHOULD HAVE BEEN
TREATED AS INCOME. IF A DEFENDANT HAS A GOOD FAITH BELIEF
THAT A TRANSACTION DOES NOT CONSTITUTE TAXABLE INCOME, HE
CANNOT BE GUILTY OF TAX EVASION, EVEN IF HIS BELIEF WAS
MISTAKEN.

ACCORDINGLY, I HEREBY INSTRUCT YOU AS TO CERTAIN
PRINCIPLES OF THE TAX LAWS.

"GROSS INCOME" AS THE TERM IS USED FOR THE PURPOSE OF
THE TAX LAWS, AND AS THE TERM IS USED ON THE IRS "FORM 1040,"
MEANS ALL INCOME FROM WHATEVER SOURCE DERIVED,
INCLUDING, BUT NOT LIMITED TO, COMPENSATION FOR SERVICES. IT
INCLUDES INCOME REALIZED IN ANY FORM, UNLESS SPECIFICALLY
EXCLUDED BY LAW. IT GENERALLY MEANS THE RECEIPT OF AN
ECONOMIC BENEFIT OR THE RECEIPT OF ECONOMIC VALUE. AS A
MATTER OF LAW, GIFTS AND LOANS OF ANY AMOUNT ARE
EXCLUDED FROM GROSS INCOME. UPON RECEIPT OF GIFTS OR
LOANS, A DONEE HAS NO OBLIGATION TO REPORT THE RECEIPT OF
THE GIFTS OR LOANS ON HIS TAX RETURNS.

AS NOTED, AMOUNTS RECEIVED AS COMPENSATION BY AN
EMPLOYEE FROM HIS EMPLOYER CONSTITUTE GROSS INCOME. THUS,
WAGES, SALARIES, COMMISSIONS, COMPENSATION FOR SERVICES
ON THE BASES OF A PERCENTAGE OF PROFITS, BONUSES, AND OTHER
FORMS OF COMPENSATION ARE CONSIDERED INCOME TO THE
RECIPIENT. COMPENSATION FOR SERVICES IS TAXABLE INCOME
REGARDLESS OF THE FORM —CASH OR NONCASH—IN WHICH IT
RECEIVED.

IF THE EMPLOYER COMPENSATES AN EMPLOYEE FOR SERVICES
IN A FORM OTHER THAN CASH, THE FAIR MARKET VALUE OF THE
PROPERTY OR BENEFITS RECEIVED BY THE EMPLOYEE MUST BE
INCLUDED IN THE EMPLOYEE'S INCOME. PAYMENTS BY AN
EMPLOYER OF AN EMPLOYEE'S PERSONAL EXPENSES, OR PAYMENTS
BY AN EMPLOYER THAT DISCHARGE AN EMPLOYEE'S PERSONAL
OBLIGATIONS, SUCH AS PAYMENTS OF AN EMPLOYEE'S DEBTS,
BENEFIT THE EMPLOYEE DIRECTLY AND ARE LIKEWISE INCLUDABLE
AS TAXABLE INCOME. THIS IS SO BECAUSE AN EMPLOYEE REALIZES
INCOME IF HIS PERSONAL EXPENSES ARE PAID BY HIS EMPLOYER,
FOR, IN SUCH CASES, THE EMPLOYEE HAS RECEIVED A TANGIBLE
BENEFIT.

[OMITTING SPECIFIC VEHICLE- AND LODGING-RELATED LANGUAGE]

A BONA FIDE LOAN OR ADVANCE IS NOT TAXABLE INCOME
BECAUSE WHATEVER TEMPORARY ECONOMIC BENEFIT IS DERIVED
FROM THE USE OF THE FUNDS IS OFFSET BY A CORRESPONDING
OBLIGATION TO REPAY THE FUNDS. FOR THIS RULE TO APPLY,

HOWEVER, THE LOAN MUST BE AN EXISTING, UNCONDITIONAL, AND
LEGALLY ENFORCEABLE OBLIGATION FOR THE PAYMENT OF A
PRINCIPAL SUM.

WHETHER CERTAIN TRANSACTIONS CONSTITUTE LOANS FOR
INCOME TAX PURPOSES IS A FACTUAL QUESTION INVOLVING
SEVERAL CONSIDERATIONS, BUT A DISTINGUISHING
CHARACTERISTIC OF A LOAN IS THE INTENTION OF BOTH PARTIES
THAT THE MONEY ADVANCED BE REPAID.

IN DETERMINING WHETHER AMOUNTS RECEIVED BY [JOHN BROWNELL] WERE
TAXABLE INCOME OR A NON-TAXABLE LOAN, YOU
MUST LOOK TO THE TOTALITY OF THE FACTS AND CIRCUMSTANCES,
INCLUDING, BUT NOT LIMITED TO, THE FOLLOWING FACTORS: (1)
WHETHER THE PROMISE TO REPAY IS EVIDENCED BY A NOTE OR
OTHER INSTRUMENT; (2) WHETHER INTEREST WAS CHARGED; (3)
WHETHER A FIXED SCHEDULE FOR REPAYMENTS WAS ESTABLISHED;

(4) WHETHER COLLATERAL WAS GIVEN TO SECURE PAYMENT; (5)
WHETHER REPAYMENTS WERE MADE; (6) WHETHER THE BORROWER
HAD A REASONABLE PROSPECT OF REPAYING THE LOAN; (7)
WHETHER THE TRANSACTION IS TREATED AS A LOAN FOR
ACCOUNTING PURPOSES; AND (8) WHETHER THE PARTIES
CONDUCTED THEMSELVES AS IF THE TRANSACTION WERE A LOAN.
ALTHOUGH THE FACTORS ARE NON-EXCLUSIVE AND NO SINGLE
FACTOR IS DISPOSITIVE, THEY PROVIDE A WAY TO DISTINGUISH A
BONA FIDE LOAN FROM A SHAM LOAN OR A LOAN IN NAME ONLY.
MERELY CALLING A TRANSACTION A LOAN IS NOT SUFFICIENT TO
MAKE IT SUCH. WHEN MONEY IS ACQUIRED AND THERE IS NO GOOD
FAITH INTENT ON THE PART OF THE BORROWER TO REPAY THE
FUNDS ADVANCED, SUCH FUNDS ARE INCOME UNDER THE INCOME
TAX LAWS AND TAXABLE AS SUCH.

FINALLY, TO ESTABLISH A VALID DEBT, THE OBLIGATION TO
REPAY MUST BE UNCONDITIONAL. REALIZATION OF INCOME
CANNOT BE POSTPONED BY A CONTINGENT OBLIGATION TO
REIMBURSE, SUCH AS A DEBT THAT BECOME PAYABLE ONLY WHEN
AN EMPLOYEE LEAVES A COMPANY BEFORE A SET DATE. YOU
SHOULD CONSIDER ALL THE EVIDENCE TO DETERMINE WHETHER
THE SPECIFIC PAYMENTS AT ISSUE WERE NON-TAXABLE LOANS, OR
TAXABLE INCOME. AN UNWRITTEN, NON-INTEREST BEARING,
DEMAND LOAN FROM AN EMPLOYER TO AN EMPLOYEE CAN BE AN
ENFORCEABLE OBLIGATION UNDER STATE LAW AND RESPECTED AS

A BONA FIDE LOAN FOR FEDERAL TAX PURPOSES.

IF A DEFENDANT HAS A GOOD FAITH BELIEF THAT A
TRANSACTION DOES NOT CONSTITUTE TAXABLE INCOME, HE
CANNOT BE GUILTY OF TAX EVASION, EVEN IF HIS BELIEF WAS
MISTAKEN.

AS A GENERAL MATTER, THE TAX LAWS EXCLUDE FROM GROSS
INCOME "GIFTS" THAT ARE RECEIVED BY THE TAXPAYER.
HOWEVER, THE TAX LAW DOES NOT EXCLUDE FROM A TAXPAYER'S
GROSS INCOME ANY AMOUNTS TRANSFERRED BY OR FOR AN
EMPLOYER TO, OR FOR THE BENEFIT OF AN EMPLOYEE, EVEN WHEN
THE EMPLOYER LABELS THE TRANSFER A "GIFT."

THERE IS A NARROW EXCEPTION TO THE ABOVE PRINCIPLE: A
GIFT MADE BY AN EMPLOYER TO AN EMPLOYEE FOR PERSONAL
REASONS, IF IT ENTIRELY UNRELATED TO THE EMPLOYMENT
RELATIONSHIP COULD BE CONSIDERED A GIFT THAT IS NOT
CONSIDERED INCOME TO THE EMPLOYEE.

[OMITTING LANGUAGE RELATING TO USE OF HOUSE]

IF A DEFENDANT HAS A GOOD FAITH BELIEF THAT
A TRANSACTION DOES NOT CONSTITUTE TAXABLE INCOME, HE
CANNOT BE FOUND GUILTY OF TAX EVASION AS TO THAT
TRANSACTION, EVEN IF HIS BELIEF WAS MISTAKEN.

IT IS THE THEORY OF THE DEFENSE THAT THE PAYMENTS TO
[JOHN BROWNELL] WERE LOANS [OR WERE OTHERWISE NON-TAXABLE FUNDS]
AND WERE CONSIDERED TO BE SUCH BY [JOHN BROWNELL].   [OMITTING
LANGUAGE RELATING TO HOUSING AND VEHICLES]

I REMIND YOU THAT THE BURDEN IS NOT ON THE DEFENDANTS
TO PROVE THAT THESE PAYMENTS WERE LOANS OR GIFTS. RATHER
THE BURDEN IS ON THE GOVERNMENT TO PROVE BEYOND A
REASONABLE DOUBT THAT THESE PAYMENTS WERE NOT LOANS OR
GIFTS. IF YOU HAVE A REASONABLE DOUBT AS TO WHETHER THESE
PAYMENTS WERE INCOME, THEN YOU MUST FIND[JOHN BROWNELL] NOT
GUILTY.

EVEN IF YOU DO CONCLUDE THAT THE GOVERNMENT HAS
PROVED BEYOND A REASONABLE DOUBT THAT THESE PAYMENTS
WERE INCOME AND NOT LOANS OR GIFTS, YOUR JOB IS NOT OVER.

THE GOVERNMENT MUST ALSO PROVE THAT THE DEFENDANTS DID
NOT BELIEVE IN GOOD FAITH THAT THESE PAYMENTS WERE LOANS
OR GIFTS. IF YOU HAVE A REASONABLE DOUBT AS TO WHETHER
[JOHN BROWNELL] BELIEVED IN GOOD FAITH
THAT THESE PAYMENTS WERE LOANS OR GIFTS AND NOT INCOME TO
[JOHN BROWNELL], THEN YOU MUST ALSO FIND[JOHN BROWNELL] NOT GUILTY

AS I HAVE INSTRUCTED YOU, THE GOVERNMENT MUST PROVE
THAT DOUGLAS JEMAL AND [JOHN BROWNELL] BELIEVED THAT ANY
OBLIGATION OF [JOHN BROWNELL] TO REPAY NON-SALARY
PAYMENTS MADE TO, OR FOR THE BENEFIT OF, [JOHN BROWNELL]
HAD BEEN FORGIVEN BY THE TIME THAT [JOHN BROWNELL] FILED HIS
TAX RETURNS.

THE DEFENSE CONTENDS THAT DOUGLAS JEMAL HAD NOT
FORGIVEN [JOHN BROWNELL]'S OBLIGATION TO REPAY THOSE
NON-SALARY PAYMENTS. I INSTRUCT YOU THAT UNLESS DOUGLAS
JEMAL AND [JOHN BROWNELL] EACH UNDERSTOOD THAT [JOHN BROWNELL]
WOULD NOT HAVE TO REPAY THE NON-SALARY
PAYMENTS UNDER THOSE CIRCUMSTANCES, THEN THESE PAYMENTS
WERE LOANS, NOT INCOME.


[OMITTING LANGUAGE RELATING TO DEDUCTIONS CLAIMED, AND TO
ARGUMENT MADE IN REBUTTAL BY PROSECUTOR IN JEMAL CASE]



**Defense Theory of the Case**

GOOD FAITH IS A COMPLETE DEFENSE TO ALL OF THE CHARGES
IN THE INDICTMENT, BECAUSE GOOD FAITH ON THE PART OF A
DEFENDANT IS INCONSISTENT WITH A FINDING THAT THE
DEFENDANT ACTED WILLFULLY, CORRUPTLY OR WITH SPECIFIC
INTENT TO VIOLATE THE LAW, WHICH ARE ESSENTIAL PARTS OF THE
CHARGES IN EACH COUNT IN THIS CASE. THE DEFENDANT [HAS] NO
BURDEN TO PROVE THAT [HE] ACTED IN GOOD FAITH, BECAUSE
THE DEFENDANT [HAS] NO BURDEN TO PROVE ANYTHING IN THIS
CASE. THE GOVERNMENT MUST CONVINCE YOU, BEYOND A
REASONABLE DOUBT, THAT [THE] DEFENDANT ACTED WILLFULLY,
CORRUPTLY OR WITH INTENT TO DEFRAUD, AND, CONSEQUENTLY,
WITH A LACK OF GOOD FAITH.

WHILE THE TERM "GOOD FAITH" HAS NO PRECISE DEFINITION,
IT MEANS, AMONG OTHER THINGS, A BELIEF OR OPINION HONESTLY
HELD, AN ABSENCE OF MALICE OR ILL WILL, AND AN INTENTION TO
AVOID TAKING UNFAIR ADVANTAGE OF ANOTHER. IN CONSIDERING
WHETHER OR NOT [THE] DEFENDANT ACTED IN GOOD
FAITH, YOU ARE INSTRUCTED THAT A PERSON WHO ACTS ON A
BELIEF OR AN OPINION HONESTLY HELD IS NOT PUNISHABLE
MERELY BECAUSE THE BELIEF OR OPINION TURNS OUT TO BE
INACCURATE, INCORRECT OR WRONG. AN HONEST MISTAKE IN
JUDGMENT OR AN ERROR IN MANAGEMENT DOES NOT RISE TO THE
LEVEL OF KNOWLEDGE AND WILLFULNESS REQUIRED BY THE
STATUTES UNDER WHICH THE DEFENDANTS [IS] CHARGED.

IN DETERMINING WHETHER OR NOT THE GOVERNMENT HAS
PROVEN THAT [THE] DEFENDANT ACTED IN GOOD FAITH
OR ACTED KNOWINGLY AND WILLFULLY TO DEFRAUD, THE JURY
MUST CONSIDER ALL OF THE EVIDENCE IN THE CASE BEARING ON
TH[E] DEFENDANT'S STATE OF MIND.

IF THE EVIDENCE IN THIS CASE LEAVES YOU WITH A
REASONABLE DOUBT AS TO WHETHER [THE] DEFENDANT
ACTED WITH THE REQUISITE FRAUDULENT INTENT OR IN GOOD
FAITH, THEN YOU MUST ACQUIT TH[E] DEFENDANT.

[3.02] SOMEONE'S INTENT OR KNOWLEDGE ORDINARILY
CANNOT BE PROVED DIRECTLY, BECAUSE THERE IS NO WAY OF
DIRECTLY LOOKING INTO THE WORKINGS OF THE HUMAN MIND. BUT
YOU MAY INFER THE DEFENDANT'S INTENT OR KNOWLEDGE FROM
THE SURROUNDING CIRCUMSTANCES. YOU MAY CONSIDER ANY
STATEMENT MADE OR ACTS DONE OR OMITTED BY THE DEFENDANT,
AND ALL OTHER FACTS AND CIRCUMSTANCES RECEIVED IN
EVIDENCE WHICH INDICATE THE DEFENDANT'S INTENT OR
KNOWLEDGE.

YOU MAY INFER, BUT ARE NOT REQUIRED TO INFER, THAT A
PERSON INTENDS THE NATURAL AND PROBABLE CONSEQUENCES OF
ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED. IT IS ENTIRELY
UP TO YOU, HOWEVER, TO DECIDE WHAT FACTS TO FIND FROM THE
EVIDENCE RECEIVED DURING THIS TRIAL. YOU SHOULD CONSIDER
ALL THE CIRCUMSTANCES IN EVIDENCE THAT YOU THINK ARE
RELEVANT IN DETERMINING WHETHER THE GOVERNMENT HAS
PROVED BEYOND A REASONABLE DOUBT THAT THE DEFENDANT
ACTED WITH THE NECESSARY STATE OF MIND.

## Instructions Regarding Closing Arguments

LADIES AND GENTLEMEN, WE NOW ARE ABOUT TO HEAR
CLOSING ARGUMENTS IN THIS CASE. AS I TOLD YOU AT THE
BEGINNING OF THE CASE, CLOSING ARGUMENTS OF THE LAWYERS,
JUST LIKE YOUR OPENING STATEMENTS, ARE NOT EVIDENCE IN THIS
CASE. THEY ARE ARGUMENTS BASED ON THE EVIDENCE AND THEY
ARE INTENDED TO HELP YOU UNDERSTAND THE EVIDENCE. THEY
ARE THE LAWYERS' CHANCE TO TRY TO PERSUADE YOU AND
DEMONSTRATE TO YOU WHAT THE EVIDENCE HAS SHOWN.

BEFORE THE LAWYERS ARGUE TO YOU, I WANT TO TELL YOU
THAT THERE IS A DIFFERENCE BETWEEN ARGUMENTS BY A LAWYER
AND THE EXPRESSION OF PERSONAL BELIEFS OR OPINIONS BY A
LAWYER. IT IS ENTIRELY PROPER – INDEED IT IS THE VERY PURPOSE
OF THIS PART OF A TRIAL – FOR A LAWYER TO ARGUE TO YOU
THOROUGHLY AND VIGOROUSLY ABOUT WHAT THE EVIDENCE
SHOWS IN THIS CASE. AT THE SAME TIME, HOWEVER, A LAWYER
MAY NOT EXPRESS A PERSONAL BELIEF OR PERSONAL OPINION
DURING ARGUMENT. THE REASON, OF COURSE, IS BECAUSE IT IS
NOT A LAWYER'S PERSONAL BELIEF OR OPINION – JUST AS I HAVE
TOLD YOU EARLIER IT IS NOT MY PERSONAL BELIEF OR OPINION –
THAT MATTERS IN THIS CASE. ANY PERSONAL BELIEF OR OPINION
THAT THE LAWYERS OR I MIGHT EXPRESS AS TO THE FACTS OR THE
TESTIMONY OR THE EVIDENCE SHOULD NOT AFFECT YOUR
CONSIDERATION OF THIS MATTER. THE ONLY THING THAT SHOULD
MATTER IN YOUR DELIBERATIONS IS WHAT YOU DECIDE THE
EVIDENCE HAS SHOWN, AND YOUR VERDICT MUST BE BASED ONLY
ON THE EVIDENCE.

WE NOW WILL HEAR FROM COUNSEL, AND I ASK YOU TO GIVE
THEIR ARGUMENTS YOUR FULLEST AND MOST CAREFUL ATTENTION.

### [CLOSING ARGUMENTS ARE GIVEN]

* * * * *

## FINAL INSTRUCTIONS PRIOR TO DELIBERATIONS

[2.71] WHEN YOU RETURN TO THE JURY ROOM, YOU SHOULD
FIRST SELECT ONE OF YOUR MEMBERS TO BE THE FOREPERSON. THE
FOREPERSON SHOULD PRESIDE OVER YOUR DELIBERATIONS AND
WILL BE YOUR SPOKESPERSON HERE IN COURT.

[2.72] THE VERDICT MUST REPRESENT THE CONSIDERED
JUDGMENT OF EACH JUROR. IN ORDER TO RETURN A VERDICT, EACH
JUROR MUST AGREE TO THE VERDICT. YOUR VERDICT MUST BE
UNANIMOUS.

[2.73] I WILL SEND THE EXHIBITS THAT HAVE BEEN ADMITTED
INTO EVIDENCE WITH YOU AS YOU START YOUR DELIBERATIONS.

[1.02] DURING THE TRIAL, I HAVE PERMITTED THOSE JURORS
WHO WANTED TO DO SO TO TAKE NOTES. YOU MAY TAKE YOUR
NOTES WITH YOU TO THE JURY ROOM AND USE THEM DURING YOUR
DELIBERATIONS IF YOU WISH. AS I TOLD YOU AT THE BEGINNING OF
THE TRIAL, YOUR NOTES ARE ONLY TO BE AN AID TO YOUR MEMORY
AND THEY SHOULD NOT REPLACE YOUR MEMORY. THOSE JURORS
WHO HAVE NOT TAKEN NOTES SHOULD RELY ON THEIR OWN
MEMORY OF THE EVIDENCE AND SHOULD NOT BE INFLUENCED BY
ANOTHER JUROR'S NOTES. THE NOTES ARE INTENDED TO BE FOR
THE NOTETAKER'S OWN PERSONAL USE.

AT THE END OF YOUR DELIBERATIONS, PLEASE TEAR OUT
FROM YOUR NOTEBOOKS ANY NOTES YOU HAVE MADE AND GIVE
THEM TO YOUR FOREPERSON. THE COURTROOM DEPUTY WILL
COLLECT YOUR NOTEBOOKS AND PENCILS WHEN YOU RETURN TO
THE COURTROOM, AND I WILL ASK THE FOREPERSON TO GIVE THE
COURTROOM DEPUTY YOUR NOTES WHEN YOUR VERDICT IS
ANNOUNCED. THE COURTROOM DEPUTY WILL GIVE THE NOTES TO
ME AND I WILL DESTROY YOUR NOTES IMMEDIATELY AFTER THE
TRIAL. NO ONE, INCLUDING MYSELF, WILL LOOK AT THEM.

[2.74] THE QUESTION OF POSSIBLE PUNISHMENT OF THE
DEFENDANT IN THE EVENT OF CONVICTION IS NO CONCERN OF
YOURS AND SHOULD NOT ENTER INTO OR INFLUENCE YOUR
DELIBERATIONS IN ANY WAY. THE DUTY OF IMPOSING SENTENCE IN
THE EVENT OF CONVICTION RESTS EXCLUSIVELY WITH ME. YOU
SHOULD WEIGH THE EVIDENCE IN THE CASE AND DETERMINE THE
GUILT OR INNOCENCE OF THE DEFENDANT SOLELY UPON THE BASIS
OF SUCH EVIDENCE, WITHOUT ANY CONSIDERATION OF THE MATTER
OF PUNISHMENT.

[2.75] IF IT BECOMES NECESSARY DURING YOUR
DELIBERATIONS TO COMMUNICATE WITH ME, YOU MAY SEND A
NOTE BY THE COURTROOM DEPUTY OR MARSHAL, SIGNED BY YOUR
FOREPERSON OR BY ONE OR MORE MEMBERS OF THE JURY. NO
MEMBER OF THE JURY SHOULD TRY TO COMMUNICATE WITH ME BY
ANY MEANS OTHER THAN A SIGNED NOTE AND I WILL NEVER
COMMUNICATE WITH ANY MEMBER OF THE JURY ON ANY MATTER

TOUCHING THE MERITS OF THIS CASE, EXCEPT IN WRITING OR
ORALLY HERE IN OPEN COURT.

IN SOME CASES, ALTHOUGH NOT NECESSARILY THIS ONE,
THERE MAY BE REPORTS IN THE NEWSPAPER OR ON THE RADIO OR
TELEVISION CONCERNING THE CASE WHILE THE TRIAL IS GOING ON.
IF THERE SHOULD BE SUCH MEDIA COVERAGE IN THIS CASE, YOU
MAY BE TEMPTED TO READ, LISTEN TO, OR WATCH IT. YOU MUST
NOT LISTEN TO OR READ SUCH REPORTS, AND YOU MUST DECIDE
THIS CASE SOLELY ON THE EVIDENCE PRESENTED IN THIS
COURTROOM. YOU MUST CONSIDER ONLY EVIDENCE THAT MEETS
CERTAIN STANDARDS IN REACHING YOUR VERDICT. FOR EXAMPLE,
A WITNESS MAY TESTIFY ABOUT EVENTS HE HIMSELF HAS SEEN OR
HEARD, BUT HE GENERALLY MAY NOT TESTIFY ABOUT MATTERS
WHICH OTHERS HAVE TOLD HIM ABOUT. ALSO, WITNESSES MUST BE
SWORN TO TELL THE TRUTH AND MUST BE SUBJECT TO
CROSS-EXAMINATION. NEWS REPORTS ABOUT THIS CASE ARE NOT
SUBJECT TO ANY OF THOSE STANDARDS, AND IF YOU READ, LISTEN
TO, OR WATCH THESE REPORTS, YOU MAY BE EXPOSED TO
MISLEADING OR INACCURATE INFORMATION THAT UNDULY FAVORS
ONE SIDE OF THE CASE, AND TO WHICH THE OTHER SIDE IS UNABLE
TO RESPOND. THEREFORE, YOU MUST COMPLETELY DISREGARD
ANY PRESS, TELEVISION, OR RADIO REPORT THAT YOU MY READ,
SEE, OR HEAR. SUCH REPORTS ARE NOT EVIDENCE AND YOU
SHOULD NOT BE INFLUENCED IN ANY MANNER WHATSOEVER BY
SUCH PUBLICITY. IF ANY PUBLICITY ABOUT THIS TRIAL
INADVERTENTLY COMES TO YOUR ATTENTION DURING TRIAL, DO
NOT DISCUSS IT WITH OTHER JURORS OR ANYONE ELSE. JUST LET
ME OR MY CLERK KNOW AS SOON AFTER IT HAPPENS AS YOU CAN. I
WILL THEN BRIEFLY DISCUSS IT WITH YOU TO MAKE SURE IT DOES
NOT PRESENT ANY PROBLEMS. IN FAIRNESS TO BOTH SIDES, IT IS
ESSENTIAL THAT YOU COMPLY WITH THIS INSTRUCTION.
BEAR IN MIND ALSO THAT YOU ARE NEVER, UNDER ANY
CIRCUMSTANCES, TO REVEAL TO ANY PERSON – NOT THE
COURTROOM DEPUTY, THE MARSHAL OR ME – HOW THE JURY
STANDS ON THE QUESTION OF THE DEFENDANT'S GUILT OR
INNOCENCE UNTIL AFTER YOU HAVE REACHED A UNANIMOUS
VERDICT. THIS MEANS, FOR EXAMPLE, THAT YOU NEVER SHOULD
STATE TO THE COURT THAT THE JURY IS DIVIDED 6-TO-6, 7-TO-5, 11TO-
1, OR IN ANY OTHER FASHION, WHETHER FOR CONVICTION OR
ACQUITTAL.

LADIES AND GENTLEMEN, AS YOU RECALL SOME OF YOU WERE

DESIGNATED AS ALTERNATES AT THE BEGINNING OF THE TRIAL AND
AT THIS TIME I WILL EXCUSE JURORS IN SEATS NUMBERED [_____]AND I THANK
ALL THREE OF YOU FOR YOUR PARTICIPATION IN
THIS TRIAL. AND IF YOU WILL LEAVE YOUR NOTEBOOKS AND
PENCILS IN YOUR SEATS YOU MAY BE EXCUSED AT THIS TIME TO
RETRIEVE ANY PROPERTY FROM THE JURY ROOM AND RETURN TO
THE JURY LOUNGE.

[2.76] FOR THE REMAINING JURORS, AT THIS TIME YOU MAY
RETIRE TO BEGIN YOUR DELIBERATIONS.
I WILL PROVIDE YOU WITH A COPY OF MY INSTRUCTIONS.
DURING YOUR DELIBERATIONS. YOU MAY, IF YOU WANT, REFER TO
THESE INSTRUCTIONS. WHILE YOU MAY REFER TO ANY PARTICULAR
PORTION OF THE INSTRUCTIONS, YOU ARE TO CONSIDER THE
INSTRUCTIONS AS A WHOLE AND YOU MAY NOT FOLLOW SOME AND
IGNORE OTHERS. THE FACT THAT YOU HAVE BEEN PROVIDED A
COPY OF MY INSTRUCTIONS SHOULD NOT DISCOURAGE YOU FROM
MAKING AN INQUIRY REGARDING THE MEANING OF THESE
INSTRUCTIONS IF NECESSARY. PLEASE RETURN THE INSTRUCTIONS
TO ME WHEN YOUR VERDICT IS RENDERED.

[2.77] I ALSO WILL PROVIDE YOU WITH A VERDICT FORM. THE
FORM IS NOT EVIDENCE IN THIS CASE, AND NOTHING IN IT SHOULD
BE TAKEN TO SUGGEST OR CONVEY ANY OPINION BY ME AS TO
WHAT THE VERDICT SHOULD BE. NOTHING IN THE FORM REPLACES
THE INSTRUCTIONS OF LAW I HAVE ALREADY GIVEN YOU, AND
NOTHING IN IT REPLACES OR MODIFIES THE INSTRUCTIONS ABOUT
THE ESSENTIAL ELEMENTS WHICH THE GOVERNMENT MUST PROVE
BEYOND A REASONABLE DOUBT. THE FORM IS MEANT ONLY TO
ASSIST YOU IN RECORDING YOUR VERDICT.

     I.     <u>Objections to the Jemal Voir Dire as Modified Above</u>

*Prosecution:*

The Government objects to the instructions concerning "gifts." First, as a factual matter,

the government fully expects that there will be insufficient evidence that suggests that any

material component of the funds alleged to be income are conceivably gifts, and that the

defendant will not be entitled to that instruction.

Furthermore, notwithstanding the fact that the "gift" instruction was previously given in the <u>Jemal</u> case, the government maintains that said instruction is not accurate in light of the specific statutory language that deals with this topic.  The tax laws make clear that income cannot be evaded by a claim that payments from an employer to an employee are "gifts."

The general language excluding gifts from being considered income is set forth at 26 U.S.C.  102(a), which provides in part:  "General Rule. – Gross income does not include the value of property acquired by gift, ... ."  However, 26 U.S.C.  102(c)  makes it clear that these provisions cannot be applied in the employer-employee context:

> (c)    Employee gifts. --
> (1)    In general  – Subsection (a) shall not exclude from gross income any amount transferred by or for an employer to, or for the benefit of, an employee.

<u>See</u> <u>Williams v. Comm'r</u>, 120 Fed. Appx. 289 (10th Cir. 2005) (unreported $25,000 and $35,000 "bonuses" not "gift" from taxpayer's employer, even though they were close personal friends).

Accordingly, not only does the Government object to the instruction, but, if an instruction is to be given, the Government  requests that the Court instruct the jury as follows:

> As a general matter, the tax laws exclude from gross income "gifts" that are received by the taxpayer.  However, these tax laws do not apply to exclude from gross income any amounts transferred by an employer to or for the benefit of an employee.

The government further objects to that portion of the loan instruction that suggests that John Brownell must have believed that any obligation to repay had been forgiven. This instruction, despite its conditional wording, assumes the bulk of the facts that are in dispute – that the distribution of funds was a loan in the first instance.  It is also not accurate in that certain transactions such as distributions that are only "contingent" loans when made – that is, intended

to be enforceable and collected only if and when the employee leaves the company or – are in fact considered income when the funds are advanced. The loan instruction thoroughly covers the definition of a loan without going into all possible variations.

*Defense:*

We respectfully object to the instructions regarding aiding and abetting and causing an act to be done as inapplicable to the facts of this case. Each of Counts Two through Six allege that Mr. Brownell attempted to evade taxes in violation of 26 U.S.C. § 7201. These charges also include a citation to 18 U.S.C. § 2 -- the aiding and abetting or causing an act to be done statute. Defendant submits that an aiding and abetting theory of liability makes no sense in this case. In essence, the Court would be instructing the jury that it could convict Mr. Brownell if it concluded that he aided and abetted himself in the evasion of taxes -- a circular and illogical theory of liability. Accordingly, we respectfully submit that the Court should omit the aiding and abetting phrase that was present in the <u>Jemal</u> instructions.

      II.     <u>Additional Proposed Jury Instructions on which the Parties Agree</u>

None at this time.

      III.     <u>Additional Proposed Jury Instructions on which the Parties Disagree</u>

None at this time except as indicated in the parties' objections above.

**D.     <u>LIST OF EXPERT WITNESSES</u>**

      I.     Government Witnesses

Susy Hwang - Ms. Hwang will testify as a forensic computer technician, as to the processes of retrieving electronically stored data from Douglas Development's computers.

Jennifer Abbott - Ms. Abbott, an IRS Revenue Agent, will testify as an expert in

tax calculation;

Robert Jodoin - Mr. Jodoin, a Certified Public Accountant will testify as a summary witness as to the review of Mr. Brownell's financial records.

II.     Defense Witnesses

Bruce Dubinsky - Mr. Dubinsky will testify as a "teaching witness" with respect to the rules, procedures, documents  and criteria utilized by the Internal Revenue Service and other government agencies to distinguish between taxable income and non-taxable items such as loans and gifts, and to treat late-filed income tax returns and funds provided with them.

Paul Wilner - Mr. Wilner may provide testimony similar to that proffered above for Mr. Dubinsky.

III.    Government Objection to Defense Experts

The government objects to the proffered testimony of Mr. Dubinsky.  The government will file a submission on this at a later time, after additional information concerning Mr. Dubinsky's proposed testimony is received.

**E.    MOTIONS *IN LIMINE***

The government has filed a Motion to Admit Certain Evidence.  The defense has opposed

this motion.

**F.    LIST OF PRIOR CONVICTIONS**

None.

**G.    EXHIBIT LISTS**

The parties' exhibit lists are submitted separately, contemporaneously with the filing of

this Joint Pretrial Statement.

**H.  (PROPOSED) STIPULATIONS**

The parties continue to discuss potential stipulations but have finalized none at this time.

**I.  PROPOSED VERDICT FORM**

**VERDICT FORM**

COUNT ONE - CONSPIRACY

How do you find the defendant, John E. Brownell, as to Count One of the Indictment,

Conspiracy to Commit Tax Evasion?

Not Guilty_____        Guilty_____

Count Two - Tax Evasion (1999)

How do you find the defendant, John E. Brownell, as to Count Two of the Indictment,

Tax Evasion (for calendar year 1999)?

Not Guilty_____        Guilty_____

If your verdict is Guilty, do not consider the lesser-included count of Failure To File.  If your

verdict above is Not Guilty, then reach the following verdict:

-45-

(b)     How do you find the defendant, John E. Brownell, as to Count Two of the Indictment on the lesser-included count of Failure To File?

Not Guilty_____          Guilty_____

## Count Three - Tax Evasion 2000

How do you find the defendant, John E. Brownell, as to Count Two of the Indictment, Tax Evasion (for calendar year 1999)?

Not Guilty_____          Guilty_____

If your verdict is Guilty, do not consider the lesser-included count of Failure To File.  If your verdict above is Not Guilty, then reach the following verdict:

How do you find the defendant, John E. Brownell, as to Count Two of the Indictment on the lesser-included count of Failure To File?

Not Guilty_____          Guilty_____

## Count Four - Tax Evasion 2001

How do you find the defendant, John E. Brownell, as to Count Two of the Indictment, Tax Evasion (for calendar year 20001)?

Not Guilty_____          Guilty_____

If your verdict is Guilty, do not consider the lesser-included count of Failure To File.  If your verdict above is Not Guilty, then reach the following verdict:

How do you find the defendant, John E. Brownell, as to Count Four of the Indictment on the lesser-included count of Failure To File?

Not Guilty_____          Guilty_____

-46-

<u>Count Five - Tax Evasion 2002</u>

How do you find the defendant, John E. Brownell, as to Count Five of the Indictment, Tax Evasion (for calendar year 2002)?

Not Guilty_____     Guilty_____

If your verdict is Guilty, do not consider the lesser-included count of Failure To File.  If your verdict above is Not Guilty, then reach the following verdict:

(b)     How do you find the defendant, John E. Brownell, as to Count Five of the Indictment on the lesser-included count of Failure To File?

Not Guilty_____     Guilty_____

<u>Count Six - Tax Evasion 2003</u>

How do you find the defendant, John E. Brownell, as to Count Six of the Indictment, Tax Evasion (for calendar year 2003)?

Not Guilty_____     Guilty_____

If your verdict is Guilty, do not consider the lesser-included count of Failure To File.  If your verdict above is Not Guilty, then reach the following verdict:

(b)     How do you find the defendant, John E. Brownell, as to Count Six of the Indictment on the lesser-included count of Failure To File?

Not Guilty_____     Guilty_____

Foreperson sign and date the completed verdict form.

_____  _____

-48-

Foreperson                                                          Date

**Defendant's Objection to Verdict Form:**

Defendant Brownell respectfully objects to the inclusion of the offense of failure to file under 26 U.S.C. § 7203 in the verdict form. Contrary to the government's contention, failure to file is not a lesser included offense of tax evasion under 26 U.S.C. § 7201.

Under Rule 31(c)(1) of the Federal Rules of Criminal Procedure, the lesser included offense rule, a defendant may be found guilty of "an offense *necessarily included* in the offense charged." Fed.R.Crim.Pro. 31(c)(1)(emphasis added). In *Schmuck v. United States*, 489 U.S. 705, 716 (1989), the Supreme Court adopted the "elements test" as the proper approach for determining whether one offense is a lesser included offense of another. The court set out the elements test as follows:

> Under this test, one offense is not "necessarily included" in another unless the elements of the lesser offense are a subset of the elements of the charged offense. Where the lesser offense requires an element not required for the greater offense, no instruction is to be given under Rule 31(c).

489 U.S. at 716.

The elements of the offense of tax evasion are (1) "willfulness," (2) "the existence of a tax deficiency," and (3) "an affirmative act constituting an evasion or attempted evasion of the tax." *Sansone v. United States*, 380 U.S. 343, 351 (1965). The elements of the offense of failure to file are (1) the taxpayer was required to file a return, (2) the taxpayer failed to file a return, and (3) the failure to file was willful. *United States v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988)( *overturned on other grounds by United States v. Morales*, 108 F.3d 1031 (9th Cir. 1997)).

As these definitions of the relevant elements make clear, failure to file a return is a

required element of the failure to file offense under 26 U.S.C. § 7203 but *not* a required element

of tax evasion under 26 U.S.C. § 7201.  Application of the test from *Schmuck* compels the

conclusion that failure to file is not a lesser included offense of tax evasion. *See United States v.*

*Nichols*, 9 F.3d 1420, 1422 (9th Cir. 1993) ("Because failure to file a return is an element of the

offense of failure to file but is not an element of tax evasion, the offense of failure to file is not

'necessarily included' in the offense of tax evasion;" instruction on failure to file was therefore

not warranted).

**Government's Response to Defendant's Objection to Verdict Form:**

In the tax context, the law is clear that failure to file may constitute a lesser included

offense of tax evasion – depending on how the greater tax offense is charged.  The origin of this

strand of law is found in Sansone v. United States, 380 U.S. 343, 351 (1965), where the Supreme

Court stated: "As [the capstone of criminal tax charges], § 7201 necessarily includes among its

elements actions which, if isolated from the others, constitute lesser offenses in this hierarchical

system of sanctions. Therefore, if on the facts of a given case there are disputed issues of fact

which would enable the jury rationally to find that, although all the elements of § 7201 have not

been proved, all the elements of one or more lesser offenses have been [e.g., § 7203], it is clear

that the defendant is entitled to a lesser-included offense charge as to such lesser offenses."

Thus Sansone has been relied on for the proposition that failure to file is a lesser included

offense of tax evasion.  See United States v. DeTar, 832 F. 2d 1110, 1113 (9th Cir. 1987) ("It is

undisputed that § 7203 defines a lesser included offense of § 7201.");  United States v. Doyle,

956 F.2d 73, 76 (5th Cir. 1992) ("The jury in this case could have rationally concluded that

Doyle did not willfully commit the affirmative act constituting the felony evasion (or attempted

evasion) of taxes – filing the inaccurate W-4 forms – and at the same time have concluded that Doyle willfully failed to file a tax return in violation of the misdemeanor statute. ... Accordingly, Doyle was entitled to the lesser-included offense instruction he requested." (citing <u>DeTar</u>));

<u>United States v, Humphreys</u>, 982 F.2d 254 (8th Cir. 1992) ("Much to the benefit of Humphreys, the district court reduced the charge on count 3 from tax evasion to the lesser included offense of filing of a false return."), <u>cert. denied</u>, 510 814 (1993); <u>United States v. Singleton</u>, 477 F.Supp. 852 (S.D.N.Y. 1978).

Although there is no direct case from the District of Columbia Circuit, this Circuit did hold, in substance, that filing a false return is a lesser included offense of tax evasion – notwithstanding that the elements of the offenses are clearly different. In <u>United States v. Dale</u>, 991 F.2d 819 (D.C. Cir.), <u>cert. denied</u>, 510 U.S. 906 (1993). the defendants were convicted at trial of violating Section 7201 (tax evasion) and Section 7206 (filing a false return). The court held that the false return conviction merged as a lesser included count with the tax evasion conviction and remanded the case to the trial court solely for purposes of vacating the false return conviction.

In the instant case, the failure to file is a specific alleged act of evasion; the defendant is in fact charged with having willfully failed to file. The Indictment makes this explicit. If the law were otherwise, the government could "re-bring" failure to file charges against the defendant.

**Reservation With Respect to Issue of Lesser-Included Offense**

The parties respectfully seek to reserve the right to brief this issue further.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

/s/
_____

Mark H. Dubester
Assistant United States Attorneys
555 4th Street, NW
Room 5917
Washington, D.C. 20530
(202) 514-7896

/s/
_____

Barry Coburn
Jeffrey Coffman
Gloria Solomon
Counsel for John E. Brownell
Trout Cacheris PLLC
1350 Connecticut Avenue, NW
Suite 300
Washington, DC 20036
202-464-3300