## Barry Coburn

| | |
|---|---|
| **From:** | Barry Coburn |
| **Sent:** | Friday, January 12, 2007 8:14 AM |
| **To:** | 'Dubester, Mark (USADC)' |
| **Subject:** | Dubinsky supplemental disclosure |

Mark – Please see our enclosed supplemental expert disclosure. Please consider it to apply both to Mr. Dubinsky and to Mr. Wilner. This disclosure is intended to supplement, not substitute for, the several expert disclosures we previously have provided. If you have any authority suggesting that these multiple disclosures do not satisfy our reverse Rule 16 obligations, please cite it so we can review it.

Best regards,
Barry

Barry Coburn
Trout Cacheris PLLC
1350 Connecticut Avenue, NW
Suite 300
Washington, DC  20036
Firm Tel:  202-464-3300
Direct Dial:  202-464-3305
Fax:  202-464-3319

1/16/2007

1.  Name of Expert Witness:    Bruce G. Dubinsky, MST, CPA, CVA, CFE

2.  Business Address:          4520 East West Highway, #640
                               Bethesda, Maryland 20814
                               Tel. (240) 482-4500

3.  Mr. Dubinsky is a Certified Public Accountant duly licensed in the state of Maryland as well as the District of Columbia. His licenses to practice Public Accounting are in good standing. As such, he is authorized to practice before the Internal Revenue Service. In addition, Mr. Dubinsky has a Master's of Science degree in Taxation from Georgetown University. He also holds several other professional designations. Mr. Dubinsky is the Managing Director for the consulting firm of Dubinsky & Company, P.C. in Bethesda, Maryland. He has qualified as an expert witness in civil and criminal matters involving a variety of topics including but not limited to federal tax matters.

4.  Mr. Dubinsky is expected to testify at trial and offer expert opinions on the following matters relating to allegations of Tax Evasion (26 U.S.C. § 7201) and conspiracy as contained in the Indictment:

The proper tax treatment of bona fide loans and gifts pursuant to relevant sections of the Internal Revenue Code of 1986,[1] as amended, and final, temporary and proposed Regulations issued thereunder, including but not limited to: (a) the procedures and criteria the IRS and other government agencies use to distinguish between loans, gifts and income, (b) how the IRS and other agencies interact with taxpayers in doing so; (c) the publications, forms, manuals, and other documents that are utilized in this process, including but not limited to the instructions to IRS forms, Treasury Regulations, IRS publications, Administrative Rulings, Treasury Decisions, General Counsel Memoranda; (d) and the various indicia that are analyzed to determine for federal income tax purposes in making such determination. He will discuss general principles of income taxation as they relate to such determination as well as the IRS's determination of whether or not a bona

---

[1] Title 26, United States Code.

fide loan is compensation and taxable as such. He will base this testimony on the Internal Revenue Code and related Treasury Regulations, IRS rulings, IRS publications, Administrative Rulings, Treasury Decisions, General Counsel Memoranda, judicial doctrines of taxation, generally accepted accounting principles as well as tax basis accounting rules and other authoritative documents as they pertain to these issues. He will testify regarding those specific items that the IRS evaluates in making its determination as to whether or not a bona fide loan is taxable compensation or not. Mr. Dubinsky also may discuss how bona fide loans and gifts are treated on the books of a corporation for general accounting purposes and will explain to the jury the inter-relation of a company's balance sheet and income statement, their components, and the use of accounting software. He may testify about general principles of federal income taxation as they relate to the taxation of income in general. He may explain how for federal income tax purposes a gift is treated and those elements of federal income taxation principles that govern the treatment of gifts.

Mr. Dubinsky is expected to explain the ways in which the IRS' and other agencies' procedures and publications communicate to the public that loans and gifts are not income, and will explain the criteria that the government uses to distinguish between income and non-income items. (In our view, setting forth the sum total of these criteria here, and quoting from the publications at issue, is simply beyond the scope of our Rule 16 reverse discovery obligations.) He will utilize the particular IRS and other government agency documents that we have marked as exhibits in this case, such as the Instructions to Form 1040, parts of the Internal Revenue Manual, etc. In our view, there is no reason that he cannot explain these documents to the jury without opining on the particular facts of this case.

Mr. Dubinsky will not opine on the law, which is of course within the exclusive province of the Court. We will have his resume available for your review this afternoon along with other exhibits.