## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | **Criminal Action No. 05-359 (RMU)** |
| | : | |
| **JOHN E. BROWNELL** | : | |

### GOVERNMENT'S MOTION TO DISMISS
### SPECIFIC ALLEGATIONS FROM COUNT ONE OF THE INDICTMENT

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves to dismiss specific allegations presently set forth in Count One.

In particular, the government shall not proceed on that portion of Count One of the Indictment that charges that five specified personal checks from Douglas Jemal to defendant John E. Brownell and four specified checks from Douglas Development to the defendant constituted income to him.  Accordingly, the government seeks to dismiss the "Manners and Means" allegation set forth in Paragraph 8(f) of Count One, namely:

> On several dates from 1999 through mid-2004, Conspirator A signed checks directly from personal accounts payable to JOHN E. BROWNELL; these checks were used by BROWNELL for personal purposes.

Similarly, the government seeks to dismiss the corresponding Overt Acts, namely, Overt Acts 3(a), (b), (d), (f) and (g), Overt Acts 4(a), (b), (d), (f) and (g)[1], and Overt Acts 6(a) through (d) (all relating to the preparation and signing of specific checks).

The deletion of these allegations does not affect the sufficiency of the Indictment or the integrity of Count One.  The checks here amount to just over $14,000 of the several hundred

---

[1]     There will be some modest renumbering to conform the Indictment.  In the re-typed Indictment, 3(c) and 3(e) will be marked 3(a) and 3(b) respectively,  4(c) and 4(e) will be marked as 4(a) and 4(b), and Overt Act 7 will now be Overt Act 6.

thousand dollars at issue and involve just a small portion of the means alleged to have been employed as part of the conspiracy. In that the various allegations in Count One "stand independently of one another, removing one does not affect the integrity of the indictment charging the others." United States v. Smith, 918 F.2d 1032, 1036 (2d Cir. 1990). "Those sections [of the indictment] which will not be part of the proof at trial are treated as 'useless averment' that can be 'ignored,' or simply redacted." Id. (quoting United States v. Miller, 471 U.S. 130, 136 (1985)). See also United States v. Castro, 776 F.2d 1118, 1122-23 (3d Cir. 1985) (where indictment narrows the "scope of evidence to prove an offense included in the indictment," Fifth Amendment not violated). More generally, the law is clear that the defendant cannot complain about the narrowing (as opposed to the broadening) of an indictment, see United States v. Miller, supra, so long as the charges that the defendant faces are properly set forth in the indictment.

WHEREFORE, the government requests this Motion be Granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:    _____

Mark H. Dubester, D.C. Bar No. 339655
Assistant United States Attorney
555 4th Street, NW, Rm. 5917
Washington, D.C. 20530
(202) 514-7986