## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No.: 06-0077 (RMU) |
| | : | |
| JOHN E. BROWNELL, | : | Document No.:    35 |
| | : | |
| Defendant. | : | |

**FILED**

FEB 1 – 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

On January 14, 2007, the government filed a motion for miscellaneous relief which contained the following motions within it: (1) motion to preclude defendant's proposed expert testimony, (2) motion related to Brownell's dealings with the IRS, (3) motion to preclude arguments challenging the government's motives or practices in handling this case, and (4) motion to limit cross-examination to the scope of direct. After consideration of the issues raised in the motions, oppositions, and replies, it is this 1st day of February, 2007, hereby

**ORDERED** that the government's motion to preclude expert testimony is **DENIED in part** and **GRANTED in part**. In particular, the court rules that the instructions to the Form 1040s are admissible because they are relevant to the defendant's good faith. With respect to other documents that the defendant contends constitute admissions by the government, based on the defendant's proffer as it stands, and based on the court's interpretation of *United States v. Morgan*, 581 F.2d 933 (D.C. Cir. 1978), *United States v. Arroyo*, 406 F.3d 881 (7th Cir. 2005), *United States v. Garza*, 448 F.3d 294 (5th Cir. 2006), and *United States v. Van Griffin*, 874 F.2d 634 (9th Cir. 1989), there is not enough of a demonstrated inconsistency to support the relevance of the government's present proposition and previous publicly available statements on matters generally related to tax law. Moreover, should the defendant intend to introduce such statements

for the purpose of proving good faith, the court will consider the link between the proposed evidence and the defendant's state of mind. The court therefore grants the government's motion in part, subject to a further proffer by the defendant; and it is

**FURTHER ORDERED** that, relying on the defendant's representation that he has no firm intention of attacking the government's motives during opening statements, the government's motion is **DENIED without prejudice.**[1]

**ORDERED** that the court will limit cross-examination to the scope of direct, except for the out-of-town witnesses.

**SO ORDERED**.


Ricardo M. Urbina
United States District Judge

---

[1]    Should the defendant decide it wishes to attack the government's motive in his opening statement, that tactical decision will require preclearance by the court.

2