UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
**UNITED STATES**                  )
                                   )
     v.                            )   Crim. No. 06-CR-0077 (RMU)
                                   )
**JOHN E. BROWNELL,**              )
                                   )
          Defendant.               )
_____)

### DEFENDANT BROWNELL'S OPPOSITION TO GOVERNMENT'S MOTION TO DISMISS SPECIFIC ALLEGATIONS FROM COUNT ONE OF THE INDICTMENT

Defendant John E. Brownell, through counsel, respectfully submits this opposition to the government's motion to dismiss certain allegations from Count One of the indictment.

The government's motion seeks to dismiss from the indictment references to nine checks to Brownell from Douglas Jemal or Douglas Development Corporation ("DDC"), on the ground that the government no longer plans to proceed on the claim that these particular checks constituted income to Brownell. The government also seeks to dismiss the related "Manners and Means" allegation in Paragraph 8(f) of Count One, as well the related overt acts identified in Paragraphs 3, 4 and 6 of Count One.

In essence, what happened here is that, following its review of the defense exhibits proffered along with the Joint Pretrial Statement, the government came to the belated realization that the checks in question were in fact legitimate

reimbursement to Mr. Brownell for cash he expended, rather than an illicit scheme to evade income tax. Now, concerned about the tactical implications of this becoming clear to the jury, the government is attempting to preclude the defense from showing the jury that Mr. Brownell was charged with a facially meritless criminal tax offense in this indictment.

Amendments to indictments that reduce the number of counts or overt acts charged can be deemed permissible if they do not violate a defendant's constitutional right to grand jury indictment for felony offenses. *See United States v. Miller*, 471 U.S. 130, 144 (1985); *United States v. Kegler*, 724 F.2d 190, 194-95 (D.C. Cir. 1983). However, courts also recognize that prejudice to the defendant in the conduct of the trial must be considered when an amendment is requested. *See United States v. Williams*, 229 F. Supp.2d 624, 628 (E.D. Tex. 2002)(amendment to remove unsupported factual allegations not permitted if the defendant can prove "that the deleted language somehow prejudiced him in the preparation of his defense").

In this case, the indictment was issued on March 22, 2006. The defendant has been preparing for trial for months based on that indictment. The most critical issue in this case is how the checks listed in the indictment should be categorized – that is, as taxable income or non-taxable payments. Brownell intends to defend against the charges, in part, by showing that the

2

checks in question actually represent loans to him or other types of non-taxable payments. As a critical part of this defense, Brownell has always intended to show that the nine checks identified in the government's motion to dismiss were loan repayments or reimbursements to Brownell for funds expended on behalf of Douglas Jemal or DDC – and, therefore, not taxable income. In order to present an adequate defense, it is critical that Brownell be permitted to demonstrate that the government plainly misunderstood the nature of these payments when it charged Mr. Brownell with criminal conduct.

Having belatedly realized its error (at least with respect to these nine checks), the government now seeks to clean up the indictment before it has to face the jury and explain its error. *Cf. United States v. Nabors*, 762 F.2d 642, 647-48 (8th Cir. 1985) (government filed two different versions of an indictment, with an additional overt act alleged in one version; although amendment removing additional overt act was approved, the error became known to the jury – and "it was the government's litigation position that likely suffered when the prosecutor was compelled to apologize for the discrepancy in the indictments"). Brownell's trial preparation and strategy would be undermined, and his defense prejudiced, unless he can preserve the right to point out the government's error to the jury.

Accordingly, defendant Brownell respectfully submits that the Court should deny the government's motion to dismiss. In the alternative, we respectfully submit that it is critical that the defense's right to use the original form of the indictment at trial be preserved.

        Respectfully submitted,

        JOHN E. BROWNELL

        By Counsel:

        __/s/ Barry Coburn_____
        Barry Coburn (D.C. Bar #358020)
        Jeffrey C. Coffman (D.C. Bar #493826)
        TROUT CACHERIS, PLLC
        1350 Connecticut Avenue, N.W.
        Suite 300
        Washington, D.C.  20036
        Phone: (202)464-3300
        Fax: (202) 464-3319

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of February, 2007, I served a copy of the foregoing Opposition by ECF.

        __/s/ Barry Coburn_____