UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA         :
                                 :
v.                               :      Criminal Action No. 06-077 (RMU)
                                 :
JOHN E. BROWNELL                 :

GOVERNMENT'S MOTION FOR PRETRIAL RULINGS ON
1) ADMISSIBILITY OF BUSINESS RECORDS AND
2) AUTHENTICITY OF DOUGLAS DEVELOPMENT RECORDS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Federal Rules of Evidence 104, 402, 901, and 902(11): 1) for a pretrial ruling on the admissibility of certain records, and, 2) for a pretrial ruling as to the authenticity of certain documents obtained from Douglas Development Corporation (DDC) by grand jury subpoena.

The government brings this motion in an effort to streamline the trial: so that it might move the admission of the business records immediately following opening statements, and so the trial need not be taken up with unnecessary and time-consuming questions laying the foundation for the authenticity of documents whose provenance is not in any doubt.[1]

### ADMISSION OF FINANCIAL RECORDS

Rule 104(a) of the Federal Rules of Evidence provides that "[p]reliminary questions concerning the * * * admissibility of evidence shall be determined by the court * * *." Fed. R.

---

[1] Government counsel provided defense counsel the lists of exhibits set forth in this pleading with the hopes that the parties could work this out, and that the defense would indicate whether there were any documents to which the defendant objected – in whole or in part – or would agree to stipulate as to authenticity of admissibility. It was the government's hope to narrow the list of disputed documents, or to deal with any documents as to which the defense sought redactions, in a way so as to obviate the necessity of raising these evidentiary issues with the Court. The government is aware that defense counsel had other commitments that made it difficult for counsel to address this request.

Evid. 104(a). The government requests that the Court use its Rule 104 powers to rule on the admissibility of certain of the business records, so that the government may formally move the exhibits into evidence immediately following opening statements. The records in question are relevant to various counts in the Indictment.[2]

The entirety of Brownell's financial circumstances from 1996 through 2004 is relevant to account for the defendant's income and deductible expenses and to account for Brownell receipt and enjoyment of funds alleged to constitute the concealed income. Brownell had numerous checking and credit accounts,[3] and he transacted his banking business in a way that would permit an inference that he was attempting to confound attempts to understand his financial affairs.

The government thus seeks admission of records of Brownell's accounts with mainstream banks, credit card issuers and lenders. These variously consist of statements, transaction items, and loan documents. The government does not believe that there are any prejudicial or inflammatory documents contained in these document collections.[4]

Accordingly, the government requests this Court rule that the records in the following list

---

[2] On December 21, 2006, the government filed a Notice of Intent to Introduce Self-Authenticating Documents Pursuant to Rule 902(11). The government has obtained additional affidavits as to certain records and has attached those affidavits to this pleading.

[3] During the time period covered in the Indictment, the defendant had checking accounts at Potomac Valley Bank, Eagle Bank, Adams Bank, Nationsbank, BB&T, and Farmers and Mechanics Bank, many at the same time. He had overdraft lines with separate account numbers associated with some of these accounts.

[4] This Court has already ruled on the admissibility of certain records upon motion of the government, as to which the defense had raised "Rule 404(b)" objections. This Motion is addressed to the bulk of "routine" financial records.

are admissible.[5]

| UNITED STATES v. BROWNELL | | |
|---|---|---|
| Exh. No. | Description | Bates Nos. |
| 20 | Brownell's Bank of America Personal Checking Account, 4/98 - 8/00 | BR_20-0001 - 562 |
| 21 | Brownell's Potomac Valley Bank Personal Checking Acct; 2/98 - 2/05 | BR_21-0001 - 191 |
| 21B | Potomac Valley Bank Personal Overdraft, 8/98-9/01 | BR_21B-0001 - 98 |
| 22 | Brownell's Adams Bank Personal Checking, 6/00 - 10/03 | BR_22-0001 - 643 |
| 23 | Brownell's Eagle Bank Personal Checking, 5/99 - 10/03 | BR_23-0001 - 296 |
| 24 | Brownell's Franklin/BB&T Personal Checking, 12/ 98 - 3/00 | BR_24-0001 - 254 |
| 25 | F&M Bank checks from DDC relating to Brownell. | BR_25-0001 -10 |
| 26 | Eagle Bank Checks from DDC to Brownell's Potomac Valley Bank Line of Credit | BR_26-0001 - 16 |
| 27 | Eagle Bank Check from DDC -- $20,000 to Brownell | BR_27-0001 |
| 30 | Brownell's Fleet/BOA Credit Card Statements, 0/98 - 4/05 | BR_30-0001 - 101 |
| 31 | Brownell's National City Credit Card, 5/98 - 5/05 | BR-31-0001 - 88 |
| 32 | Brownell's MBNA Credit Card, 2/00 - 8/05 | BR_32-0001 - 140 |
| 33 | Brownell's First USA Visa Credit Card, 4/98 - 2/05 | BR_33-0001 - 89 |
| 34 | Brownell's Hechts Credit Card, 3/97 - 12/03 | BR_34-0001 - 61 |

---

[5]  The government is aware that the defendant may wish to review the records again to make sure that there is no particular transaction item or check that is prejudicial, and will not object to the defense raising specific objections to specific transaction items on such grounds at a later time. If there were specific items that the defendant were to identify subsequent to a ruling on admission as to which the defendant has particular objections based on prejudice, the government would work with defense counsel to redact the records. With this caveat noted, the government believes that there can be no real objection to the admissibility of the documents listed in this pleading.

| **UNITED STATES v. BROWNELL** |
|---|---|---|
| **Exh. No.** | **Description** | **Bates Nos.** |
| 35 | Brownell's Household Credit Services Credit, 3/01-5/02 | BR_35-0001 - 15 |
| 36 | Brownell's Lord & Taylor Credit Card Statements, 7/99 - 1/00 | BR_36-0001 - 7 |
| 38 | Brownell's Citistreet DDC Retirement Statements, 1/01 - 6/05 | BR_38-0001 - 43 |
| 50 | Brownell's Potomac Valley Bank Line of Credit Acct 840530-1, 2/98 - 2/05 | BR_50-0001 - 167 |
| 50B | Brownell's Potomac Valley Bank Line of Credit History Printout | BR_50B-0001 - 28 |
| 50C | Potomac Valley Bank Line of Credit, Change of Terms for Increase from $60,000 to $80,000, 11/27/00 | BR_50C-0001 - 8 |
| 50D | Potomac Valley Bank Line of Credit, Credit Change of Terms for Increase from $80,000 to $107,800, 3/2/02 | BR_50D-0001 - 6 |
| 50E | Potomac Valley Bank Line of Credit, Change of Terms for Increase from $107,800 to $126,700, 4/23/04 | BR_50E-0001 - 6 |
| 50H | Check # 84297 from Eagle bank to PVB LOC | BR_50H-0001 |
| 51 | Brownell's BB&T Line of Credit Account Agreement. | BR_51-0001 - 4 |
| 52A | PVB Loan Processing/Construction Folder for 6155 Tuckerman Ln | BR_52A-0001 - 65 |
| 53 | Brownell's Adams Bank Checking Acct. Overdraft Application Dated 6/15/00 | BR_53-0001 - 12 |
| 53A | Adams Bank Affidavit | BR_53A-0001 |
| 54 | Brownell's Eagle Bank Loan Application, 2/15/2002 | BR_54-0001 - 5 |
| 55 | Brownell's Eagle Bank Loan History | BR_55-0001 - 27 |
| 57A | Sun Trust/Crestar Checking Acct, Overdraft History, 6/15/98 - 10/26/99 | BR_57A-0001 |
| 57B | Brinell's Sun Trust/Crestar Checking Acct Overdraft Statements, 8/12/98-4/15/03 | BR_57B-0001 - 69 |

| UNITED STATES v. BROWNELL |||
|---|---|---|
| Exh. No. | Description | Bates Nos. |
| 57C | Sun Trust/Crestar Checking Acct Overdraft Application Affidavit | BR_57C-0001 |
| 100 | 2001 Prime Pay W-2s for DDC Employees | BR_100-0001 - 34 |
| 100a | 1999 Prime Pay Wages & Earnings Statements & W-2s | BR_100A-0001 - 3 |
| 100b | 2000 Prime Pay Wages & Earnings Statements & W-2s. | BR_100B-0001 - 3 |
| 100c | 2001 Prime Pay Wages & Earnings, Statements & W-2s Payment History | BR_100C-0001 - 3 |

### AUTHENTICITY OF DDC RECORDS

The government likewise seeks a pre-trial ruling as to the authenticity of various DDC records. These records consist of certain transaction documents in the nature of: 1) DDC payments to Brownell directly, to Brownell's personal accounts, or for his benefit; 2) DDC accounting documents (the general ledgers) for the years 1994 through 2005, and, 3) DDC records relating to certain payment or transactions from Brownell to DDC. They are routine accounting records.

Every document in the following list was provided to the government by way of a grand jury subpoena, either through DDC counsel or through affidavits of DDC employees (provided by DDC counsel). The records were given "Bates numbers" at the time of production and can be traced by such number to the affidavits and correspondence. This Court also knows that during the related Jemal trial, numerous DDC documents were introduced and shown to the various witnesses and there was never a suggestion that any DDC document was not authentic.

There are other bases to be confident of the authenticity of these documents. The documents are internally consistent among themselves. For example, the DDC check stub that is

marked in one exhibit corresponds to the actual cancelled check (or copy) found in another exhibit, which in turn corresponds by check number, payee and amount to an entry in the DDC general ledger, found in another exhibit. See Fed. R. Evid. 901(b)(4) (requirement of authentication may be satisfied by the "[d]istinctive characteristics" of the items at issue, that is, their "(a)ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances.").[6] It is the government's expectation that there will be no objection to authenticity of these documents, but the government has not yet obtained a formal representation from defense counsel to this effect.

Rule 104 of the Federal Rules of Evidence permits the Court to make a preliminary finding as to authenticity, and to do it on the basis of hearsay. See, e.g., United States v. Reilly, 33 F.3d 1396, 1414 (3r Cir. 1994) (preliminary questions of authentication are treated as matters of conditional relevance under Rule 104(b)); Fed. R. Evid.104(a) (in making its determinations as to "preliminary questions", the court "is not bound by the rules of evidence except those with respect to privileges"). The defense may, of course, contest authenticity in front of the jury, and the matter of authenticity is ultimately an issue for the jury.

Thus, the government seeks a pre-trial ruling that the following exhibits are "authentic,"

---

[6]   The principles associated with the Court's determination of authenticity were recently set forth in by Judge Friedman in United States v. Safavian, 435 F. Supp. 2d 36, 38 (D.D.C. 2006):

> The threshold for the Court's determination of authenticity is not high. See, e.g., United States v. Reilly, [Id.] ("the burden of proof for authentication is slight"); United States v. Holmquist, 36 F.3d 154, 168 (1st Cir.1994) ("the standard for authentication, and hence for admissibility, is one of reasonable likelihood"); United States v. Coohey, 11 F.3d 97, 99 (8th Cir.1993) ("the proponent need only demonstrate a rational basis for its claim that the evidence is what the proponent asserts it to be").

that is, that they are what they purport to be:

| United States v. Brownell | | |
|---|---|---|
| **Exh. No.** | **Description** | **DDC Bates Numbers** |
| 60-68 | DDC records of payments to Brownell's Credit Line at Potomac Valley Bank | Numerous, within the range 046951 - 047325 (TK)[7] |
| 69 | DDC Payment to Brownell's Mortgage Loan at Potomac Valley Bank | DDC 047066-067 (TK) |
| 70 | DDC records of $20,000 Brownell payment to DDC | DDC 048674-75[8] (SQ) |
| 71 | DDC Records of payment to contractor for work done at Brownell's house | DDC 047189-91 (SQ) (TK) |
| 74 | DDC records of Brownell's $50,000 check payable to DDC | DDC 047208-09 (SQ) (TK) |
| 76 | DDC Records of Check to contractor for Brownell's house | DDC 047212 (SQ) (TK) |
| 77 | DDC accounting data containing check described in GX 76 | DDC 047213 (SQ) (TK) |
| 78 | DDC accounting data containing loan account showing payments to Brownell | DDC 047214 (TK) |
| 79 | DDC check payable to Brownell for $20,000, 10/30/99 | DDC 047215 (SQ) (TK) |
| 80 | DDC Check payable to Brownell for $20,000, 10/30/000 | 047216 (SQ) (TK) |

[7] The documents indicated "TK" were produced/authenticated by an affidavit signed by DDC employee Travis Klisiewecz signed 5/9/05, marked as GX 97 in the Jemal trial.

[8] Those marked with the initials "SQ" are identified in an affidavit provided by Sabra Quinn. The Affidavit was marked in the Jemal trial as GX 99. It has been marked as GX 81(a) in this case and produced to the defense.

| | United States v. Brownell | |
|---|---|---|
| Exh. No. | Description | DDC Bates Numbers |
| 81 | miscellaneous records produced by DDC responsive to subpoena related to Brownell | 047426-39 (AG 3/10)[9] |
| 85 | Copies of DDC Operating account (Eagle Bank) checks, payable to Potomac Valley Bank. | Numerous (AG 9/13)[10] |
| 86 | Copy of DDC Operating account (Eagle Bank) check, payable to Tex-Mex contractor | 022589 (AG 9/13) |
| 87 | Copy of DDC Operating account (Eagle Bank) check, payable to Construction by Design | 047439 (TK) |
| 88 | Copy of DDC Operating account (Eagle Bank) check, payable to Potomac Valley Bank | 026070 (AG 9/13) |
| 124 | June 2005 pay stub - reflecting $400,000 (gross), $230,000 (net) check to Brownell | 048300 (JF)[11] |
| 125 | January 2005 pay increase document (to $300,000) | 048617 (JF) |
| 126 | DDC 1994 General Ledger | 048107-181 (JF) |
| 127 | DDC 1995 General Ledger | 048182-299 (JF) |
| 128 | DDC 1996 General Ledger | 047440-567 (TK) |

[9] This set of documents was produced to the government by way of a cover letter signed by Akin Gump attorneys on 3/10/2005. That cover letter has been provided to the defense in this case.

[10] The documents marked "AG 9/13" were produced pursuant to a letter from Akin Gump on 9/13/04. That cover letter has been provided to the defense in this case.

[11] The documents indicated "JF" were provided pursuant to affidavits signed by Jolie Figueroa. Those affidavits are marked as GX 124(a) and 125(a) in this case.

| United States v. Brownell | | |
|---|---|---|
| Exh. No. | Description | DDC Bates Numbers |
| 129 | DDC 1997 General Ledger | 047568-712 (TK) |
| 130 | DDC 1998 General Ledger | 047722-811 (TK) |
| 131 | DDC 1999 General Ledger | 042036-042198 (TK) |
| 132 | DDC 2000 General Ledger | 041825-042035 (TK) |
| 133 | DDC 2001 General Ledger | 026332-565 (AG 9/13) |
| 134 | DDC 2002 General Ledger | 026566-822 (AG 9/13) |
| 135 | DDC 2003 General Ledger | 026823-027371 (AG 9/13) |
| 136 | DDC 2004 General Ledger | 048305-476 (JF 1/6) [12] |
| 137 | DDC 2005 General Ledger | 048479-615 (JF1/6) |
| 146 | Copy of Brownell check to DDC for $232,846.97 | 048619 (JF) |

\* \* \*

The government makes these requests because it would serve the interest of the Court and the jury to limit to the greatest extent practicable the time spent during trial arguing or discussing the admissibility and authenticity of exhibits for which there are no non-frivolous objections.

---

[12] The 2004 and 2005 general ledgers are described as having been produced but not identified by Bates number in the January 6, 2006 affidavit of DDC employee Jolie Figueroa (marked GX 124(a)).

## CONCLUSION

The government's motion should be granted.

                                Respectfully submitted,

                                JEFFREY A. TAYLOR
                                UNITED STATES ATTORNEY

By: _____
      Mark H. Dubester, D.C. Bar No. 339655
      Assistant United States Attorney
      555 4th Street, NW
      Room 5917
      Washington, D.C. 20530
      (202) 514-7986