**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA     :
     :
     v.     :     **Criminal Action No. 06-077 (RMU)**
     :
JOHN E. BROWNELL     :

**GOVERNMENT'S REPLY TO DEFENDANT'S OPPOSITION**
**TO GOVERNMENT'S MOTION TO DISMISS**
**SPECIFIC ALLEGATIONS FROM COUNT ONE OF THE INDICTMENT**

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the defendant's opposition to the government's motion to dismiss specific allegations presently set forth in Count One.

The United States has represented that it shall not proceed on portions of Count One of the Indictment that charge that five specified personal checks from Douglas Jemal to defendant John E. Brownell and four specified checks from Douglas Development to the defendant constituted income to Brownell. These checks account for a small fraction of the dollars and conduct at issue. The government thus seeks to make minor modifications to the Indictment to delete the specified charging language. The remaining charging language is more than sufficient to make out the elements of a crime, and the defendant does not argue to the contrary.

Modifications of the nature proposed by the government are appropriate and routine. See, e.g., Salinger v. United States, 272 U.S.542, 548-9 (1926) (indictment charging fraud scheme as having encompassed several distinct plans amended to charge a single plan supported by the evidence); United States v. Burnett, 582 F.2d 436, 437 (8th Cir. 1976) (indictment amended to strike one of 11 overt acts); United States v. Thomas, 398 F.2d 531 (5th Cir. 1967) (striking one paragraph of Count One (conspiracy count) and three corresponding overt acts); United States v.

Jones, 1993 WL 533186 (4th Cir., December 27, 1993) at ** 2-3 (deleting reference to drug

quantity: "[F]ederal appellate courts regularly have upheld trial court rulings that permit the

government to delete from an indictment charging a conspiracy offense superfluous factual

allegations that the evidence does not support, such as references to one of several alleged objects

of the conspiracy or to one of several overt acts alleged in furtherance of it." (footnote omitted));

United States v. Williams, 229 F. Supp. 2d 624, 629 (E.D. Tex. 2002) (deleting reference to

quantity of drugs (citing, inter alia, Salinger, supra)); United States v. Prior, 546 F.2d 1254, 1257

(5th Cir. 1977) (striking portions of indictment based on suppressed evidence: "Many cases have

held, however, that it is not an amendment of an indictment to withdraw a portion of it from the

jury's consideration, usually because of the government's inability to prove that part, and to

submit the case to the jury on what remains, provided the indictment still charges an offense and

the same offense originally contemplated by the indictment as returned." (citations omitted)).[1]

The reasoning in each of these cases is the same and compelling:  so long as the effect of the

modification is to narrow the Indictment and so long as the Indictment, as amended, sufficiently

charges the offense at issue, there is no prejudice and the government's motion to strike should

be granted.[2]

---

[1]    See generally, Wright, et al, 1 Fed. Prac. & Proc. Crim. 3d, §127 at 629 & n.15 ("[A]
portion of an indictment that the evidence does not support may be withdrawn from the jury, and
this is not an impermissible amendment, provided nothing is thereby added to the indictment, and
that the remaining allegations charge an offense." (citing cases)).

[2]    On facts roughly similar to these, the Fifth Circuit, in United States v. Thomas, supra in
text, upheld the deletion of a portion of the charging language and the corresponding overt acts,
reasoning:

> Here, as in Salinger the effect of the Court's action was to narrow,
> not widen the issues the defendant was called on to meet.  It can

The defendant's position runs contrary to settled and well-understood legal principles. Defendant cites no meaningful authority for the proposition that he should be permitted to take up time at trial to introduce testimonial and documentary evidence to rebut allegations the government no longer seeks to pursue. The government's motion should be granted.

WHEREFORE, the government requests that its Motion be Granted.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

Mark H. Dubester,
D.C. Bar No. 339655
Assistant United States Attorney
555 4th Street, NW,  Rm. 5917
Washington, D.C. 20530
(202) 514-7986

---

hardly be doubted that if, instead of moving to strike Paragraph 2 and overt acts 6, 7 and 8, the U.S. Attorney, after his proof was in, had suggested to the Court that he had offered no proof as to these matters, and the jury should be so instructed, the following of this suggestion by the Court would have been clearly permissible. The net effect is the same, in our judgment.

United States v. Thomas, 398 F.2d at 539.  This reasoning is compelling.