UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : Criminal Action No. 05-359 (RMU) |
| | : |
| JOHN E. BROWNELL | : |

### GOVERNMENT'S (A) REPLY TO DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION FOR PRETRIAL RULINGS ON 1) ADMISSIBILITY OF BUSINESS RECORDS AND 2) AUTHENTICITY OF DOUGLAS DEVELOPMENT RECORDS AND (B) OPPOSITION TO DEFENDANT'S CROSS-MOTION TO PRECLUDE USE OF LATE-DESIGNATED GOVERNMENT EXHIBITS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully replies to the Defendant's Response to Government's Motion for Pretrial Rulings on 1) Admissibility of Business Records and 2) Authenticity of Douglas Development Records. The government also respectfully opposes Defendant's Cross-Motion to Preclude Use of Late-Designated Government Exhibits.

## I. INTRODUCTION

The government has consistently sought to raise and resolve without litigation "technical" document issues with the defense, to reach stipulations where possible, to serve notice of how it intends to proceed, and otherwise to make disclosures and engage in dialogue to assure a smooth trial. Regrettably, these efforts have not been successful.

## II. AUTHENTICITY OF DDC DOCUMENTS

It is reasonable for counsel (for either side) to know whether it is necessary to contact records custodians to identify records for trial. The defense has represented in its pleading that it had informed the government that "we did not think we disputed the authenticity of the Douglas

Development *** ." Though this is far from the sort of representation that would provide sufficient assurance to the government that it does not need to call a records custodian, the government takes it from this representation that the defense does not object to authenticity. At the very least, the Court should conclude that the documents are authentic given the absence of any real opposition.

### III. ADMISSIBILITY OF BROWNELL'S FINANCIAL RECORDS

The government seeks to avoid taking up unnecessary time in front of the jury arguing relevancy as to financial records, or subsets of the records, related to the defendant. The government thus informed the defense it will move after opening statements to introduce certain records. The government did so in order that any objections to any such documents could be heard and resolved pre-trial. The government so informed the defense by way of correspondence on January 18, 2007, attached to the defendant's pleading.

The government, despite its efforts to narrow and streamline document issues, failed to receive any response, be it a request by the defense to redact specific transaction items (say, alcohol purchases), or specific relevancy or other objections to specific records from specific sources. The government thus filed its motion, in response to which the defendant has responded by objecting in a wholesale fashion to all of Brownell's financial records.

The defendant's pleading was the first time the government was made aware of the defendant's objection to all the financial records. Though the defense has stated it does not intend to interpose frivolous objections, the effect of wholesale objection to all the documents, if sustained, would ensure that any objections which could be raised pre-trial will be raised only after the jury is sworn – defendant's professed intentions to the contrary.

The reasons offered by the defendant in support of his wholesale opposition are meritless. Each of the records collections listed in the government's motion relates to Brownell's financial circumstances in the years covered by the indictment – he had numerous checking, credit and loan accounts. They are routine financial records from mainstream financial institutions (Citibank, Adams National Bank, Eagle Bank, MBNA, Potomac Valley Bank, and so forth). The records are necessary to account for the defendant's income, his deductible expenses and the movements and uses of the concealed income during the years at issue. The government provided the defendant these records close to a year ago, and the defendant filed no other motions in limine based on prejudice, nor raised any other objections to these records prior to his opposition to the government's motion. The government is unaware of any "prejudicial materials" and respectfully submits that evidence demonstrating routine purchases of alcohol (a lawful expenditure) – the only potentially prejudicial transaction item identified by the defense – is not so prejudicial as to require redaction.

The defendant's reflexive objection to <u>all</u> the records is proof positive that there is no principled objection to <u>any</u> of the records. The government requests that the Court admit the documents into evidence. If, prior to both sides resting, there are documents that are not used, not relied on, or if the defendant has identified specific materials that are prejudicial or irrelevant, the government will not object on <u>timeliness</u> grounds to a motion to redact or remove those documents from the jury's consideration. Such a pre-trial ruling will facilitate the smooth conduct of the trial..

## IV. DEFENSE COMPLAINTS ABOUT DOCUMENTS

The defendant complains of two issues: first, that the government has provided late notice of certain documents it may use; and second, that the electronic copies of the documents have been confusing. These complaints are meritless and, though tacked on to an opposition to a government motion, are absolutely unrelated to the substance of the government's motion and do not require relief.

Subsequent to the filing of the exhibit lists, in reviewing precise witness lists, anticipating summary charts, or studying the other side's proposed exhibit list, both parties have, in good faith, identified additional documents that the party believed to be potentially relevant at trial and so informed opposing counsel. For example, the defense reviewed the search warrant documents and identified documents to be pulled and copied for defendant's use at trial. Similarly, the defense, in a January 18, 2007, email, indicated that it would mark certain previously unmarked documents as trial exhibits. (These are documents that the government had <u>never</u> seen before or conceived of having relevance prior to the January 18, 2007 email.[1]) The government certainly understood the defense counsel to be acting in good faith in identifying and marking exhibits even subsequent to the January 10, 2007 submission of his exhibit list to the Court, and informing the government promptly thereafter, and did not and would not have conceived of taking the position that the filing of the exhibit lists froze trial preparation to the universe of documents contained therein – no matter what events or preparation transpired thereafter.

To the same end, the government, in preparing certain summary exhibits and in preparing for the testimony of its computer expert, has informed the defense of some supporting records it

---

[1] This email is attached as Exhibit 1.

may seek to use. Moreover, unlike some of the documents identified by the defense, the documents identified by the government were either <u>actually reviewed by or made available to the defense in discovery</u>. First, the government informed the defense that it may seek to use some search warrant documents that had not previously been marked. As noted, these are documents that have been available to the defense at its request for months and were actually reviewed by defense counsel. (In fact, the government marked with exhibit stickers certain search documents that defense counsel had reviewed and asked to have copied for potential defense use at trial.) Second, in anticipation of the expert's testimony identifying certain documents found on the network server in a Brownell "folder," the government provided the defense "pictures" or "snapshots" of the way the files were organized on the Douglas Development server. This information was likewise readily available to the defense and was provided more than two weeks prior to the testimony of the witness.[2] In short, the documents of which the defense complains are records that were either made available to or actually reviewed by counsel. There is no discovery issue here, nor can there be any suggestion of a lack of good faith (on either side).

The government does not anticipate identifying additional trial exhibits other than summary documents that are derived from other evidence to be adduced at trial. Summary charts based on the marked bank records are being prepared at this time, and of course, may be edited even at the last minute if anticipated evidence is not admitted as contemplated. These have not

---

[2] The government had offered to defense counsel a complete electronic copy of the information obtained from the Douglas Development computers. This offer was <u>not accepted</u>, possibly because defense counsel has access to these materials from counsel in the related litigation. Nonetheless, this information was made available in discovery.

yet been assigned exhibit numbers.[3] Nonetheless, even as to these documents, the government has already provided to the defense – in draft – spread sheets of various bank account, summary compilations, and tax calculations. The government expects that the defense will likewise use summary charts and spreadsheets that are as yet unmarked. (This Court has also ordered the admission of a document that does not yet have exhibit sticker on it.)[4] The government will produce an updated exhibit list prior to the hearing scheduled for Thursday, February 8, 2007.

As to the status of the electronic evidence: the government originally copied its exhibits in the "PDF" format and provided these exhibits to the defense in that format. This format did not have the "BATES" numbers that are required by the courtroom electronic system. The government has since converted the "PDFs" to the format that will be used by the courtroom system, and promptly provided to the defense several copies of the exhibits on discs in this format. The documents are readable, but the defense complains of not being able to copy the discs – though counsel can certainly print out the documents. Certainly, all documents and exhibits have been available for review.

---

[3] At the Jemal trial, for example, the tax expert's anticipated testimony and worksheets changed during the trial as certain evidence was not admitted.

[4] Moreover, the government certainly does not know of all the issues the defendant may raise, either in cross-examination of the government witnesses or its own case, and of course cannot rule out that as yet unmarked evidence may be required in response.

WHEREFORE, the government requests the government's motion be granted, and the defendant's cross-motion be denied.

Respectfully submitted,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester, D.C. Bar No. 339655
Assistant United States Attorney
555 4th Street, NW
Room 5917
Washington, D.C. 20530
(202) 514-7986