

U.S. Department of Justice

United States Attorney

District of Columbia

*Judiciary Center*
*555 Fourth St. N.W.*
*Washington, D.C. 20001*

February 8, 2007

FILED

FEB 8 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Barry Coburn, Esq.
Trout Cacheris
1350 Connecticut Avenue, NW
Washington, D.C. 20036

CR06-0077

Re:   John E. Brownell

Dear Mr. Coburn:

This letter sets forth the full and complete plea offer to your client, Mr. Brownell. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This plea offer will expire on Thursday, February 8, 2008. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

1.   **Charges:** Mr. Brownell agrees to plead guilty to Count Two of the Indictment in United States v. Brownell, Criminal Case No. 06-077 (RMU) charging a violation of Title 26, United States Code, Section 7201 (Tax Evasion). It is understood that the guilty plea will be based on a factual admission of guilt to the offense charged to be made before the Court by Mr. Brownell and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. The parties acknowledge that Mr. Brownell does not agree with every allegation set forth in the Count, but that he agrees there is a sufficient factual basis for the guilty plea. The government will move to dismiss with prejudice the remaining counts of the Indictment at sentencing.

2.   **Potential penalties, assessments, and restitution**: Mr. Brownell understands that the maximum sentence that can be imposed is 5 years imprisonment, a fine of $100,000, a $100 special assessment, a 3 year term of supervised release (18 U.S.C. §3583(b)(2)), an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Brownell understands that the sentence to be imposed in this case will be determined in accordance with 18 U.S.C. § 3553, *United States v. Booker*, and the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, (hereinafter "Sentencing Guidelines"). Mr. Brownell understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court, and the government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Brownell further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court, or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Brownell's right to appeal an unlawful sentence.

3.      **Federal Sentencing Guidelines Calculation.**  Mr. Brownell understands that the matter of the determination of the appropriate Guidelines sentence is up to the Court.  He understands that the factual determinations as to such matters as the tax loss, relevant conduct, abuse of special skill, the use of "sophisticated means" and the "acceptance of responsibility," and any other relevant Guidelines factors, remain with the Court, and that the Court will make such findings by a preponderance of the evidence.  He understands that there is no agreement between the parties as to the likely Guidelines calculation, and that the government is permitted to seek any lawful sentence up to the five year maximum permitted by statute.  He understands that the government may request an "upward departure" from the Guidelines range determined by the Court, and that his attorney may request a "downward departure" from the Guidelines range determined by the Court.  He understands that the matter of sentence is entrusted exclusively to the Court.

4.      The defendants understands that the government will seek the opportunity to present evidence concerning some of the Guidelines issues the week commencing February 12, 2007, and that the defendant's counsel takes no position concerning this request.

5.      **Financial Arrangements:**  Mr. Brownell agrees that prior to or at the time of the sentencing, he will deliver to the Clerk's Office, United States District Court, a certified check in the amount of $100.00, to cover the special assessment, as required in Title 18, United States Code, Section 3013.  Mr. Brownell also agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

6.      **Reservation of Allocution:**  The United States reserves its full right of allocution for purposes of sentencing and post-sentencing in this matter, including the right to set forth at sentencing and any proceeding(s) before the Bureau of Prisons all of its evidence with respect to the Mr. Brownell's criminal activities.  In addition, Mr. Brownell acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under Section 5K1.1 of the Sentencing Guidelines or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

7.      The United States reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement.

8.      **Government Concessions:**  In exchange for his guilty plea, the government agrees not to oppose Mr.Brownell's release pending sentencing, agrees not to oppose Mr. Brownell's voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Brownell  (a) cooperates with the presentence report writer (including answering all material questions truthfully and providing all financial information requested);  (b) cooperates fully and truthfully with the Court in any proceeding arising from this matter;  (c) complies with the other provisions of this agreement; and (d) abides by the conditions set for his release by the Court.  Also,

subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Brownell ~~in the United States District Court for the District of Columbia or the Superior Court of the District of Columbia~~ for the tax evasion scheme set forth in the Indictment or for other non-violent conduct relating to Douglas Development Corporation prior to the date of this agreement that relates to or stems from investigation leading to this and related prosecutions, including United States v. Jemal *et al.*. This agreement not to prosecute Mr. Brownell does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Brownell.

9. **Court is not bound:** Mr. Brownell understands that the Court is not obligated to follow any recommendation of the government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

10. **Breach of Agreement:** Mr. Brownell agrees that if he fails to comply with any of the provisions of this plea agreement, commits any further crimes, or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Brownell's release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Mr. Brownell will not have the right to withdraw the guilty plea; (c) Mr. Brownell shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Brownell, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this agreement.

11. **USAO's Criminal Division Bound:** Mr. Brownell understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Brownell.

12. **Complete Agreement:** No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by Mr. Brownell, Mr. Brownell's counsel and an Assistant United

3

States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Brownell may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Brownell and his counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:

MARK H. DUBESTER
Assistant United States Attorney

I have read this plea agreement and have discussed it with my attorney, Barry Coburn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense(s) identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 2/8/07

John E. Brownell
Defendant

       I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 2/8/07

_____
Barry Coburn, Esquire
Attorney for the Defendant