UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | Crim. No. 06-CR-0077 (RMU) |
| | ) | |
| **JOHN E. BROWNELL,** | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT BROWNELL'S REPLY IN SUPPORT OF
HIS MOTION FOR RECONSIDERATION OF TAX LOSS FINDINGS**

Defendant John E. Brownell, by counsel, respectfully submits this reply memorandum in support of his motion to reconsider the Court's Findings of Facts & Conclusions of Law entered on May 17, 2007.

First, Brownell concurs with the conclusion set forth in the government's opposition to the motion for reconsideration that the Sentencing Guidelines to be considered here are those that were in effect in 1999. Under those Guidelines, the base offense level for the tax loss amount of $16,993.98 discussed in Brownell's motion is 11.

Second, we note that the government's opposition does not address, much less refute, the argument that the loss calculation methodology applied to Mr. Brownell is inconsistent with, and indeed irreconcilable with, the methodology applied by the Court in calculating the tax loss for Blake Esherick. In particular, Mr. Esherick's tax loss only included amounts for years for which Mr. Esherick was convicted, and did not include any amounts based on uncharged but allegedly relevant conduct. Calculating Mr. Brownell's loss amount in a consistent manner, with reference

1

only to the one year for which he pled guilty, would result in a substantially reduced loss amount.

Third, we submit that nothing in the government's opposition overcomes the fundamental difficulty with the government's approach to tax loss in this case: its attempt to inflate the loss by reference to events that are remote in time and ambiguous in significance, in the face of unambiguous contemporaneous evidence that both Mr. Brownell and DDC's outside accountants regarded the PVB payments as loans. The government seeks to tar Mr. Brownell by reference to the 1993 memo, ignoring the multiple ambiguities in that memorandum that render its interpretation purely a matter of speculation, and also ignoring the fact that the memorandum was written years before the PVB line of credit account even existed, and does not reference or relate to the PVB payments at all.

Further, the government urges that Mr. Brownell's credit line applications are of evidentiary significance in the context of tax loss, ignoring that these applications all say different things about his income, that the amounts they specify are not in fact consistent with the government's theory, and that Mr. Brownell had an incentive to exaggerate his income on these applications because he was seeking approval of loans. We do not sanction any such action but these applications are not probative as to whether the PVB payments were or were not income.

The principal point here is that we offered irrefutable proof – proof of which the government was not even aware, though it was at least as available to them as to us – that DDC's outside accountants, principally in the person of Jack Minnis, viewed and treated the PVB payments as loans *at the time they were made*. This evidence is utterly irreconcilable with these payments having been income. Mr. Minnis had no incentive to lie and no incentive to disguise

2

income for Brownell or DDC. There is simply no evidence that begins to counter the probative force of Mr. Minnis' testimony or the contemporaneous treatment of these payments in his workpapers. Contrary to the government's contention, Mr. Wilner's testimony established that the accounting treatment of the payments in DDC's books was consistent with their status as loans. Moreover, the fact that Mr. Brownell – who is not a CPA – has accounting training and experience is irrelevant to the question of whether the PVB payments were loans. The manner is which these loans were handled was entirely consistent with the way DDC did business and its practices in making loans to other employees and entities. Hence we respectfully submit that the evidence does not support a finding that the treatment of the PVB payments as loans was an act of criminal tax evasion, to a preponderance of the evidence.

        Respectfully submitted,

        JOHN E. BROWNELL

        By Counsel:

        /s/ Barry Coburn
        Barry Coburn (D.C. Bar #358020)
        Gloria B. Solomon (D.C. Bar #358880)
        Jeffrey C. Coffman (D.C. Bar #493826)
        TROUT CACHERIS PLLC
        1350 Connecticut Avenue, N.W.
        Suite 300
        Washington, D.C. 20036

## CERTIFICATE OF SERVICE

    I hereby certify that on this 11th day of June, 2007, I served a copy of the foregoing reply memorandum, by ECF.

        /s/ Barry Coburn