**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | Crim. No. 06-CR-0077 (RMU) |
| | ) | |
| **JOHN E. BROWNELL,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**DEFENDANT BROWNELL'S MOTION**
**TO CONTINUE SENTENCING HEARING IN ORDER TO ALLOW**
**DEVELOPMENT OF THE RECORD AS TO MENTAL HEALTH EVIDENCE**

Defendant John E. Brownell, by counsel, respectfully moves this Court to continue the sentencing hearing to a future date in order to allow the record to be developed concerning mental health evidence. We acknowledge that this is an extraordinary request. Sentencing in this matter has been pending for a considerable time, it is set for a date certain, the presentence report is complete, and both parties have submitted copious sentencing memoranda. We further acknowledge that the government has a significant interest in seeing this case concluded. Nonetheless, we submit that the circumstances amply warrant an opportunity to develop the record so as to provide the Court with the opportunity to consider what may be critical mitigative evidence concerning the appropriate sentence for Mr. Brownell.

Factual Background

For most of the pendency of this case, undersigned counsel did not see anything that would have seemed to warrant a referral for a forensic psychiatric examination of Mr. Brownell. As the Court knows, Mr. Brownell is the Chief Financial Officer of Douglas Development Corporation ("DDC"). He is a highly intelligent, high-functioning professional person. He interacts successfully with numerous other professional persons in the course of any given day,

has detailed knowledge of the intricacies of virtually every complex financial transaction undertaken by DDC, and seems outwardly quite "normal," if reserved.

Nonetheless, as we prepared for sentencing, glimmers emerged of something else. As we interviewed persons who have known Mr. Brownell well and solicited letters from them in connection with his sentencing, we were struck by the characterizations of Mr. Brownell as a person of habit who engages in unusually ritualized, regimented behaviors during the course of a day, relating to such things as where he goes after work, what he eats, who he sees, and how he exercises. One restaurant owner noted that Mr. Brownell attended his restaurant every day for 128 consecutive days. Consistent with his commitment to routine, in the more than 17 years Mr. Brownell has worked at DDC as the person chiefly responsible for coordinating all of the company's financings and purchases, "the only vacation [Mr. Brownell] takes every year is to see his parents for one week in Florida, otherwise he's at the office and never takes a sick day." (July 24, 2007 Letter from Timothy Roberts included as part of Exhibit 1 to Defendant's Memorandum in Aid of Sentencing). As we learned more about how Mr. Brownell interacts with those close to him, his manner and demeanor, and the peculiarly dilapidated condition of his home, it became evident that there were issues that warranted further exploration. It emerged that one close acquaintance, in particular, had spoken (well before Mr. Brownell was charged in this case) to a friend of hers, a licensed psychologist, about Mr. Brownell, and formed the firm belief that Mr. Brownell suffers from a condition known as "Asperger's Syndrome."

As we gathered this information, some very recently, in preparation for sentencing, we concluded that it was necessary that Mr. Brownell be referred for examination. It is critical to emphasize that Mr. Brownell has approached this with the greatest reluctance. It is of overriding importance to him, and consequently to us, that we emphasize to the Court that he is by no

means seeking to deny or deflect his own personal responsibility for the criminal conduct to which he has pleaded guilty in this case. On the contrary, he wholeheartedly admits to it, without reservation, and is disinclined to do anything that could create the opposite impression. Nonetheless, it seemed critical to us, even if not entirely to our client, that the Court be provided with directly relevant mental health information if it is available. Accordingly, we prevailed upon him to be examined. It was for this reason that at the end of our presentence memorandum, we noted:

> **Further, we are exploring the possibility of presenting expert testimony at the time of sentencing, and will keep the Court and the government apprised should it appear that such testimony would aid the Court's sentencing determination.**

Defendant's Memorandum in Aid of Sentencing at 30 (emphasis added).

Mr. Brownell now has been examined by a psychiatrist based in Roslyn, New York, James B. Snyder, M.D., and a psychologist with whom he is associated, Gregory Coffey, Ph.D. Neither of these individuals was located through the use of an expert referral service or via any other lawyer. Rather, Dr. Snyder was identified through independent research as a well-known expert in Asperger's Syndrome. Following examination and testing, Dr. Snyder has concluded that Mr. Brownell suffers from this disorder. Further, he has concluded that there is a clear, identifiable nexus between much of the behavior directly at issue in this case and his diagnosis of Mr. Brownell. However, Dr. Snyder's testimony is not yet ready for the Court's consideration. In particular, there are considerably more interviews, of Mr. Brownell and others that must be conducted, as well as documents that he must review.

We have been diligent in our preparation on this issue. As soon as the predicate for Asperger's emerged, we pursued it with all deliberate speed. We very much regret asking the

Court to consider altering its schedule to permit this evidence to be presented, but we see no alternative.  To the extent Mr. Brownell's behavior is related to this disorder, it seems critical that the Court have all available information about it.  Further, the government presumably would wish time to digest this information and make use of it as it deems appropriate.

Wherefore, for the foregoing reasons, Mr. Brownell, through undersigned counsel, respectfully moves this Court to continue the sentencing hearing to a future date, at least five weeks from the submission of this motion, in order to allow the record to be developed concerning mental health evidence.

## The Court's Standing Order

We apologize to the Court for our failure to comply with paragraph 5 of the Court's Standing Order in our previously filed motion.  Our attempts to contact the government prior to filing our motion, including a phone call and an email (Exhibit 1 hereto) to Mr. Dubester, as well as a voicemail message for Mr. Lynch on August 15, 2007, were unsuccessful.  We left additional voice mail messages and an email message (Exhibit 2) for both Mr. Dubester and Mr. Lynch on August 16, 2007, following the Court's Order striking our motion.  We have not yet had a response from the government and have thus been unable to confirm the government's position on our motion, or to discuss mutually convenient alternative dates.  Late this afternoon (August 16, 2007) undersigned counsel sent an e-mail (Exhibit 3) to Mary Pat Brown, Chief of the Criminal Division of the United States Attorney's Office, informing her of the situation.  We have refiled this motion now because Mr. Brownell's sentencing is scheduled for August 23, 2007, just one week from now, and we are unsure when the government will be able to respond to us.

Other than September 11 and 12, September 28, October 25 and November 16, undersigned counsel are available on virtually any date for sentencing. In order to allow the record to be adequately developed, we request that the hearing be continued to at least five weeks from now. We commit to providing the Court with mutually agreeable dates as soon as we receive word from the government. Further, we reemphasize our regret at the need to file this motion and at the attendant disruption to the Court's schedule. We worked very hard to pursue this issue aggressively as soon as a predicate emerged for it.

Mr. Brownell does not request a hearing on this matter unless the Court deems it appropriate. A proposed Order is attached for the Court's consideration.

Respectfully submitted,

JOHN E. BROWNELL

By Counsel:

/s/ Barry Coburn_____

Barry Coburn (D.C. Bar #358020)
Gloria B. Solomon (D.C. Bar #358880)
Jeffrey C. Coffman (D.C. Bar #493826)
TROUT CACHERIS PLLC
1350 Connecticut Avenue, N.W.
Suite 300
Washington, D.C. 20036
Phone: (202) 464-3300
Fax: (202) 464-3319

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of August, 2007, I served a copy of the foregoing Defendant Brownell's Motion to Continue by ECF.

/s/ Barry Coburn_____

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) ) ) | |
| v. | ) ) | Crim. No. 06-CR-0077 (RMU) |
| **JOHN E. BROWNELL,** | ) ) ) | |
| **Defendant.** | ) ) | |

## **ORDER**

This matter came before the Court on Defendant Brownell's Motion to Continue Sentencing Hearing in Order to Allow Development of the Record as to Mental Health Evidence. Upon consideration of the motion, and for good cause shown, it is, this ___ day of _____, 2007, hereby

ORDERED, that the Motion be and hereby is GRANTED; and it is further

ORDERED, that Defendant Brownell's sentencing hearing be continued to the _____ day of _____, 2007 at _____.

_____
Ricardo M. Urbina
United States District Judge